# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

**I.(a) PLAINTIFFS**

IRAJ SAFAPOUR AND MAHVASH SAFAPOUR

**DEFENDANTS**

ALLSTATE INSURANCE COMPANY

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Marin

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:  IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Delfino Green & Green, 1010 B Street, #320, San Rafael, CA 94901; (415) 442-4646

ATTORNEYS (IF KNOWN)

Sonnenschein Nath & Rosenthal LLP, 525 Market St., 26th Floor, San Francisco, CA 94105; (415) 882-5000

**II. BASIS OF JURISDICTION** (PLACE AN "X" IN ONE BOX ONLY)

☐ 1 U.S. Government Plaintiff

☐ 2 U.S. Government Defendant

☐ 3 Federal Question (U.S. Government Not a Party)

☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** (PLACE AN "X" IN ONE BOX FOR PLAINTIFF AND ONE BOX FOR DEFENDANT)
(For diversity cases only)

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☒5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

**IV. ORIGIN** (PLACE AN "X" IN ONE BOX ONLY)

☐ Original Proceeding

☒ Removed from State Court

☐ Remanded from Appellate Court

☐ Reinstated or Reopened

☐ Transferred from Another district (specify)

☐ Multidistrict Litigation

☐ Appeal to District Judge from Magistrate Judgment

**V. NATURE OF SUIT** (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☒110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury Med Malpractice | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | ☐365 Personal Injury Product Liability | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & Slander | ☐368 Asbestos Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | ☐330 Federal Employers Liability | | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐340 Marine | **PERSONAL PROPERTY** | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐480 Consumer Credit |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth in Lending | ☐690 Other | | ☐490 Cable/Satellite TV |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | **LABOR** | **SOCIAL SECURITY** | ☐810 Selective Service |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐850 Securities/Commodities/Exchange |
| ☐195 Contract Product Liability | | | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐875 Customer Challenge 12 USC 3410 |
| ☐196 Franchise | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐891 Agricultural Acts |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐892 Economic Stabilization Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐893 Environmental Matters |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | ☐791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐894 Energy Allocation Act |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | ☐870 Taxes (US Plaintiff or Defendant | ☐895 Freedom of Information Act |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | ☐871 IRS - Third Party 26 USC 7609 | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | ☐950 Constitutionality of State Statutes |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl | ☐555 Prison Condition | | | ☐890 Other Statutory Actions |
| | ☐446 Amer w/ disab - Other | | | | |

**VI. CAUSE OF ACTION** (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

28 U.S.C. § 1441 (a). Plaintiffs and defendant are citizens and residents of different states, and each Plaintiff seeks more than $75,000.

**VII. REQUESTED IN COMPLAINT:**  ☐ CHECK IF THIS IS A CLASS ACTION UNDER F.R.C.P. 23    DEMAND $_____ CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ YES ☐ NO

**VIII. RELATED CASE(S) IF ANY**    PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

**IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)**
(PLACE AND "X" IN ONE BOX ONLY)    ☒ SAN FRANCISCO/OAKLAND    ☐ SAN JOSE

DATE

10/2/07

SIGNATURE OF ATTORNEY OF RECORD

Sonia Martin

MICHAEL BARNES (State Bar No. 121314)
SONIA MARTIN (State Bar No. 191148)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, CA 94105
Telephone: (415) 882-5000
Facsimile: (415) 882-0300
Email:    mbarnes@sonnenschein.com
          smartin@sonnenschein.com

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO/OAKLAND DIVISION

C 07 5070

| | |
|---|---|
| IRAJ SAFAPOUR and MAHVASH SAFAPOUR,<br><br>            Plaintiffs,<br><br>    vs.<br><br>ALLSTATE INSURANCE COMPANY, and Does 1-50, inclusive,<br><br>            Defendants. | No.<br><br>NOTICE OF REMOVAL OF CIVIL ACTION |

TO THE CLERK OF THE UNITED STATES DISTRICT COURT FOR THE

NORTHERN DISTRICT OF CALIFORNIA AND TO PLAINTIFFS AND THEIR

ATTORNEYS OF RECORD:

        PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. section 1441(a), defendant Allsate

Insurance Company hereby removes to this Court the action described herein and respectfully

submits the following statement of grounds for removal:

THE SUPERIOR COURT ACTION

        1.    On December 20, 2006, an action was commenced in the Superior Court of the

State of California for the County of Marin, entitled "*Safapour, et al. v. Allstate Insurance

Company, and Does 1 through 50, inclusive*," Case No. CV 065466 (the "Superior Court

Action").

In the Superior Court Action, plaintiffs Iraj and Mahvash Safapour seek damages on account of Allstate's denial of coverage for a first party property damage claim arising from a December 29, 2005 rain storm. (Complaint ("Compl."), ¶ 10.) At the time the damage occurred, Allstate insured plaintiffs under Deluxe Plus Homeowners Policy 9 04 908190. (*Id.* at ¶ 6.) Seeking special, general, and punitive damages, attorneys' fees and costs of suit, plaintiffs assert causes of action against Allstate for breach of written insurance contract and breach of the implied covenant of good faith and fair dealing.

SERVICE

2.    Allstate is informed and believes that the Summons and Complaint in the Superior Court Action were served on Allstate on or about January 3, 2007. Attached hereto as Exhibit "A" are true and correct copies of the Summons, Complaint, Answer and Case Management Statements and Orders, which Allstate believes constitute all pleadings and documents on file in the Superior Court Action.

JURISDICTION

3.    By their admission in the Complaint in the Superior Court Action, plaintiffs were, at the time of filing of the Superior Court Action, now are, and at all relevant times have been, citizens and residents of the State of California. (Compl., ¶ 1.) Defendant Allstate was, at the time of filing of the Superior Court Action, now is, and at all relevant times has been, a corporation organized and existing under the laws of the State of Illinois, with its principal places of business in the city of Northbrook, Illinois.

4.    Plaintiffs and Allstate, accordingly, are citizens and residents of different states.

AMOUNT IN CONTROVERSY

5.    Plaintiffs' original complaint failed to seek any specific amount of damages. On February 1, 2007, Allstate sent plaintiffs a First Set of Special Interrogatories pursuant to California Code of Civil Procedure section 2030. Allstate received plaintiffs' interrogatory responses on September 28, 2007. Attached hereto as Exhibit "B" is a true and correct copy of the plaintiffs' Responses to Allstate's First Set of Special Interrogatories.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

14.   According to plaintiffs' interrogatory responses, plaintiffs' claim involves more than $75,000, exclusive of costs and interest. Specifically, plaintiffs seek to recover compensation for property damage in the amount of $62,118. (Ex. B, 6-7.) Plaintiffs also seek consequential damages of approximately $1,000,000. (Ex. B, 7.) Further, plaintiffs also seek attorneys fees of at least $7,000. (Ex. B, 7.) Attorneys fees reasonably incurred to compel payment of insurance policy benefits are recoverable as an element of damages under *Brandt v. Superior Court*, 37 Cal. 3d 813 (1985), and therefore may be calculated in determining the amount of controversy in diversity cases. *Galt G/S v. JSS Scandinavia*, 142 F.3d 1150, 1155-56 (9th Cir. 1998). Finally, plaintiffs seek $200,000 in emotional distress damages. (Ex. B, 7.) As a result, plaintiffs seek compensatory damages exceeding $1.2 million.

15.   In addition, plaintiffs seek punitive damages of $1,000,000. (Ex. B, 7.) In calculating the amount in controversy, the Court must consider the punitive damages that may be recovered by a plaintiff if his claim for punitive damages should prevail. *Surber v. Reliance Nat. Indem. Co.*, 110 F. Supp. 2d 1227, 1232 (N.D. Cal. 2000).

16.   The Superior Court Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. section 1332, in that plaintiffs and Allstate are citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

17.   Pursuant to 28 U.S.C. section 1446(b), if the initial pleading does not show the case is removable, a notice of removal may be filed within thirty days after receipt by the defendant of an "order or other paper from which it may first be ascertained that the case is one which is or has become removable." Plaintiffs' Responses to Allstate's First Set of Special Interrogatories were the first documents submitted to Allstate showing that the amount in controversy for plaintiffs exceeded $75,000, as the complaint itself listed no specific damage claim at all. Allstate received plaintiffs' interrogatory responses on September 28, 2007. Accordingly, Allstate's removal is effected less than thirty days after its receipt of an "other paper from which it may first be ascertained that the case is . . . removable."

WHEREFORE, Allstate hereby gives notice that this action has been removed, in its entirety, from the Superior Court of the State of California for the County of Marin to the United

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

1  States District Court for the Northern District of California, for further proceedings as though it

2  originally had been instituted herein.

3                                          Respectfully submitted,

4  Dated: October 2, 2007                  SONNENSCHEIN NATH & ROSENTHAL LLP

5

6                                          By

7                                               SONIA MARTIN

8                                          Attorneys for Defendant
                                           ALLSTATE INSURANCE COMPANY
9
   27278535
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

**EXHIBIT A**

SUM-100

# SUMMONS
## (CITACION JUDICIAL)

**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*
ALLSTATE INSURANCE COMPANY and DOES 1 Through 50,
inclusive

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTA DEMANDANDO EL DEMANDANTE):*
IRAJ SAFAPOUR and MAHVASH SAFAPOUR

FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

FILED

DEC 2 0 2006

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Carey, Deputy

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association.

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.courtinfo.ca.gov/selfhelp/espanol), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.courtinfo.ca.gov/selfhelp/espanol) o poniéndose en contacto con la corte o el colegio de abogados locales.*

The name and address of the court is:       | CASE NUMBER:
(El nombre y dirección de la corte es):      | (Número del Caso) V 065466
Superior Court of the State of California, County of Marin
3501 Civic Center Drive
San Rafael, CA  94903

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):
William Green, DELFINO GREEN & GREEN
1010 B Street, San Rafael, CA  94901       (415) 442-4646       J. CAREY

DATE:  DEC 2 0 2006   KIM TURNER          Clerk, by _____, Deputy
(Fecha)                                   (Secretaria)              (Adjunto)

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
(Para prueba de entrega de esta citación use el formulario Proof of Service of Summons, (POS-010)).

**NOTICE TO THE PERSON SERVED:** You are served
1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):
   under: [ ] CCP 416.10 (corporation)        [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation) [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership) [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

[SEAL]

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. January 1, 2004]          SUMMONS          Code of Civil Procedure §§ 412.20, 465



1/3/07 @ 5PM



1   William Green – SBN 129816
    DELFINO GREEN & GREEN
2   1010 B Street, Suite 320
    San Rafael, CA 94901
3   Telephone: (415) 442-4646
    Facsimile: (415) 442-4802
4

**FILED**

DEC 2 0 2006

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Carey, Deputy

5   Attorneys for PLAINTIFFS, IRAJ SAFAPOUR AND MAHVASH SAFAPOUR

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9                       IN AND FOR THE COUNTY OF MARIN

10

11  IRAJ SAFAPOUR AND MAHVASH                Case No.: CV   065466
    SAFAPOUR
12                                           COMPLAINT FOR DAMAGES FOR
13      Plaintiffs                           BREACH OF CONTRACT AND
                                             BREACH OF THE IMPLIED
14                                           COVENANT OF GOOD FAITH AND
            v.                               FAIR DEALING
15
16  ALLSTATE INSURANCE COMPANY AND           DEMAND FOR JURY TRIAL
    DOES 1 Through 50, Inclusive,
17
        Defendants.
18

19

20

21

22      Plaintiffs, IRAJ SAFAPOUR AND MAHVASH SAFAPOUR, allege on information

23  and belief as follows:

24                          **GENERAL ALLEGATIONS**

25      1.      Plaintiffs, IRAJ SAFAPOUR and MAHVASH SAFAPOUR (collectively

26  hereinafter, "PLAINTIFFS"), are a married couple residing in California.

27      2.      Defendant ALLSTATE INSURANCE COMPANY ("DEFENDANT") was and

28                                           1

BY FAX

COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF
THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;
DEMAND FOR JURY TRIAL

10217385.tif - 12/20/2006 1:38:58 PM
11615261.tif - 1/3/2007 10:56:18 AM

is a corporation authorized to and transacting business in the State of California.

3.     PLAINTIFFS are ignorant of the true names and capacities of defendants sued herein as Does 1-50, inclusive, and therefore sues these defendants by such fictitious names. PLAINTIFFS will amend this complaint to allege their true names and capacities when ascertained.  PLAINTIFFS are informed and believe, and thereon allege, that each of the fictitiously named defendants is and was responsible in some manner for the occurrences herein alleged, and for the coverages herein stated, and that PLAINTIFFS' damages were proximately caused by such defendants.

4.     PLAINTIFFS are informed and believe, and thereon allege, that each defendant, including Doe defendants, was at all material times acting as an agent for each of the other defendants, and is severally and independently liable with each of those other defendants for all liabilities and causes of action set forth herein.

5.     At all material times herein, defendant and Does 1 through 50 engaged in conduct that was oppressive, fraudulent and malicious within the meaning of California Civil Code §3294, and said defendants and each of them are liable for exemplary damages in an amount to be shown at trial.

6.     At all times relevant hereto, PLAINTIFFS became and were insured under a Homeowners insurance policy issued by DEFENDANT (Policy No. 9 04 908190 09/16, hereinafter referred to as "the Policy").  PLAINTIFFS are informed and believe and thereon allege that Exhibit "A" is a true and correct copy of the Policy and is fully incorporated herein by this reference.

7.     Under the Policy, DEFENDANT promised to pay PLAINTIFFS for any loss or damage to the real property located at 95 Spring Lane, Tiburon, California 94920 (hereinafter, "Property") and to the personal property and/or destruction of Property.

8.     At all material times herein, PLAINTIFFS complied with all of the material provisions pertaining to the Policy and/or compliance was waived by DEFENDANTS.

9.     While the Policy was in full force and effect, PLAINTIFFS suffered a loss of real

2

COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF
THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;
DEMAND FOR JURY TRIAL

11615261.tif - 1/3/2007 10:56:18 AM

property and personal property, and became entitled to benefits under the terms of the Policy. Immediately following the loss, PLAINTIFFS submitted a claim for benefits under the Policy. DEFENDANTS failed and refused to provide PLAINTIFFS with the benefits to which they were/are entitled under the Policy.

      10.    The facts of PLAINTIFFS's loss are as follows: While the Policy was in full force and effect, PLAINTIFFS's home was damaged by a rain storm on or about December 29, 2005. The said rain storm was so extreme that the federal government proclaimed Marin County a national disaster area. PLAINTIFFS's personal property and real property were either damaged or destroyed. Said damage included but was not limited to damage to the exterior of the structure, damage to the interior of the structure, and damage to PLAINTIFFS furniture and antique/luxury carpets.

      11.    PLAINTIFFS immediately notified DEFENDANT of said rain storm and requested coverage under the Policy. During the course of the claims process, DEFENDANT also engaged in the following acts in breach of the Policy and the implied covenant of good faith and fair dealing:

      (1)    Refusing to reasonably pay for covered items of damaged real property claimed and reported by PLAINTIFFS;

      (2)    Refusing to reasonably pay for covered items of personal property claimed and reported by PLAINTIFFS;

      (3)    Intentionally misrepresenting the conclusions made by Meserve Associates Engineers report in order for PLAINTIFFS to falsely believe they were not entitled to coverage under the Policy;

      (4)    Misrepresenting the amount of coverage available for PLAINTIFFS' losses under the Policy;

      (5)    Falsely and without basis representing to PLAINTIFFS that PLAINTIFFS had no coverage for any of the external damage to the Property;

      (6)    Failing and refusing to communicate with PLAINTIFFS for long periods

3

11615261.tif - 1/3/2007 10:56:18 AM

of time;

(7)    Failing and refusing to provide PLAINTIFFS with alternate living accommodations during the time when their home was uninhabitable;

(8)    Forcing PLAINTIFFS to hire and pay an attorney and file suit in order to obtain benefits due her under the Policy;

(9)    Failing and refusing to timely accept liability for PLAINTIFFS' claims;

12.    To date, DEFENDANT continues to refuse to pay, in full, for the loss of items covered under the Policy and the value which is due PLAINTIFFS, including but not limited to, the exterior damage caused to the structure of the Property, the fair value of the damage incurred to the interior of the Property structure, and the fair value of the personal property damaged in said structure.

13.    As the result of the actions and omissions of DEFENDANTS and each of them, PLAINTIFFS have been improperly denied benefits together with interest thereon. PLAINTIFFS have suffered severe financial and emotional distress as a result of said denial of benefits.

## FIRST CAUSE OF ACTION

### (For Breach of Written Insurance Contract)

14.    PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 13 of this complaint as though fully set forth herein.

15.    At all relevant times, PLAINTIFFS were insured under the Policy, a written contract.

16.    While the Policy was in full force and effect, PLAINTIFFS suffered a loss in the form of personal property and real property that was damaged and/or destroyed, destruction of portions of the premises, and became entitled to receive benefits under the Policy.

17.    At all material times herein, PLAINTIFFS have complied with all the material provisions pertaining to the Policy, and/or compliance has been waived.

4

COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF
THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;
DEMAND FOR JURY TRIAL

18.   DEFENDANTS have breached their contract with PLAINTIFFS by refusing to provide PLAINTIFFS with the benefits to which they are entitled under the Policy.

19.   As a proximate result of DEFENDANTS' breach of written contract, PLAINTIFFS have suffered damage in an amount to be proven at trial, but in excess of the minimum jurisdictional limits of this Court.

## SECOND CAUSE OF ACTION

### (For Breach of The Implied Covenant of
### Good Faith And Fair Dealing)

20.   PLAINTIFFS re-allege and incorporate by reference paragraphs 1 through 19 of this complaint as though fully set forth herein.

21.   At all material times herein, DEFENDANTS and each of them owed PLAINTIFFS a duty of good faith and fair dealing.

22.   DEFENDANTS and each of them breached the covenant of good faith and fair dealing by, *inter alia*, the following:

a.   Consciously and unreasonably failing to conduct a reasonable and timely investigation;

b.   Consciously and unreasonably failing to promptly process and/or pay PLAINTIFFS' claim;

c.   Consciously and unreasonably interpreting its insurance claim forms and documents in the most restrictive manner;

d.   Consciously and unreasonably failing to acknowledge and act reasonably in response to PLAINTIFFS' communications;

e.   Consciously and unreasonably failing to affirm or deny coverage within a reasonable time;

f.   Consciously and unreasonably attempting to settle claims for an amount less than what a reasonable person would believe that the PLAINTIFFS

5

COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF
THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;
DEMAND FOR JURY TRIAL

11615261.tif - 1/3/2007 10:56:18 AM

arentitled to under the Policy;

g.     Consciously and unreasonably misrepresenting insurance laws of the State of California to the PLAINTIFFS;

h.     Consciously and unreasonably failing to settle claims promptly even though requests for certain payments were formally made in writing, which action by DEFENDANTS was to influence settlement with PLAINTIFFS under other portions of the Policy coverage at reduced values;

i.     Consciously and unreasonably failing to provide any explanation of the basis relied on in the Policy in relation to the facts or applicable law for the refusal to pay PLAINTIFFS' claims;

j.     Consciously and unreasonably failing to abide by the laws and regulation of the State of California.

23.     As a proximate result of the aforementioned acts of DEFENDANTS, PLAINTIFFS have suffered damages in an amount to be proved at trial.

24.     DEFENDANTS' conduct described herein was done with a conscious disregard of PLAINTIFFS' rights under the Policy and applicable California law such as to constitute oppression, fraud or malice within the meaning of Civil Code section 3294, entitling PLAINTIFFS to punitive damages in an amount to punish or to set an example of DEFENDANTS according to proof at trial.

WHEREFORE, PLAINTIFFS pray judgment against DEFENDANT as follows:

(1)     For general and special damages in amounts according to proof at trial;

(2)     For punitive and exemplary damages in an amount sufficient to deter such conduct in the future and punish DEFENDANTS for engaging in such conduct;

(3)     For interest at the legal rate;

6

COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING; DEMAND FOR JURY TRIAL

11615261.tif - 1/3/2007 10:56:18 AM

(4)   For attorneys' fees and costs of suit incurred herein; and

(5)   For such other and further relief that the Court may deem appropriate.

Dated: December 20, 2006

DELFINO GREEN & GREEN

By _____
WILLIAM GREEN
Attorneys for PLAINTIFFS
IRAJ SAFAPOUR and MAHVASH
SAFAPOUR

## DEMAND FOR JURY TRIAL

PLAINTIFFS, IRAJ SAFAPOUR and MAHVASH SAFAPOUR, hereby demands a jury trial in the above-referenced matter.

Dated: December 20, 2006

DELFINO GREEN & GREEN

By _____
WILLIAM GREEN
Attorneys for PLAINTIFFS
IRAJ SAFAPOUR and MAHVASH
SAFAPOUR

7

COMPLAINT FOR BREACH OF CONTRACT AND BREACH OF
THE IMPLIED COVENANT OF GOOD FAITH AND FAIR DEALING;
DEMAND FOR JURY TRIAL

11615261.tif - 1/3/2007 10:56:18 AM

**CM-010**

RECEIVED

SUPERIOR COURT

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William Green SBN#129816 <br> DELFINO GREEN & GREEN <br> 1010 B Street, Suite #320, San Rafael, CA 94901 <br> TELEPHONE NO.: 415-442-4646   FAX NO.: 415-442-4802 <br> ATTORNEY FOR (Name): Iraj Safapour and Mahvash Safapour | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Marin**
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME: County of Marin

CASE NAME:
Iraj Safapour and Mahvash Safapour v. Allstate Insurance Co., et al

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: **CV 065466** |
|---|---|---|
| ☑ Unlimited (Amount demanded exceeds $25,000) | ☐ Limited (Amount demanded is $25,000 or less) | ☐ Counter ☐ Joinder <br> Filed with first appearance by defendant (Cal. Rules of Court, rule 1811) | JUDGE: **TERRENCE R. BOREN** <br> DEPT: |

*Items 1–5 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- ☐ Auto (22)
- ☐ Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- ☐ Asbestos (04)
- ☐ Product liability (24)
- ☐ Medical malpractice (45)
- ☐ Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- ☐ Business tort/unfair business practice (07)
- ☐ Civil rights (08)
- ☐ Defamation (13)
- ☐ Fraud (16)
- ☐ Intellectual property (19)
- ☐ Professional negligence (25)
- ☐ Other non-PI/PD/WD tort (35)

**Employment**
- ☐ Wrongful termination (36)
- ☐ Other employment (15)

**Contract**
- ☑ Breach of contract/warranty (06)
- ☐ Collections (09)
- ☐ Insurance coverage (18)
- ☐ Other contract (37)

**Real Property**
- ☐ Eminent domain/inverse condemnation (14)
- ☐ Wrongful eviction (33)
- ☐ Other real property (26)

**Unlawful Detainer**
- ☐ Commercial (31)
- ☐ Residential (32)
- ☐ Drugs (38)

**Judicial Review**
- ☐ Asset forfeiture (05)
- ☐ Petition re: arbitration award (11)
- ☐ Writ of mandate (02)
- ☐ Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 1800–1812)**
- ☐ Antitrust/Trade regulation (03)
- ☐ Construction defect (10)
- ☐ Mass tort (40)
- ☐ Securities litigation (28)
- ☐ Environmental/Toxic tort (30)
- ☐ Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- ☐ Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- ☐ RICO (27)
- ☐ Other complaint (not specified above) (42)

**Miscellaneous Civil Petition**
- ☐ Partnership and corporate governance (21)
- ☐ Other petition (not specified above) (43)

2. This case ☐ is ☑ is not complex under rule 1800 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. ☐ Large number of separately represented parties
   b. ☐ Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. ☐ Substantial amount of documentary evidence
   d. ☐ Large number of witnesses
   e. ☐ Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. ☐ Substantial postjudgment judicial supervision

3. Type of remedies sought (check all that apply):
   a. ☑ monetary   b. ☐ nonmonetary; declaratory or injunctive relief   c. ☑ punitive

4. Number of causes of action (specify): 2-Breach of Written Insurance Contract and Implied Covenant of Good Faith

5. This case ☐ is ☑ is not a class action suit.

6. If there are any known related cases, file and serve a notice of related case. (You may use form CM-015.)

Date: December 20, 2006

William Green
(TYPE OR PRINT NAME)     (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 201.8.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rules.
- If this case is complex under rule 1800 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. January 1, 2006]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 201.8, 1800–1812;
Standards of Judicial Administration, § 19
www.courtinfo.ca.gov

American LegalNet, Inc.
www.USCourtForms.com

10217986.tif · 12/20/2006 1:42:34 PM.
11615260.tif · 1/3/2007 10:54:28 AM

01/03/2007 11:53 FAX 14154424802     DGG LAW
Case 4:07-cv-05070-SBA   Document 1-3   Filed 10/02/2007   Page 11 of 50
DEC-20-2006(WED) 15:21  ONE LEGAL, INC-MARIN BRANCH   (FAX)4154910434    P. 005/005

**SUPERIOR COURT OF CALIFORNIA**
County of Marin
P. O. Box 4988
San Rafael, CA 94913-4988

**FILED**

DEC 20 2006

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: J. Carey, Deputy

| | |
|---|---|
| PLAINTIFF: Safapour, et al | CASE NO. CV 065406 |
| vs. | **NOTICE OF CASE MANAGEMENT CONFERENCE (CIVIL)** |
| DEFENDANT: Allstate | |

This case is subject to the Trial Court Delay Reduction Act, Government Code § 68600 et seq., and Civil Rules of the Uniform Local Rules of the Marin County Superior Court (hereafter MCSC – Civil Rules).

Pursuant to CRC 213, this case is assigned to Judge Boren , Department B . This assignment is for all purposes.

MCSC Civil Rule 1.23 and CRC 201.7(b) and 201.9(c) requires that the Summons and Complaint, a copy of this notice, a blank Case Management Statement form, and an ADR information package be served and that Proof of Service be filed within 60 days of the filing date of this Complaint. CRC 201.7(d) requires that defendants file responsive pleadings within 30 days of service, unless the parties stipulate to an extension of not more than 15 days.

1.  IT IS ORDERED that the parties/counsel to this action shall:

    a.  Comply with the filing and service deadlines in MCSC Civil Rules 1.23 and CRC 201.7, or APPEAR IN PERSON at the Order to Show Cause hearing on the dates set forth below:

        Hearing on Failure to File Proof of Service   3/5/07   9:00 A.M.

        Hearing on Failure to Answer   4/4/07   9:00 A.M.

    b.  Appear for a Case Management Conference on   5/14/07   9:00 A.M.

2.  Telephonic appearance at Case Management Conference may be available by contacting COURT CALL, an independent vendor, not less than 5 court days before the hearing date. Parties may make arrangements by calling (888) 882-6878. This service is subject to charges by the vendor.

3.  You must be familiar with the case and be fully prepared to discuss the suitability of the case for binding or non-binding arbitration, mediation, or neutral case evaluation. Counsel must discuss ADR options with their clients prior to attending the CMC and should be prepared to discuss with the court their authority to participate in ADR.

4.  Case Management Conference Statements must be filed and served on all parties, including the Court, at least 15 calendar days before the CMC. (A $49.00 sanction will be charged for late filing of a statement.)

    Case Management Statement must be filed by 4/30/07

5.  All Law and Motion matters will be heard on the calendar of the assigned Judge. Tentative Rulings may be obtained by calling (415) 473-7545 from 2:00 p.m. to 4:30 p.m. the court day preceding the scheduled hearing.

CV008 (Rev. 1/06)                                (Formerly #310-805)

**Exhibit "A"**

# Allstate Insurance Company Deluxe Plus Homeowners Policy

**CALIFORNIA**

**Policy:** 9 04 908190 09/16

**Effective:** September 16, 2005

**Issued to:**
Iraj Safapour
& Mahvash Safapour, H & W
95 Spring Lane
Tiburon CA 94920-1516

**By your Allstate agent:**
Ghanbar Hosseini
3755 Alhambra Ave #1
Martinez CA 94553

95 Spring



Allstate Insurance Company
The Company Named in the Policy Declarations
A Stock Company—Home Office: Northbrook, Illinois 60062

PROP *610000406060257004949410*

AP337

11615261.tif - 1/3/2007 10:56:18 AM

## Table of Contents

### General
Definitions Used In This Policy ..............................2
Insuring Agreement ...............................................3
Agreements We Make With You .............................4
Conformity To State Statutes ................................4
Coverage Changes ...............................................4
Policy Transfer .....................................................4
Continued Coverage After Your Death ..................4
Cancellation .........................................................4
Concealment Or Fraud .........................................5

### Section I— Your Property

#### Coverage A
Dwelling Protection
Property We Cover Under Coverage A ...................5
Property We Do Not Cover Under Coverage A ......5

#### Coverage B
Other Structures Protection
Property We Cover Under Coverage B ...................5
Property We Do Not Cover Under Coverage B .......5
Losses We Cover Under Coverages A and B .........5
Losses We Do Not Cover Under
  Coverages A and B ...........................................6

#### Coverage C
Personal Property Protection
Property We Cover Under Coverage C ...................8
Limitations On Certain Personal Property ..............8
Property We Do Not Cover Under Coverage C.......9
Losses We Cover Under Coverage C .....................9
Losses We Do Not Cover Under Coverage C ........10

### Additional Protection
Additional Living Expense ...................................12
Credit Card, Bank Fund Transfer Card,
  Check Forgery and Counterfeit Money .............12
Debris Removal ..................................................13
Emergency Removal Of Property ........................13
Fire Department Charges ....................................13
Temporary Repairs After A Loss .........................13
Trees, Shrubs, Plants and Lawns .......................13
Temperature Change ..........................................13
Power Interruption ..............................................13
Building Codes ...................................................14
Arson Reward .....................................................14
Collapse .............................................................14
Land ..................................................................14

Lock Replacement ..............................................14

### Section I Conditions
Deductible ..........................................................14
Insurable Interest and Our Liability .....................14
What You Must Do After A Loss ..........................15
Our Settlement Options ......................................15
How We Pay For A Loss ......................................15
Our Settlement Of Loss ......................................17
Appraisal ...........................................................17
Abandoned Property ...........................................17
Permission Granted To You .................................18
Our Rights To Recover Payment .........................18
Our Rights To Obtain Salvage ............................18
Suit Against Us ..................................................18
Loss To A Pair Or Set .........................................18
Glass Replacement .............................................18
No Benefit To Bailee ...........................................18
Other Insurance .................................................18
Property Insurance Adjustment ...........................18
Mortgagee ..........................................................19

### Section II— Family Liability and
### Guest Medical Protection

#### Coverage X
Family Liability Protection
Losses We Cover Under Coverage X ....................19
Losses We Do Not Cover Under Coverage X ........19

#### Coverage Y
Guest Medical Protection
Losses We Cover Under Coverage Y .....................21
Losses We Do Not Cover Under Coverage Y ........21

### Additional Protection
Claim Expenses ..................................................23
Emergency First Aid ...........................................23
Damage To Property Of Others ...........................23

### Section II Conditions
What You Must Do After An Accidental Loss ........23
What An Injured Person Must Do — Coverage Y —
  Guest Medical Protection .................................24
Our Payment of Loss — Coverage Y —
  Guest Medical Protection .................................24
Our Limits Of Liability .........................................24
Bankruptcy .........................................................24

11615261.tif - 1/3/2007 10:56:18 AM

Our Rights To Recover Payment — Coverage X —
    Family Liability Protection ................................ 24
Suit Against Us ................................................. 24
Other Insurance — Coverage X
    Family Liability Protection ............................... 24

### *Section III — Optional Protection*

#### *Optional Coverages You May Buy*
Coverage BP
Increase Coverage On Business Property ............ 24
Coverage DP
Increased Coverage On Electronic
    Data Processing Equipment ........................... 24
Coverage F
Fire Department Charges ................................... 25
Coverage G
Loss Assessments ............................................ 25
Coverage J
Extended Coverage On Jewelry, Watches
    and Furs ....................................................... 25
Coverage K
Incidental Office, Private School Or Studio .......... 26
Coverage M
Increased Coverage On Money ........................... 26
Coverage P
Business Pursuits ............................................. 26
Coverage S
Increased Coverage On Securities ...................... 27
Coverage SD
Satellite Dish Antenna Systems ......................... 27
Coverage SE
Portable Cellular Communication Systems .......... 27
Coverage ST
Increased Coverage On Theft Of Silverware ........ 27

### *Definitions Used In This Policy*

1. **"You"** or **"your"** — means the person named on the Policy Declarations as the insured and that person's resident spouse.

2. **"Allstate," "we," "us," or "our"** — means the company named on the Policy Declarations.

3. **"Insured person(s)"** — means you and, if a resident of your household:
   a) any relative; and
   b) any dependent person in your care.

Under **Coverage X** — **Family Liability Protection** and **Coverage Y** — **Guest Medical Protection, "insured person"** also means:
c) any person or organization legally responsible for loss caused by animals or watercraft covered by this policy which are owned by an insured person. We do not cover any person or organization using or having custody of animals or watercraft in any business, or without permission of the owner.
d) with respect to the use of any vehicle covered by this policy, any person while engaged in the employment of an insured person.

4. **"Bodily injury"** — means physical harm to the body, including sickness or disease, and resulting death, except that bodily injury does not include:
   a) any venereal disease;
   b) Herpes;
   c) Acquired Immune Deficiency Syndrome (AIDS);
   d) AIDS Related Complex (ARC);
   e) Human Immunodeficiency Virus (HIV);

or any resulting symptom, effect, condition, disease or illness related to (a) through (e) listed above.

Under **Coverage Y** — **Guest Medical Protection, bodily injury** means physical harm to the body, including sickness or disease, except that bodily injury does not include:
   a) any venereal disease;
   b) Herpes;
   c) Acquired Immune Deficiency Syndrome (AIDS);
   d) AIDS Related Complex (ARC);
   e) Human Immunodeficiency Virus (HIV);

or any resulting symptom, effect, condition, disease or illness related to (a) through (e) listed above.

5. **"Building structure"** — means a structure with walls and a roof.

PROP *8100004060502570049434111*


6. **"Business"** — means:
   a) any full or part-time activity of any kind engaged in for economic gain including the use of any part of any premises for such purposes. The providing of home day care services to other than an **insured person** or relative of an **insured person** for economic gain is also a **business**.

   However, the mutual exchange of home day care services is not considered a **business**;
   b) any property rented or held for rental by an **insured person**. Rental of **your residence premises** is not considered a **business** when:
      1) it is rented occasionally for residential purposes;
      2) a portion is rented to not more than two roomers or boarders; or
      3) a portion is rented as a private garage.

7. **"Residence premises"** — means the dwelling, other structures and land located at the address stated on the Policy Declarations.

8. **"Insured premises"** — means:
   a) the **residence premises**; and
   b) under **Section II** only:
      1) the part of any other premises, other structures and grounds used by **you** as a residence. This includes premises, structures and grounds **you** acquired for **your** use as a private residence while this policy is in effect;
      2) any part of a premises not owned by an **insured person** but where an **insured person** is temporarily living;
      3) cemetery plots or burial vaults owned by an **insured person**;
      4) vacant land, other than farmland, owned by or rented to an **insured person**;
      5) land owned by or rented to an **insured person** where a one, two, three or four family dwelling is being built as that person's residence;
      6) any premises used by an **insured person** in connection with the **residence premises**;

   7) any part of a premises occasionally rented to an **insured person** for other than business purposes.

9. **"Occurrence"** — means an accident, including continuous or repeated exposure to substantially the same general harmful conditions during the policy period, resulting in bodily injury or property damage.

10. **"Property damage"** — means physical injury to or destruction of tangible property, including loss of its use resulting from such physical injury or destruction.

11. **"Residence employee"** — means an employee of an **insured person** while performing duties arising out of and in the course of employment in connection with the maintenance or use of **your residence premises**. This includes similar duties performed elsewhere for an **insured person**, not in connection with the business of an **insured person**.

12. **"Dwelling"** — means a one, two, three or four family building structure, identified as the insured property on the Policy Declarations, where **you** reside and which is principally used as a private residence.

## Insuring Agreement

In reliance on the information **you** have given us, Allstate agrees to provide the coverages indicated on the Policy Declarations. In return, **you** must pay the premium when due and comply with the policy terms and conditions, and inform us of any change in title, use or occupancy of the **residence premises**.

Subject to the terms of this policy, the Policy Declarations shows the location of the **residence premises**, applicable coverages, limits of liability and premiums. The policy applies only to losses or occurrences that take place during the policy period. The policy period is shown on the Policy Declarations. This policy is not complete without the Policy Declarations.

The terms of this policy impose joint obligations on the person named on the Policy Declarations as the insured and on that person's resident spouse. These

**Page 3**

persons are defined as you or your. This means that the responsibilities, acts and omissions of a person defined as you or your will be binding upon any other person defined as you or your.

The terms of this policy impose joint obligations on persons defined as an insured person. This means that the responsibilities, acts and failures to act of a person defined as an insured person will be binding upon another person defined as an insured person.

## Agreements We Make With You
We make the following agreements with you:

## Conformity to State Statutes
When the policy provisions conflict with the statutes of the state in which the residence premises is located, the provisions are amended to conform to such statutes.

## Coverage Changes
When Allstate broadens coverage during the premium period without charge, you have the new features if you have the coverage to which they apply. Otherwise, the policy can be changed only by endorsement.

The coverage provided and the premium for the policy is based on information you have given us. You agree to cooperate with us in determining if this information is correct and complete. You agree that if this information changes, is incorrect or incomplete, we may adjust your coverage and premium accordingly during the policy period.

Any calculation of your premium or changes in your coverage will be made using the rules, rates and forms on file, if required, for our use in your state. The rates in effect at the beginning of your current premium period will be used to calculate any change in your premium.

## Policy Transfer
You may not transfer this policy to another person without our written consent.

## Continued Coverage After Your Death
If you die, coverage will continue until the end of the premium period for:
1) your legal representative while acting as such, but only with respect to the residence premises

and property covered under this policy on the date of your death.
2) an insured person, and any person having proper temporary custody of your property until a legal representative is appointed and qualified.

## Cancellation
Your Right to Cancel:
You may cancel this policy by notifying us of the future date you wish to stop coverage.

Our Right to Cancel:
Allstate may cancel this policy by mailing notice to you at the mailing address shown on the Policy Declarations. When this policy has been in effect for less than 60 days, and it is not a renewal with us, we may cancel this policy for any reason by giving you at least 10 days notice before the cancellation takes effect.

When the policy has been in effect for 60 days or more, or if it is a renewal with us, we may cancel this policy for one or more of the following reasons:
1) non-payment of premium;
2) the policy was obtained by misrepresentation, fraud or concealment of material facts;
3) material misrepresentation, fraud or concealment of material fact in presenting a claim, or violation of any of the policy terms; or
4) there has been a substantial change or increase in hazard in the risk we originally accepted.

If the cancellation is for non-payment of premium, we will give you at least 10 days notice. If the cancellation is for any of the other reasons, we will give you at least 30 days notice.

Our mailing the notice of cancellation to you will be deemed proof of notice. Coverage under this policy will terminate on the effective date and hour stated on the cancellation notice. Your return premium, if any, will be calculated on a pro rata basis and refunded at the time of cancellation or as soon as possible. However, refund of unearned premium is not a condition of cancellation.

Our Right Not to Renew or Continue:
Allstate has the right not to renew or continue the policy beyond the current premium period. If we do not intend to continue or renew the policy, we will mail you notice at least 30 days before the end of the

PROP *610000406050257004043412*

Page 4

premium period. Our mailing the notice of nonrenewal to you will be deemed proof of notice.

## Concealment Or Fraud

This policy is void if it was obtained by misrepresentation, fraud or concealment of material facts. If it is determined that this policy is void, all premiums paid will be returned to you since there has been no coverage under this policy.

We do not cover any loss or occurrence in which any insured person has concealed or misrepresented any material fact or circumstance.

# Section I — Your Property

## Coverage A
## Dwelling Protection

### Property We Cover Under Coverage A:

1. Your dwelling including attached structures. Structures connected to your dwelling by only a fence, utility line, or similar connection are not considered attached structures.

2. Construction materials and supplies at the residence premises for use in connection with your dwelling.

3. Wall-to-wall carpeting fastened to your dwelling.

### Property We Do Not Cover Under Coverage A:

1. Any structure including fences or other property covered under Coverage B — Other Structures Protection.

2. Land, except as specifically provided in Section I — Additional Protection under item 13, "Land."

3. Satellite dish antennas and their systems, whether or not attached to your dwelling.

## Coverage B
## Other Structures Protection

### Property We Cover Under Coverage B:

1. Structures at the address shown on the Policy Declarations separated from your dwelling by clear space.

2. Structures attached to your dwelling by only a fence, utility line, or similar connection.

3. Construction materials and supplies at the address of the residence premises for use in connection with structures other than your dwelling.

4. Wall-to-wall carpeting fastened to other building structures.

### Property We Do Not Cover Under Coverage B:

1. Structures used in whole or in part for business purposes.

2. Any structure or other property covered under Coverage A — Dwelling Protection.

3. Land, no matter where located, or the replacement, rebuilding, restoration, stabilization or value of any such land.

4. Construction materials and supplies at the address of the residence premises for use in connection with the dwelling.

5. Satellite dish antennas and their systems, whether or not attached to building structures.

### Losses We Cover Under Coverages A and B:

We will cover sudden and accidental direct physical loss to property described in Coverage A — Dwelling Protection and Coverage B — Other Structures Protection except as limited or excluded in this policy.

**Page 5**

## Losses We Do Not Cover Under Coverages A and B:

We do not cover loss to the property described in **Coverage A—Dwelling Protection or Coverage B —Other Structures Protection** consisting of or caused by:

1. Flood, including, but not limited to, surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.

2. Water or any other substance that backs up through sewers or drains.

3. Water or any other substance that overflows from a sump pump, sump pump well or other system designed for the removal of subsurface water which is drained from a foundation area of a structure.

4. Water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the **residence premises**.

   We do cover sudden and accidental direct physical loss caused by fire, explosion or theft resulting from items 1 through 4 listed above.

5. Earth movement of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water.

   We do cover sudden and accidental direct physical loss caused by fire, explosion, theft or breakage of glass or safety glazing materials resulting from earth movement.

6. Enforcement of any building codes, ordinances or laws regulating the construction, reconstruction, maintenance, repair, placement or demolition of any building structure or other land at the **residence premises**, except as specifically provided in **Section I, Additional Protection** under item 10, — "Building Codes".

   We do cover sudden and accidental direct physical loss caused by actions of civil authority to prevent the spread of fire.

7. The failure by any **insured person** to take all reasonable steps to preserve property when the property is endangered by a cause of loss we cover.

8. Any substantial change or increase in hazard, if changed or increased by any means within the control or knowledge of an **insured person**.

9. Intentional or criminal acts of or at the direction of any **insured person**, if the loss that occurs:
   a) may be reasonably expected to result from such acts; or
   b) is the intended result of such acts.

   This exclusion applies regardless of whether or not the **insured person** is actually charged with, or convicted of a crime.

10. Nuclear action, meaning nuclear reaction, discharge, radiation or radioactive contamination or any consequence of any of these. Loss caused by nuclear action is not considered loss by fire, explosion or smoke.

    We do cover sudden and accidental direct physical loss by fire resulting from nuclear action.

11. War or warlike acts, including but not limited to, insurrection, rebellion or revolution.

12. Collapse, except as specifically provided in **Section I—Additional Protection** under item 12, "Collapse."

13. Soil conditions, including but not limited to, corrosive action, chemicals, compounds, elements, suspensions, crystal formations or gels in the soil.

14. Vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants.



In addition, we do not cover loss consisting of or caused by any of the following:

15. a) wear and tear, aging, marring, scratching, deterioration, inherent vice, or latent defect;
    b) mechanical breakdown;
    c) growth of trees, shrubs, plants or lawns whether or not such growth is above or below the surface of the ground;
    d) rust or other corrosion, mold, wet or dry rot;
    e) contamination, including, but not limited to the presence of toxic, noxious, or hazardous gasses, chemicals, liquids, solids or other substances at the residence premises or in the air, land or water serving the residence premises;
    f) smog, smoke from the manufacturing of any controlled substance, agricultural smudging and industrial operations;
    g) settling; cracking; shrinking; bulging or expansion of pavements, patios, foundations, walls, floors, roofs or ceilings;
    h) insects, rodents, birds or domestic animals. We do cover the breakage of glass or safety glazing materials caused by birds; or
    i) seizure by government authority.

    If any of (a) through (h) cause the sudden and accidental escape of water or steam from a plumbing, heating or air conditioning system, household appliance or fire protective sprinkler system within your dwelling, we cover the direct physical damage caused by the water or steam. If loss to covered property is caused by water or steam not otherwise excluded, we will cover the cost of tearing out and replacing any part of your dwelling necessary to repair the system or appliance. This does not include damage to the defective system or appliance from which the water escaped.

16. Freezing of plumbing, fire protective sprinkler systems, heating or air conditioning systems or household appliances, or discharge, leakage or overflow from within the systems or appliances caused by freezing, while the building structure is vacant, unoccupied or being constructed unless you have used reasonable care to:
    a) maintain heat in the building structure; or

    b) shut off the water supply and drain the system and appliances.

17. Freezing, thawing, pressure or weight of water or ice, whether driven by wind or not. This exclusion applies only to fences, pavements, patios, swimming pools, foundations, retaining walls, bulkheads, piers, wharves or docks.

18. Seepage, meaning continuous or repeated seepage or leakage over a period of weeks, months, or years, of water, steam or fuel:
    a) from a plumbing, heating, air conditioning or automatic fire protection system or from within a domestic appliance; or
    b) from, within or around any plumbing fixtures, including, but not limited to shower stalls; shower baths; tub installations, sinks or other fixtures designed for the use of water or steam.

19. Theft from your residence premises while your dwelling is under construction, or of materials and supplies for use in construction, until your dwelling is completed and occupied.

20. Vandalism or Malicious Mischief if your dwelling is vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. A dwelling under construction is not considered vacant or unoccupied.

21. Weather Conditions that contribute in any way with a cause of loss excluded in this section to produce a loss.

22. Planning, Construction or Maintenance, meaning faulty, inadequate or defective:
    a) planning, zoning, development, surveying, siting;
    b) design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
    c) materials used in repair, construction, renovation or remodeling; or
    d) maintenance;

    of property whether on or off the residence premises by any person or organization.

Page 7

23. We do not cover loss to covered property described in **Coverage A — Dwelling Protection** or **Coverage B — Other Structures Protection** when:
    a) there are two or more causes of loss to the covered property; and
    b) the predominant cause(s) of loss is (are) excluded under **Losses We Do Not Cover**, items 1 through 22 above.

## Coverage C
## Personal Property Protection

### Property We Cover Under Coverage C:

1. Personal property owned or used by an insured person anywhere in the world. When personal property is located at a residence other than the **residence premises**, coverage is limited to 10% of **Coverage C — Personal Property Protection**. This limitation does not apply to personal property in a newly acquired principal residence for the 30 days immediately after you begin to move property there or to personal property in student dormitory, fraternity or sorority housing.

2. At your option, personal property owned by a guest or **residence employee** while the property is in a residence you are occupying.

### Limitations On Certain Personal Property:

Limitations apply to the following groups of personal property. If personal property can reasonably be considered a part of two or more of the groups listed below, the lowest limit will apply. These limitations do not increase the amount of insurance under **Coverage C — Personal Property Protection**. The total amount of coverage for each group in any one loss is as follows:

1. $ 200 — Money, bullion, bank notes, coins and other numismatic property.

2. $ 200 — Property used or intended for use in a **business** while the property is away from the **residence premises**. This does not include electronic data processing equipment or the recording or storage media used with that equipment.

3. $ 2,000 — Property used or intended for use in a **business**, including property held as samples or for sale or delivery after sale, while the property is on the **residence premises**. This does not include electronic data processing equipment or the recording or storage media used with that equipment.

4. $ 1,000 — Trading cards, subject to a maximum amount of $250 per item.

5. $ 1,000 — Accounts, bills, deeds, evidences of debt, letters of credit, notes other than bank notes, passports, securities, tickets, and stamps, including philatelic property.

6. $ 1,000 — Manuscripts, including documents stored on electronic media.

7. $ 2,000 — Watercraft, including their attached or unattached trailers, furnishings, equipment, parts and motors.

8. $ 1,000 — Trailers not used with watercraft.

9. $ 2,500 — Theft of jewelry, watches, precious and semi-precious stones, gold other than goldware, silver other than silverware, platinum and furs, including any item containing fur which represents its principal value; subject to a maximum amount of $1,000 per item.

10. $ 2,000 — Any motorized land vehicle parts, equipment or accessories not attached to or located in or upon any motorized land vehicle.

11. $ 3,000 — Theft of firearms.

12. $ 2,500 — Theft of silverware, pewterware and goldware.

PROP *81000040605025700404341*

11615261.tif - 1/3/2007 10:56:18 AM

13. $ 5,000 — Electronic data processing equipment and the recording or storage media used with that equipment whether or not the equipment is used in a business. Recording or storage media will be covered only up to:
   a) the retail value of the media, if pre-programmed; or
   b) or the retail value of the media in blank or unexposed form, if blank or self-programmed.

14. $10,000 — Theft of rugs, including, but not limited to, any handwoven silk or wool rug, carpet, tapestry, wallhanging or other similar article whose principal value is determined by its color, design, quality of wool or silk, quality of weaving, condition or age; subject to a maximum amount of $2,500 per item.

## Property We Do Not Cover Under Coverage C:

1. Personal property specifically described and insured by this or any other insurance.

2. Animals.

3. Motorized land vehicles, including, but not limited to any land vehicle powered or assisted by a motor or engine. We do not cover any motorized land vehicle parts, equipment or accessories attached to or located in or upon any motorized land vehicle. We do cover motorized land vehicles designed for assisting the handicapped or used solely for the service of the insured premises and not licensed for use on public roads.

4. Aircraft and aircraft parts. This does not include model or hobby craft not designed to carry people or cargo.

5. Property of roomers, boarders, tenants not related to an insured person.

6. Property located away from the residence premises and rented or held for rental to others.

7. Any device, cellular communication system, radar signal reception system, accessory or antenna designed for reproducing, detecting, receiving, transmitting, recording or playing back data, sound or picture which may be powered by electricity from a motorized land vehicle or watercraft and while in or upon a motorized land vehicle or watercraft.

8. Satellite dish antennas and their systems.

## Losses We Cover Under Coverage C:

We will cover sudden and accidental direct physical loss to the property described in **Coverage C — Personal Property Protection**, except as limited or excluded in this policy, caused by:

1. Fire or Lightning.

2. Windstorm or Hail.

   We do not cover:
   a) loss to covered property inside a building structure, caused by rain, snow, sleet, sand or dust unless the wind or hail first damages the roof or walls and the wind forces rain, snow, sleet, sand or dust through the damaged roof or wall;
   b) loss to watercraft and their trailers, furnishings, equipment and motors unless inside a fully enclosed building structure. However, we do cover canoes and rowboats on the residence premises.

3. Explosion.

4. Riot or Civil Commotion, including pillage and looting during, and at the site of, the riot or civil commotion.

5. Aircraft, including self-propelled missiles and spacecraft.

6. Vehicles.

7. Smoke.

Page 9

We do not cover loss caused by smoke from the manufacturing of controlled substances, agricultural smudging or industrial operations.

8. Vandalism and Malicious Mischief.

We do not cover vandalism or malicious mischief if your dwelling has been vacant or unoccupied for more than 30 consecutive days immediately prior to the vandalism or malicious mischief. A dwelling under construction is not considered vacant or unoccupied.

9. Falling objects.

We do not cover loss to personal property inside a building structure unless the falling object first damages the exterior walls or roof of the building structure.

10. Weight of ice, snow or sleet which causes damage to personal property in a building structure, but only if the building structure is damaged due to the weight of ice, snow or sleet.

11. Increase or decrease of artificially generated electrical current to electrical appliances, fixtures and wiring.

12. Bulging, burning, cracking or rupture of a steam or hot water heating system, an air conditioning system, an automatic fire protection system or an appliance for heating water.

13. Water or steam that escapes from a plumbing, heating or air conditioning system, an automatic fire protection system, or from a household appliance due to accidental discharge or overflow.

We do not cover loss to the system or appliance from which the water or steam escapes, or loss from water which backs up through sewers or drains or overflows from a sump pump, sump pump well or other system designed for the removal of subsurface water which is drained from a foundation area of a structure.

14. Freezing of a plumbing, heating or air conditioning system or a household appliance.

We do not cover loss at the residence premises under perils (12), (13), and (14) caused by or resulting from freezing while the building structure is vacant, unoccupied or under construction unless you have used reasonable care to:
a) maintain heat in the building structure; or
b) shut off the water supply and drain the water from the systems and appliances.

15. Theft, or attempted theft, including disappearance of property from a known place when it is likely that a theft has occurred. Any theft must be promptly reported to the police.

We do not cover:
a) theft or attempted theft committed by an insured person;
b) theft in or from the residence premises while under construction or of materials and supplies for use in construction, until the dwelling is completed and occupied;
c) theft of any property while at any other residence owned, rented to or occupied by an insured person unless the insured person is temporarily residing there;
d) theft of trailers, campers, watercraft, including furnishings, equipment and outboard motors, away from the residence premises;
e) theft from that part of the residence premises rented by you to other than an insured person.

16. Breakage of glass, meaning damage to covered personal property caused by breakage of glass constituting a part of any building structure on the residence premises. This does not include damage to the glass.

## Losses We Do Not Cover Under Coverage C:

We do not cover loss to the property described in Coverage C — Personal Property Protection caused by or consisting of:
1. Flood, including, but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.

PROP *6100004060502570049434415*


11615261.tif - 1/3/2007 10:56:18 AM

2.  Water or any other substance that backs up through sewers or drains.

3.  Water or any other substance that overflows from a sump pump, sump pump well or other system designed for the removal of subsurface water which is drained from a foundation area of a structure.

4.  Water or any other substance on or below the surface of the ground, regardless of its source. This includes water or any other substance which exerts pressure on, or flows, seeps or leaks through any part of the **residence premises**.

    **We do cover** sudden and accidental direct physical loss caused by fire, explosion or theft resulting from items 1 through 4 listed above.

5.  Earth movement of any type, including, but not limited to earthquake, volcanic eruption, lava flow, landslide, subsidence, mudflow, pressure, sinkhole, erosion, or the sinking, rising, shifting, creeping, expanding, bulging, cracking, settling or contracting of the earth. This exclusion applies whether or not the earth movement is combined with water.

    **We do cover** sudden and accidental direct physical loss caused by fire, explosion, theft or breakage of glass or safety glazing materials resulting from earth movement.

6.  Enforcement of any building codes, ordinances or laws regulating the construction, reconstruction, maintenance, repair, placement or demolition of any building structure or other structure at the **residence premises**, except as specifically provided in Section I, Additional Protection under item 10 — "Building Codes."

    **We do cover** sudden and accidental direct physical loss to covered property caused by actions of civil authority to prevent the spread of fire.

7.  The failure by any **insured person** to take all reasonable steps to save and preserve property

when the property is endangered by a cause of loss we cover.

8.  Any substantial change or increase in hazard, if changed or increased by any means within the control or knowledge of an **insured person**.

9.  Intentional or criminal acts of or at the direction of any **insured person**, if the loss that occurs:
    a)  may be reasonably expected to result from such acts; or
    b)  is the intended result of such acts.

    This exclusion applies regardless of whether or not the **insured person** is actually charged with or convicted of a crime.

10. Nuclear action, meaning nuclear reaction, discharge, radiation or radioactive contamination, or any consequence of any of these. Loss caused by nuclear action is not considered loss by fire, explosion or smoke.

    **We do cover** sudden and accidental direct physical loss by fire resulting from nuclear action.

11. Vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants.

12. War or warlike acts, including, but not limited to insurrection, rebellion or revolution.

13. Weather Conditions that contribute in any way with a cause of loss excluded in this section to produce a loss.

14. Planning, Construction or Maintenance, meaning faulty, inadequate or defective:
    a)  planning, zoning, development, surveying, siting;
    b)  design, specifications, workmanship, repair, construction, renovation, remodeling, grading, compaction;
    c)  materials used in repair, construction, renovation or remodeling; or
    d)  maintenance

**Page 11**

of property whether on or off the residence premises by any person or organization.

15. We do not cover loss to covered property described in **Coverage C — Personal Property Protection** when:
    a) there are two or more causes of loss to the covered property; and
    b) the predominant cause(s) of loss is (are) excluded under **Losses We Do Not Cover,** items 1 through 14 above.

## Additional Protection

1. **Additional Living Expense**
   a) We will pay the reasonable increase in living expenses necessary to maintain your normal standard of living when a direct physical loss we cover makes your **residence premises** uninhabitable.

   Payment for covered additional living expense will be limited to the least of the following:
   1) the time period required to repair or replace the property we cover, using due diligence and dispatch; or
   2) if you permanently relocate, the shortest time for your household to settle elsewhere;
   3) 12 months.
   b) We will pay your lost fair rental income resulting from a covered loss; less charges and expenses which do not continue, when a loss we cover makes the part of the **residence premises you** rent to others, or hold for rental, uninhabitable. We will pay for lost fair rental income for the shortest time required to repair or replace the part rented or held for rental but not to exceed 12 months.
   c) We will pay the reasonable and necessary increase in living expenses and the lost fair rental income for up to two weeks should civil authorities prohibit the use of the **residence premises** due to a loss at a neighboring premises caused by a peril we insure against.

These periods of time are not limited by the termination of this policy.

We do not cover any lost income or expense due to the cancellation of a lease or agreement.

No deductible applies to this protection.

2. **Credit Card, Bank Fund Transfer Card, Check Forgery and Counterfeit Money**
   We will pay for loss:
   a) that an **insured person** is legally required to pay for the unauthorized use of any credit card or bank fund transfer card issued to or registered in the name of an **insured person;**
   b) caused by forgery or alteration of a check or negotiable instrument made or drawn upon an **insured person's** account;
   c) to an **insured person** through acceptance in good faith of counterfeit United States or Canadian paper currency.

   Our maximum limit of liability for any one loss is $1,000. All loss due to forgery or unauthorized use by or involving any one person is considered one loss.

   We do not cover:
   a) loss arising from any business of an **insured person;**
   b) loss caused by or at the direction of an **insured person** or any other person who has been entrusted with any credit card or bank fund transfer card;
   c) loss arising out of dishonesty of an **insured person.**

   When loss is discovered, the **insured person** must give us immediate written notice. If the loss involves a credit card, charge plate or bank fund transfer card, the **insured person** must also give immediate written notice to the company or bank that issued the card or plate. Failure to comply with the terms and conditions of the card or plate voids this protection.

   We will pay only for loss occurring during the policy period, including those losses discovered and reported to us within one year after the

PROP *61000040605025700494S418*



11615261.tif - 1/3/2007 10:56:18 AM

policy has terminated. We have the right to investigate and settle any claim or suit as we deem appropriate. Full payment of the amount of insurance for any one loss ends our obligation under each claim or suit arising from the loss.

We will defend any suit brought against an insured person for the enforcement of payment covered under paragraph 2(a) of this protection. The defense will be at our expense, with counsel of our choice.

We have the option to defend an insured person or the insured person's bank against a suit for the enforcement of payment covered under paragraph 2(b) of this protection. The defense will be at our expense, with counsel of our choice.

No deductible applies to this protection.

3. **Debris Removal**
We will pay reasonable expenses you incur to remove debris of covered property damaged by a loss we cover. If the loss to the covered property and the cost of debris removal are more than the limit of liability shown on the Policy Declarations for the covered property, we will pay up to an additional 5% of that limit for debris removal.

4. **Emergency Removal Of Property**
We will pay for sudden and accidental direct physical loss to covered property from any cause while removed from a premises because of danger from a loss we cover. Protection is limited to a 30-day period from date of removal. This protection does not increase the limit of liability that applies to the covered property.

5. **Fire Department Charges**
We will pay up to $500 for service charges made by fire departments called to protect your property from a loss we cover at the **residence premises**. No deductible applies to this protection.

6. **Temporary Repairs After A Loss**
We will reimburse you up to $5,000 for the reasonable and necessary cost you incur for temporary repairs to protect covered property from further imminent covered loss following a loss we cover. This coverage does not increase the limit of liability applying to the property being repaired.

7. **Trees, Shrubs, Plants and Lawns**
We will pay up to an additional 5% of the limit of liability shown on the Policy Declarations under **Coverage A—Dwelling Protection** for loss to trees, shrubs, plants and lawns at the address of the **residence premises**. We will not pay more than $500 for any one tree, shrub, or plant including expenses incurred for removing debris. This coverage applies only to direct physical loss caused by fire or lightning, explosion, riot or civil commotion, aircraft, vehicles not owned by an occupant of the **residence premises**, vandalism or malicious mischief, theft or collapse of a building structure or any part of a building structure.

We will pay up to $500 for reasonable expenses you incur for the removal of debris of trees at the address of the **residence premises** for direct physical loss caused by windstorm, hail, or weight of ice, snow or sleet. The fallen tree must have caused damage to property covered under **Coverage A—Dwelling Protection.**

We do not cover trees, shrubs, plants, or lawns grown for business purposes.

8. **Temperature Change**
We will pay for loss to covered personal property in a building structure at the **residence premises** resulting from a change in temperature. The change in temperature must result from a covered loss to the building structure.

This coverage does not increase the limit of liability applying to the damaged property.

9. **Power Interruption**
We will pay for loss to the contents of freezers and refrigerated units on the **residence premises** caused by the interruption of power which occurs off the **residence premises**. If a power interruption is known to an insured

**Page 13**

person, all reasonable means must be used to protect the contents of freezers and refrigerated units.

This coverage does not increase the limit of liability applying to the damaged property.

10. **Building Codes**
We will pay up to 10% of the amount of insurance shown on the Policy Declarations under **Coverage A—Dwelling Protection** to comply with local building codes after a covered loss to the dwelling and when repair or replacement results increased cost due to the enforcement of building codes, ordinances or laws regulating the construction, reconstruction, maintenance, repair or demolition of the dwelling.

11. **Arson Reward**
We will pay up to $5,000 for information leading to an arson conviction in connection with a fire loss to property covered under Section I of this policy. The $5,000 limit applies regardless of the number of persons providing information.

12. **Collapse**
We will cover:
   a) the entire collapse of a covered building structure;
   b) the entire collapse of part of a covered building structure; and
   c) direct physical loss to covered property caused by (a) or (b) above.

For coverage to apply, the collapse of a building structure specified in (a) or (b) above must be a sudden and accidental direct physical loss caused by one or more of the following:
   a) a loss we cover under Section I, **Coverage C—Personal Property Protection;**
   b) hidden decay of the building structure;
   c) hidden damage to the building structure caused by insects or vermin;
   d) weight of persons, animals, equipment or contents;
   e) weight of rain or snow which collects on a roof;
   f) defective methods or materials used in construction, repair, remodeling or

renovation, but only if the collapse occurs in the course of such construction, repair, remodeling or renovation.

Collapse does not include settling, cracking, shrinking, bulging or expansion.

This protection does not change the limit of liability that applies to the covered property.

13. **Land**
If a sudden and accidental direct physical loss results in both a covered loss to the dwelling, other than the breakage of glass or safety glazing material, and a loss of land stability, we will pay up to $10,000 as an additional amount of insurance for repair costs associated with the land. This includes the costs required to replace, rebuild, stabilize or otherwise restore the land necessary to support that part of the dwelling sustaining the covered loss.

The Section I—Losses We Do Not Cover Under Coverages A and B reference to earth movement does not apply to the loss of land stability provided under this Additional Protection.

14. **Lock Replacement**
**Coverage A—Dwelling Protection** is extended to include reasonable expenses you incur to replace or re-key exterior door locks at the residence premises with locks or cylinders of like kind and quality. Coverage is provided when a key to a lock is stolen as part of a covered theft loss. The limit of liability under this coverage following any one theft loss is $500.

# Section I Conditions

1. **Deductible**
We will pay when a covered loss exceeds the deductible shown on the Policy Declarations. We will then pay only the excess amount, unless we have indicated otherwise in this policy.

2. **Insurable Interest and Our Liability**
In the event of a covered loss, we will not pay for more than an insured person's insurable interest

PROP *5100004060502670049434717*



**Page 14**

in the property covered, nor more than the amount of coverage afforded by this policy.

3. **What You Must Do After A Loss**
In the event of a loss to any property that may be covered by this policy, you must:

   a) promptly give us or our agent notice. Report any theft to the police as soon as possible. If the loss involves a credit card, charge plate or bank fund transfer card, give written notice to the company or bank that issued the card or plate.

   b) protect the property from further loss. Make any reasonable repairs necessary to protect it. Keep an accurate record of any repair expenses.

   c) separate damaged from undamaged personal property. Give us a detailed list of the damaged, destroyed or stolen property, showing the quantity, cost, actual cash value and the amount of loss claimed.

   d) give us all accounting records, bills, invoices and other vouchers, or certified copies, which we may reasonably request to examine and permit us to make copies.

   e) produce receipts for any increased costs to maintain your standard of living while you reside elsewhere, and records supporting any claim for loss of rental income.

   f) as often as we reasonably require:
      1) show us the damaged property.
      2) at our request, submit to examinations under oath, separately and apart from any other person defined as you or insured person and sign a transcript of the same.
      3) produce representatives, employees, members of the insured's household or others to the extent it is within the insured person's power to do so; and

   g) within 60 days after the loss, give us a signed, sworn proof of the loss. This statement must include the following information:
      1) the date, time, location and cause of loss;
      2) the interest insured persons and others have in the property, including any encumbrances;

      3) the actual cash value and amount of loss for each item damaged, destroyed or stolen;
      4) any other insurance that may cover the loss;
      5) any changes in title, use, occupancy or possession of the property that have occurred during the policy period;
      6) at our request, the specifications of any damaged building structure or other structure;
      7) evidence supporting any claim under the Credit Card, Bank Fund Transfer Card, Check Forgery and Counterfeit Money protection. State the cause and amount of loss.

4. **Our Settlement Options**
In the event of a covered loss, we have the option to:

   a) repair, rebuild or replace all or any part of the damaged, destroyed or stolen property with property of like kind and quality within a reasonable time; or

   b) pay for all or any part of the damaged, destroyed or stolen property as described in Condition 5 "How We Pay For a Loss."

Within 30 days after we receive your signed, sworn proof of loss we will notify you of the option or options we intend to exercise.

5. **How We Pay For A Loss**
Under **Coverage A — Dwelling Protection, Coverage B — Other Structures Protection and Coverage C — Personal Property Protection,** payment for covered loss will be by one or more of the following methods:

   a) Special Payment. At our option, we may make payment for a covered loss before you repair, rebuild or replace the damaged, destroyed or stolen property if:
      1) the whole amount of loss for property covered under **Coverage A — Dwelling Protection and Coverage B — Other Structures Protection,** without deduction for depreciation, is less than $2,500 and if the property is not excluded from the Building

**Page 15**

Structure Reimbursement provision, or;

2) the whole amount of loss for property covered under **Coverage C — Personal Property Protection** without deduction for depreciation, is less than $2,500 and if your Policy Declarations shows that the Personal Property Reimbursement provision applies, and the property is not excluded from the Personal Property Reimbursement provision.

b) Actual Cash Value. If you do not repair or replace the damaged, destroyed or stolen property, payment will be on an actual cash value basis. This means there may be a deduction for depreciation. Payment will not exceed the limit of liability shown on the Policy Declarations for the coverage that applies to the damaged, destroyed or stolen property, regardless of the number of items involved in the loss.

You may make claim for additional payment as described in paragraph "c" and paragraph "d", if you repair or replace the damaged, destroyed or stolen covered property within 180 days of the actual cash value payment.

c) Building Structure Reimbursement. Under **Coverage A — Dwelling Protection** and **Coverage B — Other Structures Protection**, we will make additional payment to reimburse you for cost in excess of actual cash value if you repair, rebuild or replace damaged, destroyed or stolen covered property within 180 days of the actual cash value payment. This additional payment includes the reasonable and necessary expense for treatment or removal and disposal of contaminants, toxins or pollutants as required to complete repair or replacement of that part of a **building structure(s)** damaged by a covered loss.

Building Structure Reimbursement will not exceed the smallest of the following amounts:

1) the replacement cost of the part(s) of the **building structure(s)** for equivalent

construction for similar use on the same residence premises;

2) the amount actually and necessarily spent to repair or replace the damaged **building structure(s)** with equivalent construction for similar use on the same residence premises; or

3) the limit of liability applicable to the **building structure(s)** as shown on the Policy Declarations for **Coverage A — Dwelling Protection** or **Coverage B — Other Structures Protection**, regardless of the number of building structures and structures other than **building structures** involved in the loss.

If you replace the damaged **building structure(s)** at an address other than shown on the Policy Declarations through construction of a new structure or purchase of an existing structure, such replacement will not increase the amount payable under Building Structure Reimbursement described above. The amount payable under Building Structures Reimbursement described above does not include the value of any land associated with the replacement structure(s).

Building Structure Reimbursement payment will be limited to the difference between any actual cash value payment made for the covered loss to building structures and the smallest of 1), 2) or 3) above.

Building Structure Reimbursement will not apply to:

1) property covered under **Coverage C — Personal Property Protection**;

2) property covered under **Coverage B — Other Structures Protection** that is not a **building structure**;

3) wall-to-wall carpeting, fences, awnings and outdoor antennas whether or not fastened to a **building structure**; or

4) land.

Payment under "a", "b", or "c" above will not include any increased cost due to the enforcement of building codes, ordinances or



PROP *61000040605025700494941S*

11615261.tif - 1/3/2007 10:56:18 AM

laws regulating the construction, reconstruction, maintenance, repair, relocation or demolition of building structures or other structures except as provided under **Section I, Additional Protection 10, — Building Codes.**

d) Personal Property Reimbursement. Under **Coverage C — Personal Property Protection,** we will make additional payment to reimburse you for cost in excess of actual cash value if you repair, rebuild or replace damaged, destroyed or stolen covered personal property or wall-to-wall carpeting within 180 days of the actual cash value payment.

Personal Property Reimbursement payment will not exceed the smallest of the following amounts:

1) the amount actually and necessarily spent to repair or replace the property with similar property of like kind and quality;

2) the cost of repair or restoration; or

3) the limit of liability shown on the Policy Declarations for **Coverage C — Personal Property Protection,** or any special limit of liability described in the policy, regardless of the number of items of personal property involved in the loss.

Personal Property Reimbursement will be limited to the difference between any actual cash value payment made for the covered loss to personal property and the smallest of 1), 2) or 3) above.

Personal Property Reimbursement will not apply to:

1) property insured under **Coverage A — Dwelling Protection and Coverage B — Other Structures Protection,** except wall-to-wall carpeting;

2) antiques, fine arts, paintings, statuary and similar articles which, by their inherent nature, cannot be replaced;

3) articles whose age or history contribute substantially to their value. This includes, but is not limited to

memorabilia, souvenirs and collector's items; or

4) property that was obsolete or unusable for the originally intended purpose because of age or condition prior to the loss.

6. **Our Settlement Of Loss**
We will settle any covered loss with you unless another payee is named in the policy. We will settle within 60 days after the amount of loss is finally determined. This amount may be determined by an agreement between you and us, an appraisal award, or a court judgment.

7. **Appraisal**
If you and we fail to agree on the amount of loss, either party may make written demand for an appraisal. Upon such demand, each party must select a competent and impartial appraiser and notify the other of the appraiser's identity within 20 days after the demand is received. The appraisers will select a competent and impartial umpire. If the appraisers are unable to agree upon an umpire within 15 days, you or we can ask a judge of a court of record in the state where the residence premises is located to select an umpire.

The appraisers shall then determine the amount of loss, stating separately the actual cash value and the amount of loss to each item. If the appraisers submit a written report of an agreement to you and to us the amount agreed upon shall be the amount of loss. If they cannot agree, they will submit their differences to the umpire. A written award agreed upon by any two will determine the amount of loss.

Each party will pay the appraiser it chooses, and equally bear expenses for the umpire and all other appraisal expenses.

8. **Abandoned Property**
We are not obligated to accept any property or responsibility for any property abandoned by an insured person.

11615261.tif - 1/3/2007 10:56:18 AM

9. **Permission Granted To You**

   a) The residence premises may be vacant or unoccupied for any length of time, except where a time limit is indicated in this policy for specific perils. A building structure under construction is not considered vacant.

   b) You may make alterations, additions or repairs, and you may complete structures under construction.

10. **Our Rights To Recover Payment**

When we pay for any loss, an insured person's right to recover from anyone else becomes ours up to the amount we have paid. An insured person must protect these rights and help us enforce them. You may waive your rights to recover against another person for loss involving the property covered by this policy. This waiver must be in writing prior to the date of loss.

11. **Our Rights To Obtain Salvage**

We have the option to take all or any part of the damaged or destroyed covered property upon replacement by us or payment of the agreed or appraised value.

We will notify you of our intent to exercise this option within 30 days after we receive your signed, sworn proof of loss.

When we settle any loss caused by theft or disappearance, we have the right to obtain all or part of any property which may be recovered. An insured person must protect this right and inform us of any property recovered. We will inform you of our intent to exercise this right within 10 days of your notice of recovery to us.

12. **Suit Against Us**

No suit or action may be brought against us unless there has been full compliance with all policy terms. Any suit or action must be brought within one year after the inception of loss or damage.

13. **Loss To A Pair Or Set**

If there is a covered loss to a pair or set, we may:

   a) repair or replace any part of the pair or set to restore it to its actual cash value before the loss; or

   b) pay the difference between the actual cash value of the pair or set before and after the loss.

14. **Glass Replacement**

Payment for loss to covered glass includes the cost of using safety glazing materials when required by law.

15. **No Benefit To Bailee**

This insurance will not benefit any person or organization who may be caring for or handling your property for a fee.

16. **Other Insurance**

If both this insurance and other insurance apply to a loss, we will pay the proportionate amount that this insurance bears to the total amount of all applicable insurance. However, in the event of a loss by theft, this insurance shall be excess over any other insurance that covers loss by theft.

17. **Property Insurance Adjustment**

When the Policy Declarations indicates that the Property Insurance Adjustment Condition applies:

The limit of liability shown on the Policy Declarations for **Coverage A — Dwelling Protection** will be revised at each policy anniversary to reflect the rate of change in the Index identified on the Policy Declarations.

The limit of liability for **Coverage A — Dwelling Protection** for the succeeding premium period will be determined by changing the existing limit in proportion to the change in the Index between the time the existing limit was established and the time the change is made. The resulting amount will be rounded to the nearest $1,000.

Adjustment in the limit of liability for **Coverage A — Dwelling Protection** will result in an adjustment in the limit of liability for **Coverage B — Other Structures Protection** and **Coverage C — Personal Property Protection** in accordance with the Allstate manual of Rules and Rates.

PROP "61000040605025700494B419"



11615261.tif - 1/3/2007 10:56:18 AM

We will not reduce the limit of liability shown on the Policy Declarations without your consent.

Any adjustment in premium resulting from the application of this condition will be made based on premium rates in use by Allstate at the time a change in limits is made.

Allstate has the right to change to another cost index or to withdraw this condition as of a policy anniversary date by giving you at least 30 days notice. This applies only if the change or withdrawal applies to all similar policies issued by Allstate in your state.

18. **Mortgagee**

A covered loss will be payable to the mortgagees named on the Policy Declarations, to the extent of their interest and in the order of precedence. All provisions of **Section I** of this policy apply to these mortgagees.

We will:

a) protect the mortgagee's interest in a covered building structure in the event of an increase in hazard, intentional or criminal acts of, or directed by, an insured person, failure by any insured person to take all reasonable steps to save and preserve property after a loss, a change in ownership, or foreclosure if the mortgagee has no knowledge of these conditions; and

b) give the mortgagee at least 10 days notice if we cancel this policy.

The mortgagee will:

a) furnish proof of loss within 60 days after notice of the loss if an insured person fails to do so;

b) pay upon demand any premium due if an insured person fails to do so;

c) notify us in writing of any change of ownership or occupancy or any increase in hazard of which the mortgagee has knowledge;

d) give us the mortgagee's right of recovery against any party liable for loss; and

e) after a loss, and at our option, permit us to satisfy the mortgage requirements and receive full transfer of the mortgage.

This mortgagee interest provision shall apply to any trustee or loss payee or other secured party.

# Section II — Family Liability and Guest Medical Protection

## Coverage X
## Family Liability Protection

### Losses We Cover Under Coverage X:

Subject to the terms, conditions and limitations of this policy, Allstate will pay damages which an insured person becomes legally obligated to pay because of bodily injury or property damage arising from an occurrence to which this policy applies, and is covered by this part of the policy.

We may investigate or settle any claim or suit for covered damages against an insured person. If an insured person is sued for these damages, we will provide a defense with counsel of our choice, even if the allegations are groundless, false or fraudulent. We are not obligated to pay any claim or judgment after we have exhausted our limit of liability.

### Losses We Do Not Cover Under Coverage X:

1. We do not cover any bodily injury or property damage intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:

    a) such insured person lacks the mental capacity to govern his or her conduct;

    b) such bodily injury or property damage is of a different kind or degree than intended or reasonably expected; or

    c) such bodily injury or property damage is sustained by a different person than intended or reasonably expected.

    This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime.

2. We do not cover bodily injury to an insured person or property damage to property owned by an insured person whenever any benefit of

**Page 19**

this coverage would accrue directly or indirectly to an **insured person.**

3.   **We** do not cover **bodily injury** to any person eligible to receive benefits required to be provided or voluntarily provided by an **insured person** under any workers' compensation, non-occupational disability or occupational disease law.

4.   **We do not cover bodily injury or property damage** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of aircraft.

5.   **We do not cover bodily injury or property damage** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. However, this exclusion does not apply to:

   a)   a motor vehicle in dead storage or used exclusively on an **insured** premises;

   b)   any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an **insured person** and is being used away from an **insured premises**;

   c)   a motorized wheel chair;

   d)   a vehicle used to service an **insured premises** which is not designed for use on public roads and not subject to motor vehicle registration;

   e)   a golf cart owned by an **insured person** when used for golfing purposes;

   f)   a trailer of the boat, camper, home or utility type unless it is being towed or carried by a motorized land vehicle;

   g)   lawn and garden implements under 40 horsepower;

   h)   **bodily injury** to a **residence employee.**

6.   **We do not cover bodily injury or property damage** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of watercraft away from an **insured premises** if the watercraft:

   a)   has inboard or inboard-outboard motor power of more than 50 horsepower;

   b)   is a sailing vessel 26 feet or more in length;

   c)   is powered by one or more outboard motors with more than 25 total horsepower;

   d)   is designated as an airboat, air cushion, or similar type of watercraft; or

   e)   is a personal watercraft, meaning a craft propelled by a water jet pump engine and designed to be operated by a person or persons sitting, standing or kneeling on the craft.

   This exclusion does not apply to **bodily injury** to a **residence employee.**

7.   **We** do not cover **bodily injury or property damage** arising out of:

   a)   the negligent supervision by an **insured person** of any person; or

   b)   any liability statutorily imposed on any **insured person**

   arising from the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any aircraft, watercraft, motor vehicle or trailer which is not covered under **Section II** of this policy.

8.   **We** do not cover any **bodily injury** which results in any manner from the discharge, dispersal, release or escape of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants.

   **We** do cover **bodily injury** which results from such discharge if the discharge is sudden and accidental.

9.   **We** do not cover any **property damage** consisting of or caused by vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants.

10.   **We** do not cover any **bodily injury or property damage** arising out of any liability statutorily imposed upon any **insured person** in any manner, consisting of or caused by vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants.

PROP *010000400050257004949420*



11615261.tif - 1/3/2007 10:56:18 AM

11. We do not cover bodily injury or property damage arising out of the rendering of, or failure to render, professional services by an insured person.

12. We do not cover bodily injury or property damage arising out of the past or present business activities of an insured person.

    We do cover the occasional or part-time business activities of an insured person who is a student under 21 years of age.

13. We do not cover bodily injury or property damage arising out of any premises, other than an insured premises, owned, rented or controlled by an insured person. This exclusion does not apply to bodily injury to a residence employee.

14. We do not cover property damage to property rented to, occupied or used by, or in the care of, an insured person. This exclusion does not apply if the property damage is caused by fire, explosion or smoke.

15. We do not cover any liability an insured person assumes arising out of any contract or agreement.

16. We do not cover bodily injury or property damage caused by war or warlike acts, including, but not limited to insurrection, rebellion or revolution.

## Coverage Y
## Guest Medical Protection

### Losses We Cover Under Coverage Y:

Allstate will pay the reasonable expenses incurred for necessary medical, surgical, x-ray and dental services; ambulance; hospital, licensed nursing and funeral services; and prosthetic devices, eye glasses, hearing aids, and pharmaceuticals. These expenses must be incurred and the services performed within three years from the date of an occurrence causing bodily injury to which this policy applies, and is covered by this part of the policy.

Each person who sustains bodily injury is entitled to this protection when that person is:

1. on the insured premises with the permission of an insured person; or

2. off the insured premises, if the bodily injury:
   a) arises out of a condition on the insured premises or immediately adjoining ways;
   b) is caused by the activities of an insured person or a residence employee;
   c) is caused by an animal owned by or in the care of an insured person; or
   d) is sustained by a residence employee.

### Losses We Do Not Cover Under Coverage Y:

1. We do not cover any bodily injury intended by, or which may reasonably be expected to result from the intentional or criminal acts or omissions of, any insured person. This exclusion applies even if:
   a) such insured person lacks the mental capacity to govern his or her conduct;
   b) such bodily injury is of a different kind or degree than intended or reasonably expected; or
   c) such bodily injury is sustained by a different person than intended or reasonably expected.

   This exclusion applies regardless of whether or not such insured person is actually charged with, or convicted of a crime.

2. We do not cover bodily injury to any insured person or regular resident of the insured premises. However, this exclusion does not apply to a residence employee.

3. We do not cover bodily injury to any person eligible to receive any benefits voluntarily provided, or required to be provided, under any workers' compensation, non-occupational disability or occupational disease law.

4. We do not cover bodily injury arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of aircraft.

**Page 21**

5. We do not cover bodily injury arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any motor vehicle or trailer. However, this exclusion does not apply to:

   a) a motor vehicle in dead storage or used exclusively on an **insured premises**;

   b) any motor vehicle designed principally for recreational use off public roads, unless that vehicle is owned by an **insured person** and is being used away from an **insured premises**;

   c) a motorized wheel chair;

   d) a vehicle used to service an **insured premises** which is not designed for use on public roads and not subject to motor vehicle registration;

   e) a golf cart owned by an **insured person** when used for golfing purposes;

   f) a trailer of the boat, camper, home or utility type unless it is being towed or carried by a motorized land vehicle;

   g) lawn or garden implements under 40 horsepower;

   h) bodily injury to a residence employee.

6. We do not cover **bodily injury** arising out of the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of watercraft away from an **insured premises** if the watercraft:

   a) has inboard or inboard-outboard motor power of more than 50 horsepower;

   b) is a sailing vessel 26 feet or more in length;

   c) is powered by one or more outboard motors with more than 25 total horsepower;

   d) is designated as an airboat, air cushion, or similar type of watercraft; or

   e) is a personal watercraft, meaning a craft propelled by a water jet pump engine and designed to be operated by a person or persons sitting, standing or kneeling on the craft.

This exclusion does not apply to bodily injury to a residence employee.

7. We do not cover bodily injury arising out of:

   a) the negligent supervision by any **insured person** of any person; or

   b) any liability statutorily imposed on any **insured person**

   arising from the ownership, maintenance, use, occupancy, renting, loaning, entrusting, loading or unloading of any aircraft, watercraft, motorized land vehicle or trailer which is not covered under **Section II** of this policy.

8. We do not cover any **bodily injury** which results in any manner from the discharge, dispersal, release or escape of vapors, fumes, acids, toxic chemicals, toxic gasses, toxic liquids, toxic solids, waste materials or other irritants, contaminants or pollutants.

   We do cover bodily injury which results from such discharge if the discharge is sudden and accidental.

9. We do not cover bodily injury arising out of the rendering of, or failure to render professional services by, an insured person.

10. We do not cover **bodily injury** arising out of the past or present **business** activities of an **insured person**.

    We do cover the occasional or part-time **business** activities of an **insured person** who is a student under 21 years of age.

11. We do not cover bodily injury to any person on the **insured premises** because of a **business** activity or professional service conducted there.

12. We do not cover **bodily injury** arising out of any premises, other than an **insured premises**, owned, rented or controlled by an **insured person**. This exclusion does not apply to bodily injury to a residence employee.

13. We do not cover **bodily injury** caused by war or warlike acts, including, but not limited to insurrection, rebellion, or revolution.

PROP *61000040805025700404943421*

## Additional Protection

We will pay, in addition to the limits of liability:

1. **Claim Expense**
   We will pay:
   a) all costs we incur in the settlement of any claim or the defense of any suit against an insured person;
   b) interest accruing on damages awarded until such time as we have paid, formally offered, or deposited in court the amount for which we are liable under this policy; interest will be paid only on damages which do not exceed our limits of liability;
   c) premiums on bonds required in any suit we defend; we will not pay bond premiums in an amount that is more than our limit of liability; we have no obligation to apply for or furnish bonds;
   d) up to $250 per day for loss of wages and salary, when we ask you to attend trials and hearings;
   e) any other reasonable expenses incurred by an insured person at our request.

2. **Emergency First Aid**
   We will pay reasonable expenses incurred by an insured person for first aid to other persons at the time of an accident involving bodily injury covered under this policy.

3. **Damage To Property Of Others**
   At your request, we will pay up to $1,000 each time an insured person causes property damage to someone else's property. At our option, we will pay the cost to either repair or replace the property damaged by an insured person, without deduction for depreciation. We will not pay for property damage:
   a) to property covered under Section I of this policy;
   b) to property intentionally damaged by an insured person who has attained the age of 13;
   c) to property owned by or rented to an insured person, any tenant of an insured person, or any resident in your household; or
   d) arising out of:

   1) past or present business activities;
   2) any act or omission in connection with a premises, other than an insured premises, owned, rented or controlled by an insured person; or
   3) the ownership or use of a motorized land vehicle, trailer, aircraft or watercraft.

## Section II Conditions

1. **What You Must Do After An Accidental Loss**
   In the event of bodily injury or property damage, you must do the following:
   a) Promptly notify us or our agent stating:
      1) your name and policy number;
      2) the date, the place and the circumstances of the loss;
      3) the name and address of anyone who might have a claim against an insured person;
      4) the names and addresses of any witnesses.
   b) Promptly send us any legal papers relating to the accident.
   c) At our request, an insured person will:
      1) cooperate with us and assist us in any matter concerning a claim or suit;
      2) help us enforce any right of recovery against any person or organization who may be liable to an insured person;
      3) attend any hearing or trial.
   d) Under the **Damage to Property of Others** protection, give us a sworn statement of the loss. This must be made within 60 days after the date of loss. Also, an insured person must be prepared to show us any damaged property under that person's control.

   Any insured person will not voluntarily pay any money, assume any obligations or incur any expense, other than for first aid to others at the time of the loss as provided for in this policy.

Page 23

2. **What An Injured Person Must Do — Coverage Y — Guest Medical Protection**
If someone is injured, that person, or someone acting for that person, must do the following:
   a) Promptly give us written proof of the loss. If we request, this must be done under oath.
   b) Give us written authorization to obtain copies of all medical records and reports.
   c) Permit doctors we select to examine the injured person as often as we may reasonably require.

3. **Our Payment Of Loss — Coverage Y — Guest Medical Protection**
We may pay the injured person or the provider of the medical services. Payment under this coverage is not an admission of liability by us or an insured person.

4. **Our Limits Of Liability**
Regardless of the number of insured persons, injured persons, claims, claimants or policies involved, our total liability under Coverage X — Family Liability Protection for damages resulting from one occurrence will not exceed the limit shown on the Policy Declarations. All bodily injury and property damage resulting from continuous or repeated exposure to the same general conditions is considered the result of one occurrence.

Our total liability under Coverage Y — Guest Medical Protection for all medical expenses payable for bodily injury, to any one person, shall not exceed the "each person" limit shown on the Policy Declarations.

5. **Bankruptcy**
We are not relieved of any obligation under this policy because of the bankruptcy or insolvency of an insured person.

6. **Our Rights to Recover Payment — Coverage X — Family Liability Protection**
When we pay any loss, an insured person's right to recover from anyone else becomes ours up to the amount we have paid. An insured person must protect these rights and help us enforce them.

7. **Suit Against Us**
   a) No suit or action can be brought against us unless there has been full compliance with all the terms of this policy.
   b) No suit or action can be brought against us under Coverage X — Family Liability Protection until the obligation of an insured person to pay is finally determined either by judgment against the insured person after actual trial, or by written agreement of the insured person, injured person, and us.
   c) No one shall have any right to make us a party to a suit to determine the liability of an insured person.

8. **Other Insurance — Coverage X — Family Liability Protection**
This insurance is excess over any other valid and collectible insurance except insurance that is written specifically as excess over the limits of liability that apply to this policy.

## Section III — Optional Protection

### Optional Coverages You May Buy
The following Optional Coverages may supplement coverages found in Section I or Section II and apply only when they are indicated on the Policy Declarations. The provisions of this policy apply to each Optional Coverage in this section unless modified by the terms of the specific Optional Coverage.

1. **Coverage BP**
**Increased Coverage On Business Property**
The $2,000 limitation on business property located on the residence premises, under Coverage C — Personal Property Protection, is increased to the amount shown on the Policy Declarations. This increased coverage includes property held as samples or for sale or delivery after sale, while the property is on the residence premises.

2. **Coverage DP**
**Increased Coverage On Electronic Data Processing Equipment**
The $5,000 limitation on electronic data processing equipment under Coverage C —

PROP *5100004080592257004943422*


11615261.tif - 1/3/2007 10:56:18 AM

Personal Property Protection, and the recording or storage media used with that equipment, is increased to the amount shown on the Policy Declarations.

3. **Coverage F**
**Fire Department Charges**
The $500 limit applying to the fire department service charges under **Additional Protection** is increased to the amount shown on the Policy Declarations.

4. **Coverage G**
**Loss Assessments**
If your residence premises includes a building structure which is constructed in common with one or more similar buildings, and you are a member of, and subject to the rules of, an association governing the areas held in common by all building owners as members of the association, the insured premises means the building structure occupied exclusively by your household as a private residence, including the grounds, related structures and private approaches to them.

We will pay your share of any special assessments charged against all building owners by the association up to the limit of liability shown on the Policy Declarations, when the assessment is made as a result of:
a) sudden and accidental direct physical loss to the property held in common by all building owners caused by a loss we cover under **Section I** of this policy; or
b) bodily injury or property damage covered under **Section II** of this policy.

Any reduction or elimination of payments for losses because of any deductible applying to the insurance coverage of the association of building owners collectively is not covered under this protection.

Allstate will pay only when the assessment levied against the insured person, as a result of any one loss, for bodily injury or property damage exceeds $250 and then only for the amount of such excess. This coverage is not

subject to any deductible applying to **Section I** of this policy.

In the event of an assessment, this coverage is subject to all the exclusions applicable to **Sections I** and **II** of this policy and the **Sections I** and **II Conditions**, except as otherwise noted.

This coverage is excess over any insurance collectible under any policy or policies covering the association of building owners.

5. **Coverage J**
**Extended Coverage On Jewelry, Watches and Furs**
**Coverage C — Personal Property Protection** is extended to pay for sudden and accidental direct physical loss to the following property, subject to the provisions in this coverage:
a) jewelry, watches, gems, precious and semi-precious stones, gold, platinum; and
b) furs, including any item containing fur which represents its principal value.

The total amount of coverage and per item limit is shown on the Policy Declarations. This amount is not in addition to the amount of insurance applying to **Coverage C — Personal Property Protection**. However, in no event will coverage be less than would have applied in the absence of **Coverage J**.

We do not cover loss caused by or consisting of:
a) intentional or criminal acts of or at the direction of any insured person, if the loss that occurs:
1) may be reasonably expected to result from such acts; or
2) is the intended result of such acts.
b) wear and tear, gradual deterioration, inherent vice, insects or vermin;
c) nuclear action, meaning nuclear reaction, discharge, radiation or radioactive contamination or any consequence of any of these. Loss caused by nuclear action is not considered a loss by fire, explosion or smoke.

**Page 25**

We do cover sudden and accidental direct physical loss by fire resulting from nuclear action.

d) war or warlike acts, including, but not limited to insurrection, rebellion or revolution.

e) failure by any insured person to take all reasonable steps to preserve property during and after a loss or when the property is endangered by a cause of loss we cover.

Any deductible shown on the Policy Declarations applicable to Coverage C — Personal Property Protection, also applies to a loss under this coverage.

6. **Coverage K**
**Incidental Office, Private School Or Studio**
a) The $2,000 limit applying to property used or intended for use in a business under Coverage C — Personal Property Protection do not apply to equipment, supplies and furnishings used in a described office, private school or studio at your residence premises. This does not include electronic data processing equipment or the recording or storage media used with that equipment.

The **Coverage K** limits are shown on the Policy Declarations. The first limit applies to property on the residence premises. The second limit applies to property while away from the residence premises. These limits are not in addition to Coverage C — Personal Property Protection, Limitations On Certain Personal Property on property used or intended for use in a business. The increased coverage does not include property held for sample, sale or delivery after sale.

b) Coverage X — Family Liability Protection and Coverage Y — Guest Medical Protection are extended to cover a described office, private school or studio occupied by an insured person. The occupancy of the described property shall not be considered a business.

We do not cover bodily injury to:
a) any employee other than a residence employee; or
b) any person arising out of corporal punishment administered by or at the direction of an insured person.

7. **Coverage M**
**Increased Coverage On Money**
The $200 limitation on money, bullion, bank notes, coins and other numismatic property under Coverage C — Personal Property Protection is increased to the amount shown on the Policy Declarations.

8. **Coverage P**
**Business Pursuits**
Coverage X — Family Liability Protection and Coverage Y — Guest Medical Protection are extended to cover specified business pursuits of an insured person.

We do not cover:
a) bodily injury or property damage arising out of the business pursuits of an insured person when the business is owned or financially controlled by the insured person.

This also means a partnership or joint venture of which an insured person is a partner or member;

b) bodily injury or property damage arising out of the rendering or failure to render a professional service of any nature, other than teaching;

c) bodily injury to a fellow employee of an insured person arising out of and in the course of employment;

d) bodily injury or property damage when an insured person is a member of a teaching staff or faculty of any school or college and the bodily injury or property damage arises out of the maintenance or use of saddle animals, vehicles used with saddle animals, motorized land vehicles, aircraft or watercraft when owned, hired or operated by an insured person or used for the purpose of instruction; or

e) bodily injury to any person arising out of corporal punishment administered by or at

PROP *910000406050257004943423*


Page 26

the direction of an insured person when an insured person is a member of the teaching staff or faculty of any school of instruction.

9.  **Coverage S**
    **Increased Coverage On Securities**
    The $1,000 limitation on accounts, bills, deeds, evidences of debt, letters of credit, notes other than bank notes, passports, securities, tickets, or stamps, including philatelic property, covered under **Coverage C — Personal Property Protection**, is increased to the amount shown on the Policy Declarations.

10. **Coverage SD**
    **Satellite Dish Antennas**
    **Coverage C — Personal Property Protection** is extended to pay for sudden and accidental direct physical loss to satellite dish antennas and their systems on your residence premises, subject to the provisions of **Coverage C — Personal Property Protection**.

The amount of coverage is shown on the Policy Declarations.

11. **Coverage SE**
    **Portable Cellular Communication Systems**
    **Coverage C — Personal Property Protection** is extended to portable cellular communication systems in or upon a motorized land vehicle or watercraft. This coverage applies only to portable systems that can be powered by electricity from a motorized land vehicle or watercraft. Coverage applies whether or not the portable cellular communication system is used in a business.

The amount of coverage is shown on the Policy Declarations.

12. **Coverage ST**
    **Increased Coverage On Theft Of Silverware**
    The $2,500 limitation on theft of silverware, pewterware and goldware under **Coverage C — Personal Property Protection** is increased to the amount shown on the Policy Declarations.

IN WITNESS WHEREOF, Allstate has caused this policy to be signed by its Secretary and its President at Northbrook, Illinois, and, if required by state law, this policy shall not be binding unless countersigned on the Policy Declarations by an authorized agent of Allstate.

Secretary

President,
Personal Property & Casualty

# Allstate Insurance Company

Policy Number:  9 04 903190 09/16     Your Agent:   Ghanbar Hosseini  (925) 228-6556
For Premium Period Beginning:  Sep. 16, 2005

## Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

---

*This Endorsement Changes Your Policy — Keep It With Your Policy*

## Deluxe Plus Homeowners
## Amendatory Endorsement — AP4488

This endorsement amends your Deluxe Plus Homeowners Policy and is in addition to all other amendatory endorsements which apply to this policy.

I.    In the **Definitions Used In This Policy** provision, item 1. is replaced by the following:

    1.   "You" or "your"—means the person named on the Policy Declarations as the insured and:
        a)   that person's resident spouse; or
        b)   a party who has established with that person a registered domestic partnership under California
           state law if a resident of the same household.

II.   In **Section I—Your Property**, under **Losses We Do Not Cover Under Coverages A and B**, item 15.d), " rust or other corrosion, mold, wet or dry rot" , is replaced by:

    15.  d) rust or other corrosion;

III.  In **Section I—Your Property**, under **Losses We Do Not Cover Under Coverages A and B**, the following is added:

    24.  Mold, fungus, wet rot, dry rot or bacteria. This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

        This exclusion applies regardless of whether mold, fungus, wet rot, dry rot or bacteria arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may otherwise be covered by this policy, except as specifically provided in **Section I, Conditions —Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss.**

IV.   In **Section I—Your Property**, under **Losses We Do Not Cover Under Coverage C**, the following is added:

    16.  Mold, fungus, wet rot, dry rot or bacteria. This includes any loss which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

        This exclusion applies regardless of whether mold, fungus, wet rot, dry rot or bacteria arises from any other cause of loss, including but not limited to a loss involving water, water damage or discharge, which may otherwise be covered by this policy, except as specifically provided in **Section I, Conditions —Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss.**

Page 1

PROP *510000406050257004949424*



# Allstate Insurance Company

Policy Number: 9 04 908198 09/16          Your Agent:   Ghanbar Hosseini  (925) 228-5556
For Premium Period Beginning:  Sep. 16, 2005

V.   In **Section I—Your Property**, under **Additional Protection—Additional Living Expense** is replaced by the following:

1. **Additional Living Expense**

   a) We will pay the reasonable increase in living expenses necessary to maintain your normal standard of living when a direct physical loss we cover under **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection or Coverage C—Personal Property Protection** makes your residence premises uninhabitable. However, additional living expense due to remediation of mold, fungus, wet rot or dry rot will not be paid in addition to any amounts paid or payable under **Section I, Conditions—Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss**.

   Payment for additional living expense as a result of a covered loss under **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection or Coverage C—Personal Property Protection** will be limited to the least of the following:
   1) the time period required to repair or replace the property we cover, using due diligence and dispatch; or
   2) if you permanently relocate, the shortest time for your household to settle elsewhere;
   3) 12 months.

   b) We will pay your lost fair rental income resulting from a covered loss under **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection or Coverage C—Personal Property Protection**, less charges and expenses which do not continue, when a loss we cover under **Coverage A—Dwelling Protection, Coverage B—Other Structures Protection or Coverage C—Personal Property Protection** makes the part of the residence premises you rent to others, or hold for rental, uninhabitable. We will pay for lost fair rental income for the shortest time required to repair or replace the part rented or held for rental but not to exceed 12 months. However, payments for your lost fair rental income expense due to remediation of mold, fungus, wet rot or dry rot will not be paid in addition to any amounts paid or payable under **Section I, Conditions—Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss**.

   c) We will pay the reasonable and necessary increase in living expenses and the lost fair rental income for up to two weeks should civil authorities prohibit the use of the residence premises due to a loss at a neighboring premises caused by a loss we insure against. However, payments for increase in living expenses or your lost fair rental income expense due to remediation of mold, fungus, wet rot or dry rot will not be paid in addition to any amounts paid or payable under **Section I, Conditions—Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss**.

   These periods of time are not limited by the termination of this policy.

   We do not cover any lost income or expense due to the cancellation of a lease or agreement.

   No deductible applies to this protection.

VI.   In **Section I—Conditions**, under item 5, **How We Pay For A Loss**, the following changes are made:

A.   The second paragraph in sub-item b) Actual Cash Value is replaced by the following:

**Page 2**

# Allstate Insurance Company

Policy Number: 9 04 908190 09/15     Your Agent:   Ghanbar Hosseini  (925) 228-5556
For Premium Period Beginning:  Sep. 15, 2005

You may make claim for additional payment as described in paragraph "c" and paragraph "d" if you repair or replace the damaged, destroyed or stolen covered property within 12 months of the actual cash value payment. If the covered loss relates to a "state of emergency," as defined in Section 8558 of the California Government Code, you may make claim for additional payment as described in paragraph "c" and paragraph "d", if you repair or replace the damaged, destroyed or stolen covered property within 24 months of the actual cash value payment.

B.   The first paragraph in sub-item c) Building Structure Reimbursement is replaced by the following:

c)   Building Structure Reimbursement. Under **Coverage A—Dwelling Protection and Coverage B—Other Structures Protection**, we will make additional payment to reimburse you for cost in excess of actual cash value if you repair, rebuild or replace damaged, destroyed or stolen covered property within 12 months of the actual cash value payment. If the covered loss relates to a "state of emergency," as defined in Section 8558 of the California Government Code, we will make additional payment under **Coverage A—Dwelling Protection and Coverage B—Other Structures Protection** to reimburse you for cost in excess of actual cash value if you repair, rebuild or replace damaged, destroyed or stolen covered property within 24 months of the actual cash value payment. This additional payment includes the reasonable and necessary expense for treatment or removal and disposal of contaminants, toxins or pollutants as required to complete repair or replacement of that part of a building structure(s) damaged by a covered loss. This additional payment shall not include any amounts which may be paid or payable under Section I, Conditions —"Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss, and shall not be payable for any losses excluded in Section I—Your Property, under Losses We Do Not Cover Under Coverages A and B, item 24.

C.   The first paragraph in sub-item d) Personal Property Reimbursement is replaced by the following:

d)   Personal Property Reimbursement. Under **Coverage C—Personal Property Protection**, we will make additional payment to reimburse you for cost in excess of actual cash value if you repair, rebuild or replace damaged, destroyed or stolen covered personal property or wall-to-wall carpeting within 12 months of the actual cash value payment. If the covered loss relates to a "state of emergency," as defined in Section 8558 of the California Government Code, we will make additional payment under **Coverage C—Personal Property Protection** to reimburse you for cost in excess of actual cash value if you repair, rebuild or replace damaged, destroyed or stolen covered personal property or wall-to-wall carpeting within 24 months of the actual cash value payment.

VII.  In Section I—Conditions, the following is added:

19.   Mold, Fungus, Wet Rot and Dry Rot Remediation as a Direct Result of a Covered Water Loss

In the event of a covered water loss under Coverage A—Dwelling Protection, Coverage B—Other Structures Protection or Coverage C—Personal Property Protection, we will pay up to $5,000 for mold, fungus, wet rot or dry rot remediation.

Remediation means the reasonable and necessary treatment, removal or disposal of mold, fungus, wet rot or dry rot as required to complete repair or replacement of property we cover under Coverage A—Dwelling Protection, Coverage B—Other Structures Protection or Coverage C—Personal Property Protection damaged by a covered water loss, including payment for any reasonable increase in living

Page 3

PROP *810000406002025700494343425*


# Allstate Insurance Company

Policy Number: 9 04 908190 09/15     Your Agent:   Shanbor Hossoini (925) 228-6566
For Premium Period Beginning: Sep. 15, 2005

expenses necessary to maintain your normal standard of living if mold, fungus, wet rot or dry rot makes your residence premises uninhabitable. Remediation also includes any investigation or testing to detect, measure or evaluate mold, fungus, wet rot or dry rot.

This Condition does not increase the limits of liability under Coverage A—Dwelling Protection, Coverage B—Other Structures Protection or Coverage C—Personal Property Protection.

VIII. In Section II—Family Liability and Guest Medical Protection, under Losses We Do Not Cover Under Coverage X, the following is added:

17. We do not cover bodily injury or property damage which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

18. We do not cover any liability imposed upon any insured person by any governmental authority for bodily injury or property damage which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

IX. In Section II—Family Liability and Guest Medical Protection, under Losses We Do Not Cover Under Coverage Y, the following is added:

14. We do not cover bodily injury which, in whole or in part, arises out of, is aggravated by or results from mold, fungus, wet rot, dry rot or bacteria.

All other policy terms and conditions apply.

## Allstate Insurance Company

Policy Number: 9 04 905190 09/16          Your Agent:   Ghanbar Hosseini  (925) 228-6586
For Premium Period Beginning: Sep. 16, 2005

---

# Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

---

*This Endorsement Changes Your Policy—Keep It With Your Policy*

## California
## Deluxe Plus Homeowners Amendatory Endorsement —AP2236

I.   In the General section, the following provisions are added:

**What Law Will Apply**
This policy is issued in accordance with the laws of California and covers property or risks principally located in California. Subject to the following paragraph, the laws of California shall govern any and all claims or disputes in any way related to this policy.

If a covered loss to property, or any other occurrence for which coverage applies under this policy happens outside California, claims or disputes regarding that covered loss to property, or any other covered occurrence may be governed by the laws of the jurisdiction in which that covered loss to property, or other covered occurrence happened, only if the laws of that jurisdiction would apply in the absence of a contractual choice of law provision such as this.

**Where Lawsuits May Be Brought**
Subject to the following two paragraphs, any and all lawsuits in any way related to this policy shall be brought, heard and decided only in a state or federal court located in California. Any and all lawsuits against persons not parties to this policy but involved in the sale, administration, performance, or alleged breach of this policy, or otherwise related to this policy, shall be brought, heard and decided only in a state or federal court located in California, provided that such persons are subject to or consent to suit in the courts specified in this paragraph.

If a covered loss to property, or any other occurrence for which coverage applies under this policy happens outside California, lawsuits regarding that covered loss to property, or any other covered occurrence may also be brought in the judicial district where that covered loss to property, or any other covered occurrence happened.

Nothing in this provision, Where Lawsuits May Be Brought, shall impair any party's right to remove a state court lawsuit to a federal court.

II.   In Section I—Your Property, the following changes are made:

A.   Under Coverage C—Personal Property Protection, Limitations On Certain Personal Property, item 15. is added:

Page 1

PROP *910000408050257004949426*



# Allstate Insurance Company

Policy Number:  9 04 908190 09/15        Your Agent:      Ghanbar Hossaini  (925) 228-6556
For Premium Period Beginning:  Sep. 16, 2005

15. **$400**—Theft of compact discs, while compact discs are away from the residence premises. This is the maximum amount we will pay for an entire collection.

B.  Under **Additional Protection**, the **Building Codes** provision is replaced by the following:

10. **Building Codes**
We will pay up to 10% of the amount of insurance shown on the Policy Declarations under **Section I, Coverage A—Dwelling Protection** to comply with applicable laws regulating the construction, use, or repair of any property or requiring the tearing down of any property after a covered loss to covered building structures and when repair or replacement results in increased cost due to the enforcement of these laws.

The amount of insurance provided by this coverage is a separate limit of liability, and is the maximum we will pay for any one loss. Coverage only applies to that portion of the dwelling that was damaged due to a covered loss.

All other policy terms and conditions apply.

**Page 2**

# Allstate Insurance Company

Policy Number:  9 04 908190 09/16      Your Agent:    Ghanbar Hosseini  (925) 228-5555
For Premium Period Beginning:  Sep. 15, 2005

## Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

*This Endorsement Changes Your Policy -- Keep It With Your Policy*

## California
## Deluxe Plus and Deluxe Homeowners Policy
## Amendatory Endorsement — AP29-3

It is agreed that your policy is amended as follows:

I.    The **General** section of your policy is revised as follows:

    A.    The **Cancellation** provision is replaced by the following:

        **Cancellation**
        **Your Right to Cancel:**
        You may cancel this policy by notifying us of the future date you wish to stop coverage.

        **Our Right to Cancel:**
        **Allstate** may cancel this policy by mailing notice to you at the mailing address shown on the Policy Declarations. When this policy has been in effect for less than 60 days, and it is not a renewal with us, we may cancel this policy for any reason by giving you at least 20 days notice before the cancellation takes effect, however, if the reason for cancellation is nonpayment of premium or fraud, we may cancel this policy by giving you at least 10 days notice of cancellation.

        When this policy has been in effect for 60 days or more, or if it is a renewal with us, we may cancel this policy for one or more of the following reasons:

        1.    Non-payment of premium;
        2.    Fraud or material misrepresentation by **you** or **your** representative in obtaining the policy;
        3.    Fraud or material misrepresentation by **you** or **your** representative in pursuing a claim under this policy;
        4.    Grossly negligent acts or omissions by **you** or **your** representative which substantially increase any of the hazards insured against;
        5.    **You** have been convicted of a crime and one of the necessary elements of the crime was an act increasing any hazard insured against;
        6.    Physical changes in the insured property resulting in the property becoming uninsurable; or

Page 1

PROF *810000406050257004943427*

11615261.tif - 1/3/2007 10:56:18 AM

# Allstate Insurance Company

Policy Number: 9 04 908190 09/16      Your Agent:   Ghanbar Hosseini  (925) 228-6556
For Premium Period Beginning: Sep. 15, 2005

7.   You have purchased an earthquake policy from the California Earthquake Authority, and you fail to pay a premium surcharge authorized by the California Earthquake Authority that is applicable to that earthquake policy.

If the cancellation is for non-payment of premium, we will mail you at least 10 days notice. If the cancellation is for any other reason, we will mail you at least 30 days notice.

Our mailing the notice of cancellation to you will be deemed to be proof of notice. Coverage under this policy will terminate on the date and time stated on the cancellation notice. Your return premium, if any, will be calculated on a pro rata basis and refunded at the time of cancellation or as soon as possible. However, refund of unearned premium is not a condition of cancellation.

Our Right Not to Renew or Continue:
Allstate has the right not to renew or continue the policy beyond the current premium period. If we don't intend to continue or renew the policy, we will mail you notice at least 45 days before the end of the premium period. Our mailing the notice of non-renewal to you will be deemed to be proof of notice.

II.   Under Section I—"Conditions", item 17., "Property Insurance Adjustment", is replaced by the following:

17.   **Property Insurance Adjustment**
When the Policy Declarations indicates that the Property Insurance Adjustment condition applies:

The limit of liability shown on the Policy Declarations for "Coverage A - Dwelling Protection" will be revised at each policy anniversary to reflect the rate of change in the replacement cost of your dwelling as identified on the Policy Declarations.

The limit of liability for "Coverage A - Dwelling Protection" for the succeeding premium period will be determined by changing the existing limit in proportion to the changes in the replacement cost of your dwelling between the time the existing limit was established and the time the changes were made. The resulting amount will be rounded to the nearest $1,000.

Adjustment in the limit of liability for "Coverage A - Dwelling Protection" will result in an adjustment in the limit of liability for "Coverage B - Other Structures Protection" and "Coverage C - Personal Property Protection" in accordance with the Allstate manual of Rules and Rates.

We will not reduce the limit of liability shown on the Policy Declarations without your consent.

Any adjustment in premium resulting from the application of this condition will be made based on premium rates in use by Allstate at the time a change in limits is made.

Page 2

# Allstate Insurance Company

Policy Number:  9 04 908190 09/16      Your Agent:    Ghanbar Hosseini  (925) 228-5555
.For Premium Period Beginning:  Sep. 18, 2005

Allstate has the right to change to another replacement cost condition or to withdraw this condition as of a policy anniversary date by giving you at least 30 days notice. This applies only if the change or withdrawal applies to all similar policies issued by Allstate in your state.

III.    Under Section II —" Family Liability and Guest Medical Protection" , item 15. under " Losses We Do Not Cover Under Coverage X" of Coverage X—" Family Liability Protection" is replaced by the following:

15.    We do not cover any liability an insured person assumes under any contract or agreement. We will not cover any contract or agreement in connection with a business of an insured person or any loss assessments levied against an insured person by an association of dwelling owners of which the insured person is a member.

Page 3

PROP *610000406950257004943428*

## Allstate Insurance Company

Policy Number:  9 04 908190 09/16     Your Agent:   Ghanbar Hosseini  (925) 228-5556
For Premium Period Beginning:  Sep. 16, 2005

---

# Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

---

*This Endorsement Changes Your Policy—Keep It With Your Policy*

## CALIFORNIA STANDARD FIRE POLICY PROVISIONS – AP1862-1

This form contains the provisions of the Standard Fire Policy. Whenever the terms and provisions of Section I can be construed to perform a liberalization of the provisions found in the Standard Fire Policy, the terms and provisions of Section I shall apply.

In Consideration of the Provisions and Stipulations Herein or Added Hereto and of the Premium Specified in the Declarations (or specified in endorsement attached thereto), Allstate, for the term shown in the Declarations from inception date shown in the Declarations until canceled or expiration at location of property involved, to an amount not exceeding the limit of liability specified, does insure the insured named in the Declarations and legal representatives, to the extent of the actual cash value of the property at the time of loss, but not exceeding the amount which it would cost to repair or replace the property with material of like kind and quality within a reasonable time after the loss, without allowance for any increased cost of repair or reconstruction by reason of any ordinance or law regulating construction or repair, and without compensation for loss resulting from interruption of business or manufacture, nor in any event for more than the interest of the insured, against all LOSS BY FIRE, LIGHTNING AND OTHER PERILS INSURED AGAINST IN THIS POLICY INCLUDING REMOVAL FROM PREMISES ENDANGERED BY THE PERILS INSURED AGAINST IN THIS POLICY, EXCEPT AS HEREINAFTER PROVIDED, to the property described hereinafter while located or contained as described in this policy, or pro rata for five days at each proper place to which any of the property shall necessarily be removed for preservation from the perils insured against in this policy, but not elsewhere.

Assignment of this policy shall not be valid except with the written consent of Allstate.

This policy is made and accepted subject to the foregoing provisions and stipulations and those hereinafter stated, which are hereby made a part of this policy, together with any other provisions, stipulations and agreements as may be added hereto, as provided in this policy.

### Concealment, fraud

This entire policy shall be void if, whether before or after a loss, the insured has willfully concealed or misrepresented any material fact or circumstance concerning this insurance or the subject thereof, or the interest of the insured therein, or in case of any fraud or false swearing by the insured relating thereto.

Page 1

# Allstate Insurance Company

Policy Number:  9 04 908198 09/15      Your Agent:    Ghanber Hosseini  (925) 228-6556
For Premium Period Beginning:  Sep. 16, 2005

### Uninsurable and excepted property

This policy shall not cover accounts, bills, currency, deeds, evidences of debt, money or securities; nor, unless specifically named hereon in writing, bullion or manuscripts.

### Perils not included

This Company shall not be liable for loss by fire or other perils insured against in this policy caused, directly or indirectly, by: (a) enemy attack by armed forces, including action taken by military, naval or air forces in resisting an actual or an immediately impending enemy attack; (b) invasion; (c) insurrection; (d) rebellion; (e) revolution; (f) civil war; (g) usurped power; (h) order of any civil authority except acts of destruction at the time of and for the purpose of preventing the spread of fire, provided that the fire did not originate from any of the perils excluded by this policy; (i) neglect of the insured to use all reasonable means to save and preserve the property at and after a loss, or when the property is endangered by fire in neighboring premises; (j) nor shall this company be liable for loss by theft.

### Other insurance

Other insurance may be prohibited or the amount of insurance may be limited by endorsement attached hereto.

### Conditions suspending or restricting insurance

Unless otherwise provided in writing added hereto this Company shall not be liable for loss occurring (a) while the hazard is increased by any means within the control or knowledge of the insured; or (b) while a described building, whether intended for occupancy by owner or tenant, is vacant or unoccupied beyond a period of 60 consecutive days; or (c) as a result of explosion or riot, unless fire ensues, and in that event for loss by fire only.

### Other perils or subjects

Any other peril to be insured against or subject of insurance to be covered in this policy shall be by endorsement in writing hereon or added hereto.

### Added provisions

The extent of the application of insurance under this policy and of the contribution to be made by this Company in case of loss, and any other provision or agreement not inconsistent with the provisions of this policy, may be provided for in writing added hereto, but no provision may be waived except such as by the terms of this policy or by statute is subject to change.

Page 2

PROP *6100004050502572004943429*



11615261.tif - 1/3/2007 10:56:18 AM

# Allstate Insurance Company

Policy Number: 9 04 908190 09/16    Your Agent:    Ghanbar Hosseini  (925) 228-8556
For Premium Period Beginning:  Sep. 16, 2005

### Waiver provisions

No permission affecting this insurance shall exist, or waiver of any provision be valid, unless granted herein or expressed in writing added hereto. No provision, stipulation or forfeiture shall be held to be waived by any requirement or proceeding on the part of this Company relating to appraisal or to any examination provided for herein.

### Cancellation of policy

This policy shall be canceled at any time at the request of the insured, in which case this Company shall, upon demand and surrender of this policy, refund the excess of paid premium above the customary short rates for the expired time. This policy may be canceled at any time by this Company by giving to the insured a 20 (twenty) days' written notice of cancellation with or without tender of the excess of paid premium above the pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand. If the reason for the cancellation is nonpayment of premium or fraud, this policy may be canceled by this Company by giving to the insured a 10 (ten) days' written notice of cancellation.

### Mortgagee interests and obligations

If loss hereunder is made payable, in whole or in part, to a designated mortgagee not named herein as the insured, the interest in this policy may be canceled by giving to the mortgagee a 10 days' written notice of cancellation.

If the insured fails to render proof of loss the mortgagee, upon notice, shall render proof of loss in the form herein specified within sixty (60) days thereafter and shall be subject to the provisions hereof relating to appraisal and time of payment and of bringing suit. If this Company shall claim that no liability existed as to the mortgagor or owner, it shall, to the extent of payment of loss to the mortgagee, be subrogated to all the mortgagee's rights of recovery, but without impairing mortgagee's right to sue; or it may pay off the mortgage debt and require an assignment thereof and of the mortgage. Other provisions relating to the interests and obligations of the mortgagee may be added hereto by agreement in writing.

### Pro rata liability

This Company shall not be liable for a greater proportion of any loss than the amount hereby insured shall bear to the whole insurance covering the property against the peril involved, whether collectible or not.

### Requirements in case loss occurs

The insured shall give written notice to this Company of any loss without unnecessary delay, protect the property from further damage, forthwith separate the damaged and undamaged personal property, put it in the best possible order, furnish a complete inventory of the destroyed, damaged and undamaged property, showing in detail quantities, costs, actual cash value and amount of loss claimed; and within 60 days after the loss, unless the time is extended in writing by this Company, the insured shall render to this Company a proof of loss, signed and sworn to by the insured, stating the knowledge and belief of the insured as to the following: the time and origin of the loss, the interest of the insured and of all others in the property, the actual cash value of each

Page 3

# Allstate Insurance Company

Policy Number: 0 04 908190 09/16    Your Agent: Ghanbar Hosseini (925) 228-6556
For Premium Period Beginning: Sep. 16, 2005

item thereof and the amount of loss thereto, all encumbrances thereon, all other contracts of insurance, whether valid or not, covering any of said property, any changes in the title, use, occupation, location, possession or exposures of said property since the issuing of this policy, by whom and for what purpose any building herein described and the several parts thereof were occupied at the time of loss and whether or not it then stood on leased ground, and shall furnish a copy of all the descriptions and schedules in all policies and, if required and obtainable, verified plans and specifications of any building, fixtures or machinery destroyed or damaged.

The insured, as often as may be reasonably required and subject to the provisions of Section 2071.1, shall exhibit to any person designated by this Company all that remains of any property herein described, and submit to examinations under oath by any person named by this Company, and subscribe the same; and, as often as may be reasonably required, shall produce for examinations all books of account, bills, invoices, and other vouchers, or certified copies thereof if the originals be lost, at any reasonable time and place as may be designated by this Company or its representative, and shall permit extracts and copies thereof to be made. The insurer shall inform the insured that tax returns are privileged against disclosure under applicable law but may be necessary to process or determine the claim.

The insurer shall notify every claimant that they may obtain, upon request, copies of claim-related documents. For purposes of this section, "claim-related documents" means all documents that relate to the evaluation of damages, including, but not limited to, repair and replacement estimates and bids, appraisals, scopes of loss, drawings, plans, reports, third party findings on the amount of loss, covered damages, and cost of repairs, and all other valuation, measurement, and loss adjustment calculations of the amount of loss, covered damage, and cost of repairs. However, attorney work product and attorney-client privileged documents, and documents that indicate fraud by the insured or that contain medically privileged information, are excluded from the documents an insurer is required to provide pursuant to this section to a claimant. Within 15 calendar days after receiving a request from an insured for claim-related documents, the insurer shall provide the insured with copies of all claim-related documents, except those excluded by this section. Nothing in this section shall be construed to affect existing litigation discovery rights.

### Appraisal

In case the insured and this Company shall fail to agree as to the actual cash value or the amount of loss, then, on the written request of either, each shall select a competent and disinterested appraiser and notify the other of the appraiser selected within 20 days of the request. Where the request is accepted, the appraisers shall first select a competent and disinterested umpire; and failing for 15 days to agree upon the umpire, then, on request of the insured or this Company, the umpire shall be selected by a judge of a court of record in the state in which the property covered is located. Appraisal proceedings are informal unless the insured and this Company mutually agree otherwise. For purposes of this section, "informal" means that no formal discovery shall be conducted, including depositions, interrogatories, requests for admission, or other forms of formal civil discovery, no formal rules of evidence shall be applied, and no court reporter shall be used for the proceedings. The appraisers shall then appraise the loss, stating separately actual cash value and loss to each item; and, failing to agree, shall submit their differences, only, to the umpire. An award in writing, so itemized, of any two when filed with this Company shall determine the amount of actual cash value and loss. Each appraiser shall be paid by the party selecting him or her and the expenses of appraisal and umpire shall be paid by the parties equally. In the event of a government-declared disaster, as defined in the Government Code, appraisal may be requested by either the insured or this Company but shall not be compelled.

### Adjusters

Page 4

PROP *610000406050257004643490*



# Allstate Insurance Company

Policy Number:  9 04 908190 09/16      Your Agent:   Ghanbar Hosseini  (925) 228-5555
For Premium Period Beginning: Sep. 15, 2005

If, within a six-month period, the Company assigns a third or subsequent adjuster to be primarily responsible for a claim, the insurer, in a timely manner, shall provide the insured with a written status report. For purposes of this section, a written status report shall include a summary of any decisions or actions that are substantially related to the disposition of a claim, including, but not limited to, the amount of losses to structures or contents, the retention or consultation of design or construction professionals, the amount of coverage for losses to structures or contents and all items of dispute.

### Company's options

It shall be optional with this Company to take all, or any part, of the property at the agreed or appraised value, and also to repair, rebuild or replace the property destroyed or damaged with other of like kind and quality within a reasonable time, on giving notice of its intention so to do within 30 days after the receipt of the proof of loss herein required.

### Abandonment

There can be no abandonment to this Company of any property.

### When loss payable

The amount of loss for which this Company may be liable shall be payable 60 days after proof of loss, as herein provided, is received by this Company and ascertainment of the loss is made either by agreement between the insured and this Company expressed in writing or by the filing with this company of an award as herein provided.

### Suit

No suit or action on this policy for the recovery of any claim shall be sustainable in any court of law or equity unless all the requirements of this policy shall have been complied with, and unless commenced within 12 months next after inception of the loss.

### Subrogation

This Company may require from the insured an assignment of all right of recovery against any party for loss to the extent that payment therefor is made by this Company.

**Page 5**

# Allstate Insurance Company

Policy Number:  9 04 908190 09/16      Your Agent:    Ghanbar Hosseini  (925) 228-6556
For Premium Period Beginning:  Sep. 16, 2005

---

# Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

---

*This Endorsement Changes Your Policy — Keep It With Your Policy*

## Building Structure Reimbursement
## Extended Limits Endorsement — AP445 (4/95)

For an additional premium and when the Policy Declarations indicates that the "Building Structure Reimbursement Extended Limits Endorsement" applies, the following amendment is made to condition 5 (titled "How We Pay For A Loss") in Section I Conditions:

In provision c) (titled "Building Structure Reimbursement."), item 3) of the second paragraph is replaced by the following:

3)  150% of the limit of liability applicable to the building structure(s) as shown on the Policy Declarations for Coverage A — Dwelling Protection or Coverage B — Other Structures Protection, regardless of the number of building structures and structures other than building structures involved in the loss.

This endorsement does not apply to any optional coverage purchased for earthquake damage, if earthquake damage coverage is purchased with your homeowner policy.

This endorsement applies only if:

1)  You insure your dwelling, attached structures and detached building structures to 100% of replacement cost as determined by:
    a)  a home replacement cost estimator completed and based on the accuracy of information you furnished; or
    b)  our inspection of your residence premises;

2)  You have accepted the Property Insurance Adjustment Condition, agree to accept each annual adjustment in the Coverage A — Dwelling Protection limit of liability, and pay any additional premium charged; and

3)  You notify us within 60 days of the start of any modifications that increase the aggregate value of your dwelling, attached structures and detached building structures at the residence premises by $5,000 or more, and pay any resulting additional premium due for the increase in value.

All other policy terms and conditions apply.

PROP *61060040605025700494343491*



# Allstate Insurance Company

Policy Number:  9 04 908198 09/15      Your Agent:    Ghanbar Hosseini  (925) 228-6586
For Premium Period Beginning:  Sep. 15, 2005

---

# Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

---

*This Endorsement Changes Your Policy — Keep It With Your Policy*

## *Amendment of Policy Provisions* — AP425

This endorsement amends all of the following Allstate Insurance Company and Allstate Indemnity Company policies: Standard Mobilehome, Deluxe Mobilehome, Farmer's Comprehensive Personal Liability, Comprehensive Personal Liability, Residential Fire, Basic Homeowners, Standard Homeowners, Deluxe Homeowners, Deluxe Plus Homeowners, Deluxe Select Value Homeowners, Standard Select Value Homeowners, Deluxe Country Homeowners, Renters, Landlord Package Policy, Condominium Owners, Boatowners, and Recreational Package Policy. This endorsement is in addition to all other endorsements which apply to these policies.

It is agreed that the following changes are made to the General provisions:

A.    The following provision is added:

**Conditional Reinstatement**
If we mail a cancellation notice because you didn't pay the required premium when due and you then tender payment by check, draft, or other remittance which is not honored upon presentation, your policy will terminate on the date and time shown on the cancellation notice and any notice we issue which waives the cancellation or reinstates coverage is void. This means that Allstate will not be liable under this policy for claims or damages after the date and time indicated on the cancellation notice.

B.    Under the provision titled **Cancellation**, the following is added:

Any unearned premium amounts under $2.00 will be refunded only upon **your** request.

## Allstate Insurance Company

Policy Number: 9 04 906190 09/16    Your Agent: Ghanbar Hossaini (925) 228-8566
For Premium Period Beginning: Sep. 16, 2005

# Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

## LENDER'S LOSS PAYABLE ENDORSEMENT — AU319 (10-78)

1.  Loss or damage, if any, under this policy shall be paid, as provided in this Endorsement, to the Payee named on the first page of this policy, its successors and assigns, hereinafter referred to as "the Lender," in whatever form or capacity its interests may appear and whether said interest be vested in said Lender in its individual or in its disclosed or undisclosed fiduciary or representative capacity, or otherwise, or vested in a nominee or trustee of said Lender.

2.  The insurance under this policy, or any rider or endorsement attached thereto, as to the interest only of the Lender, its successors and assigns, shall not be invalidated nor suspended: (a) by any error, omission, or change respecting the ownership, description, possession, or location of the subject of the insurance or the interest therein, or the title thereto; (b) by the commencement of foreclosure proceedings or the giving of notice of sale of any of the property covered by this policy by virtue of any mortgage or trust deed; (c) by any breach of warranty, act, omission, neglect, or non-compliance with any of the provisions of this policy, including any and all riders now or hereafter attached thereto, by the named insured, the borrower, mortgagor, trustor, vendee, owner, tenant, warehouseman, custodian, occupant, or by the agents of either or any of them or by the happening of any event permitted by them or either of them, or their agents, or which they failed to prevent, whether occurring before or after the attachment of this endorsement, or whether before or after a loss, which under the provisions of this policy of insurance or of any rider or endorsement attached thereto would invalidate or suspend the insurance as to the named insured, excluding herefrom, however, any acts or omissions of the Lender while exercising active control and management of the property.

3.  In the event of failure of the insured to pay any premium or additional premium which shall be or become due under the terms of this policy or on account of any change in occupancy or increase in hazard not permitted by this policy, this Company agrees to give written notice to the Lender of such non-payment of premium after sixty (60) days from and within one hundred and twenty (120) days after due date of such premium and it is a condition of the continuance of the rights of the Lender hereunder that the Lender when so notified in writing by this Company of the failure of the insured to pay such premium shall pay or cause to be paid the premium due within ten (10) days following receipt of the Company's demand in writing therefor. If the Lender shall decline to pay said premium or additional premium, the rights of the Lender under this Lender's Loss Payable Endorsement shall not be terminated before ten (10) days after receipt of said written notice by the Lender.

4.  Whenever this Company shall pay to the Lender any sum for loss or damage under this policy and shall claim that as to the insured no liability therefor exists, this Company, at its option, may pay to the Lender the whole principal sum and interest and other indebtedness due or to become due from the insured, whether secured or unsecured, (with refund of all interest not accrued), and this Company, to the extent of such payment, shall thereupon receive a full assignment and transfer, without recourse, of the debt and all rights and securities held as collateral thereto.

PROP *S100004060509570049494B2*



Page 1

# Allstate Insurance Company

Policy Number: 9 04 908190 09/16     Your Agent:     Ghanbar Hossaini  (925) 228-5556
For Premium Period Beginning: Sep. 16, 2005

5.   If there be any other insurance upon the within described property, this Company shall be liable under this policy as to the Lender for the proportion of such loss or damage that the sum hereby insured bears to the entire insurance of similar character on said property under policies held by, payable to and expressly consented to by the Lender. Any Contribution Clause included in any Fallen Building Clause Waiver or any Extended Coverage Endorsement attached to this contract of insurance is hereby nullified, and also any Contribution Clause in any other endorsement or rider attached to this contract of insurance is hereby nullified except Contribution Clauses for the compliance with which the insured has received reduction in the rate charged or has received extension of the coverage to include hazards other than fire and compliance with such Contribution Clause is made a part of the consideration for insuring such other hazards. The Lender, upon the payment to it of the full amount of its claim, will subrogate this Company (pro rata with all other insurers contributing to said payment) to all of the Lender's rights of contribution under said other insurance.

6.   This Company reserves the right to cancel this policy at any time, as provided by its terms, but in such case this policy shall continue in force for the benefit of the Lender for ten (10) days after written notice of such cancellation is received by the Lender and shall then cease.

7.   This policy shall remain in full force and effect as to the interest of the Lender for a period of ten (10) days after its expiration unless an acceptable policy in renewal thereof with loss thereunder payable to the Lender in accordance with the terms of this Lender's Loss Payable Endorsement, shall have been issued by some insurance company and accepted by the Lender.

8.   Should legal title to and beneficial ownership of any of the property covered under this policy become vested in the Lender or its agents, insurance under this policy shall continue for the term thereof for the benefit of the Lender but, in such event, any privileges granted by this Lender's Loss Payable Endorsement which are not also granted the insured under the terms and conditions of this policy and/or under other riders or endorsements attached thereto shall not apply to the insurance hereunder as respects such property.

9.   All notices herein provided to be given by the Company to the Lender in connection with this policy and this Lender's Loss Payable Endorsement shall be mailed to or delivered to the Lender at its office or branch described on the first page of the policy.

Approved:
Board of Fire Underwriters of the Pacific,
California Bankers' Association,
                Committee on Insurance.

11615261.tif - 1/3/2007 10:56:18 AM

# Allstate Insurance Company

Policy Number: 9 04 908190 09/16     Your Agent:   Ghanbar Hosseini (925) 228-8556
For Premium Period Beginning: Sep. 16, 2005

---

# Policy Endorsement

*The following endorsement changes your policy. Please read this document carefully and keep it with your policy.*

---

*This Coverage Form Changes Your Policy — Keep It With Your Policy*

## California
## Workers' Compensation And Employers' Liability Coverage For Residence Employees Coverage Form — AP1127

THIS COVERAGE FORM AMENDS THE FOLLOWING ALLSTATE INSURANCE COMPANY AND ALLSTATE INDEMNITY COMPANY POLICIES: Deluxe, Deluxe Plus, Standard Homeowners, Condominium and Renters

**Part A — Coverages Defined**
When "Workers' Compensation and Employers' Liability Coverage For Residence Employees" appears on the Policy Declarations (Coverage WC), the following coverages apply:

**Coverage I: Workers' Compensation**
With respect to a residence employee, Allstate will pay on behalf of an insured person as an employer of a residence employee all benefits when due as required by the California Workers' Compensation Law. At a minimum, such benefits will be equivalent to those benefits in the standard workers' compensation policy issued in California. If benefits prescribed by a state other than the State of California apply, Allstate will pay those instead; and

**Coverage II: Employers' Liability**
With respect to a residence employee, Allstate will pay on behalf of an insured person, all damages for which an insured person is legally liable because of bodily injury sustained by a residence employee. This coverage, however, does not apply to any suit brought or judgment or to any action on such judgment rendered by any court outside of the United States of America, its territories and possessions, or Canada.

**Definitions Used in This Coverage Form**
The following definitions apply only for the purposes of this coverage form:
1.   **Business — means:**
    a.   any full or part-time activity of any kind engaged in for economic gain and the use of any part of any premises for such purposes. The providing of home day care services to other than an insured person or relative of an insured person for economic gain is also a business; however, the mutual exchange of home day care services is not considered a business.

    b.   unless described on the Policy Declarations, any property rented or held for rental by an insured person. Rental of your residence premises is not considered a business when:
       i.    it is rented occasionally for residential purposes;
       ii.   a portion is rented to not more than two roomers or boarders; or
       iii.   a portion is rented as a private garage.

Page 1

PROP *910000400050257004948458*



11615261.tif - 1/3/2007 10:56:18 AM

# Allstate Insurance Company

Policy Number: 9 04 908190 09/16    Your Agent:    Ghanbar Hossaini  (925) 228-6555
For Premium Period Beginning: Sep. 16, 2005

2.  **Bodily injury** — means bodily harm, sickness or occupational disease, including required care, and death including reasonable burial expense.

3.  **Residence employee** — means an employee of any **insured person;** while
    a.  performing duties arising out of and in the course of employment in connection with a **residence premises;** or

    b.  performing similar duties elsewhere which are related to or arise from an insured premises, except those duties performed in connection with a business of any insured person.

**Residence employee,** however, does not include an employee, who, during the 90 calendar days immediately preceding the date of their injury,
(1)  engaged in such employment for less than 52 hours; or

(2)  earned less than $100 in wages.

## Conditions of Coverage
Coverage under this form applies only if all of the following conditions are met:
1.  The **bodily injury** to the **residence employee** must be caused by an employment related accident or an occupational disease.

2.  The **bodily injury** to a **residence employee** must occur while the **residence employee** is:
    a.  in the United States of America, its territories or possessions, or Canada; or

    b.  temporarily located elsewhere but only if they are a citizen or resident of the United States or Canada.

3.  The **bodily injury** to a **residence employee** must occur during the policy period.

4.  If **bodily injury** to a **residence employee** results from or is aggravated by an occupational disease, the employee's last day of exposure to the conditions causing or aggravating such **bodily injury** must occur during the policy period while the **residence employee** is in the employment of an **insured person.**

## Applicable Policy Provisions
In addition to the provisions specific to this coverage form, the following policy parts apply:
1.  Under the "General" Policy Section:
    a.  "Definitions Used In This Policy", the following definitions apply: **Allstate, we, us, our, Insured person(s), Insured premises, Residence premises, You and your.**
    b.  "Coverage Changes"
    c.  "Policy Transfer"
    d.  "Continued Coverage After Your Death"
    e.  "Cancellation"
    f.  "Concealment Or Fraud"

2.  Under Section II — "Family Liability and Guest Medical Protection", "Coverage X — Family Liability Protection", "Losses We Cover Under Coverage X", only that part of the provision pertaining to the defense of any **insured person.**

3.  Under Section II — "Additional Protection":
    "Claim Expense(s)"

4.  Under Section II — "Conditions":

**Page 2**

# Allstate Insurance Company

Policy Number: 9 04 908190 09/16    Your Agent:    Ghanbar Hossaini  (925) 228-6556
For Premium Period Beginning: Sep. 16, 2005

a.  "What You Must Do After An Accidental Loss", except those references to "property damage" and "Damage To Property Of Others" within this provision do not apply.
b.  "Bankruptcy"
c.  "Our Rights to Recover Payment — Coverage X — Family Liability Protection"
d.  "Suit Against Us"

**Additional Provisions Applicable to This Coverage Form**

1.  **Conformity to State Statutes**
    Provisions of this coverage form conflicting with the California Workers' Compensation Law regarding any residence employee for whom workers' compensation benefits must be provided by this coverage form are amended to conform to the appropriate state law.

2.  **Other Insurance**
    If a loss covered by this coverage form is also covered by other insurance, Allstate will pay only that proportion of benefits and/or damages the limits of liability applying to this coverage form bear to the total amount of insurance covering the loss. If however, any other insurance is written specifically on an excess basis over the limits of liability of this policy, coverage under this form will be primary.

3.  **Notice of Claim**
    Under Coverage I: Workers' Compensation, we will consider knowledge by any insured person of bodily injury to a residence employee to be knowledge by us.

4.  **Our Rights to Review Your Employment Records**
    Allstate or our legal representative has the right but not the obligation to review any records related to the employment of a residence employee by an insured person. We may review these records and adjust premiums for a period of up to three years from the last anniversary date of the policy to which this coverage form is attached. Our review, performed with your knowledge and cooperation, will occur during regular business hours and may be used to determine and adjust the premiums accordingly for the latest three policy terms this coverage was in force.

**Limits of Liability — Coverage II:**
Our total limit of liability shall not exceed $100,000 for all damages because of bodily injury:
a.  sustained by one or more residence employees in any one accident; or

b.  caused by disease and sustained by a residence employee.

Our total limit of liability shall not exceed $500,000 for all damages arising out of bodily injury by disease regardless of the number of residence employees who sustain injury by disease.

**Exclusions**
Coverage does not apply:
1.  Under Coverages I and II, to any bodily injury or liability:
    a.  to anyone other than a residence employee;
    b.  arising from any business of an insured person; or

Page 3

PROP *81D0004080502570049494984*

# Allstate Insurance Company

Policy Number: 9 04 908190 09/16      Your Agent:      Ghanbar Hosseini  (925) 228-6356
For Premium Period Beginning: Sep. 16, 2005

2. Under Coverage II, to any damages for which you become liable because of:
   a. assumption of liability by any insured person under any contract or agreement;
   b. any liability resulting from intentional acts of any insured person;
   c. any liability resulting from the employment of any residence employee employed in violation of law;
   d. the employment of an insured person by any other insured person.
   e. any obligations imposed by a workers' compensation, occupational disease, unemployment compensation, disability benefits law or similar law;
   f. any liability for bodily injury by an occupational disease unless a written claim is made or suit brought against an insured person within 36 months after the end of the policy period to which this coverage form applies;
   g. punitive or exemplary damages; or
   h. any employment practices prohibited by any California or Federal statute.

## Part B — Schedule of Full Time Residence Employees

| Code No. | Classification of Employees | No. Of Employees | Rate Per Employee | Premium Charge |
|----------|------------------------------|------------------|-------------------|----------------|
| 0913 | Residence Employees Inservants | | | |
| 0912 | Residence Employees Outservants | | | |

11615261.tif - 1/3/2007 10:56:18 AM

FEB-05-2007(MON) 15:39    ONE LEGAL-MARIN BRANCH    (FAX)1 415 491 0434    P. 002/002

2.1.07

FEB. 1. 2007 10:12AM    SO  NSCHEIN NATH    NO. 2581    P. 2

1   MICHAEL BARNES (State Bar No. 121314)
    SONIA MARTIN (State Bar No. 191148)
2   SONNENSCHEIN NATH & ROSENTHAL LLP
    525 Market Street, 26th Floor
3   San Fransisco, CA 94105
    Telephone: (415) 882-5000
4   Facsimile: (415) 882-0300
    Email:      mbarnes@sonnenschein.com
5               smartin@sonnenschein.com

6   Attorneys for Defendant
    ALLSTATE INSURANCE COMPANY

7

8                 SUPERIOR COURT OF CALIFORNIA

9                      COUNTY OF MARIN

10

11  IRAJ SAFAPOUR AND MAHVASH          No. CV 065466
    SAFAPOUR,
12                                     ALLSTATE INSURANCE COMPANY'S
             Plaintiffs,               ANSWER TO PLAINTIFFS'
13                                     COMPLAINT
        vs.
14
    ALLSTATE INSURANCE COMPANY,
15  and Does 1-50, inclusive,
                                            BY FAX
16           Defendants.

17

18

19      Defendant Allstate Insurance Company ("Allstate"), on behalf of itself and no others,

20  hereby answers the unverified Complaint (the "Complaint") of plaintiffs Iraj Safapour and

    Mahvash Safapour ("plaintiffs") as follows:
21
                                General Denial
22
        Allstate generally denies each and every material allegation in plaintiffs' Complaint
23
    pursuant to Code of Civil Procedure section 431.30(d). Allstate further denies that plaintiffs
24
    have sustained any injury, damage, or loss by reason of any conduct, action, error, or omission
25
    on the part of Allstate.
26
        This Answer is filed without prejudice to Allstate's right to file an amended Answer or
27
    other response, including a Cross-Complaint, after conducting discovery.
28

                                      -1-
          ALLSTATE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

FILED

FEB 0 1 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: A. Garcia, Deputy

1  MICHAEL BARNES (State Bar No. 121314)
   SONIA MARTIN (State Bar No. 191148)
2  SONNENSCHEIN NATH & ROSENTHAL LLP
   525 Market Street, 26th Floor
3  San Francisco, CA 94105
   Telephone: (415) 882-5000
4  Facsimile:  (415) 882-0300
   Email:     mbarnes@sonnenschein.com
5             smartin@sonnenschein.com

6  Attorneys for Defendant
   ALLSTATE INSURANCE COMPANY
7

8            SUPERIOR COURT OF CALIFORNIA

9               COUNTY OF MARIN

10

11 IRAJ SAFAPOUR AND MAHVASH          No. CV 065466
   SAFAPOUR,
12                                    **ALLSTATE INSURANCE COMPANY'S**
              Plaintiffs,             **ANSWER TO PLAINTIFFS'**
13                                    **COMPLAINT**
        vs.
14
   ALLSTATE INSURANCE COMPANY,
15 and Does 1-50, inclusive,

16            Defendants.

17

18
         Defendant Allstate Insurance Company ("Allstate"), on behalf of itself and no others,
19
   hereby answers the unverified Complaint (the "Complaint") of plaintiffs Iraj Safapour and
20
   Mahvash Safapour ("plaintiffs") as follows:
21
                            **General Denial**
22
         Allstate generally denies each and every material allegation in plaintiffs' Complaint
23
   pursuant to Code of Civil Procedure section 431.30(d).  Allstate further denies that plaintiffs
24
   have sustained any injury, damage, or loss by reason of any conduct, action, error, or omission
25
   on the part of Allstate.
26
         This Answer is filed without prejudice to Allstate's right to file an amended Answer or
27
   other response, including a Cross-Complaint, after conducting discovery.
28

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA  94105-2708
(415) 882-5000

**AFFIRMATIVE DEFENSES**

(Applicable To All Causes of Action)

**First Defense**

**(Failure to State a Cause of Action)**

The Complaint, and each and every purported cause of action therein, fails to state facts sufficient to constitute a cause of action against Allstate.

**Second Defense**

**(Absence of Fault by Allstate)**

Plaintiffs have not been injured or damaged in any way or in any manner as a result of any alleged act, conduct or omission of Allstate.

**Third Defense**

**(Good Faith of Allstate)**

Allstate's conduct was at all times reasonable and in good faith, not tortious.

**Fourth Defense**

**(Plaintiffs' Claim Raised Genuine Issues)**

Plaintiffs should take nothing pursuant to the Complaint because their claims to Allstate raised genuine issues and/or disputes as to Allstate's duties, if any, under the Allstate Homeowners Policy at issue in the Complaint (the "Policy"), and Allstate's belief in the validity of these issues and/or disputes was reasonable.

**Fifth Defense**

**(Estoppel)**

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of estoppel.

**Sixth Defense**

**(Waiver)**

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of waiver.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

ALLSTATE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

1

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

## Seventh Defense

### (Laches)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of laches.

## Eighth Defense

### (Unclean Hands)

The Complaint, and each and every purported cause of action therein, is barred against Allstate by the doctrine of unclean hands.

## Ninth Defense

### (No Coverage for Claimed Losses)

The Complaint, and each and every purported cause of action therein, is barred to the extent that it seeks payment, reimbursement, contribution, or indemnification for, or is based on, a loss that is not covered by, or is excluded from, coverage under the terms, exclusions, conditions and limitations of the Policy.

## Tenth Defense

### (Mitigation of Damages)

Plaintiffs' recovery against Allstate, if any, is barred and/or limited to the extent plaintiffs have failed to mitigate, minimize or avoid any damages they have allegedly suffered.

## Eleventh Defense

### (No Punitive Damages)

The Complaint fails to state facts sufficient to entitle plaintiffs to punitive damages.

## Twelfth Defense

### (Unconstitutionality of Punitive Damages)

Plaintiffs' claim for punitive damages is barred because the California punitive damage statute is unconstitutional in that it is void for vagueness, violates the equal protection clause, violates the due process clause, is an undue burden on interstate commerce, violates the contract clause, and violates the Eighth Amendment proscription against excessive fines pursuant to the United States and California Constitutions.

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

### Thirteenth Defense

### (Bad Faith of Plaintiffs)

The Complaint is barred to the extent that plaintiffs themselves have acted in bad faith.

### Fourteenth Defense

### (Failure to State Sufficient Facts)

The Complaint fails to state facts sufficient to entitle plaintiffs to tort damages.

### Fifteenth Defense

### (Failure to Comply With Policy Terms)

The Complaint is barred to the extent the plaintiffs have failed to perform all of their obligations under the Policy, including their duties to cooperate with Allstate in the processing of its claims and to document and substantiate their claimed losses.

### Sixteenth Defense

### (Policy Limits)

Plaintiffs' Policy is subject to certain deductibles and coverage limits. Even if the policy provided coverage for the alleged loss, that coverage would be subject to the Policy's deductibles and coverage limits.

### Seventeenth Defense

### (No Direct Physical Loss)

The loss is not covered to the extent it was not caused by "sudden and accidental direct physical loss" to covered property.

### Eighteenth Defense

### (Policy Exclusions)

The loss was excluded from coverage under the Policy, in whole or in part, by Exclusions 15, 21, 22 and 24 under Coverage A (Dwelling Protection) and Exclusions 2 and 16 of Coverage C (Personal Property Protection).

ALLSTATE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

SONNENSCHEIN NATH & ROSENTHAL LLP
525 MARKET STREET, 26TH FLOOR
SAN FRANCISCO, CALIFORNIA 94105-2708
(415) 882-5000

## Nineteenth Defense

### (Set-Off)

To the extent Allstate is liable to plaintiffs, if at all, Allstate is entitled to a set-off on account of damages sustained by Allstate as a result of plaintiffs' acts, conduct or omissions.

## Twentieth Defense

### (Appraisal)

Plaintiffs' claim for additional policy benefits is subject in whole or in part to appraisal under the Policy.

## Twenty-First Defense

### (Right to Assert Additional Defenses)

Allstate reserves its right to amend its Answer to the Complaint to assert any additional defenses and/or applicable terms, provisions, exclusions, limitations or conditions of the Policy, as may become apparent during discovery in this action.

WHEREFORE, Allstate prays for judgment as follows:

1. That plaintiffs take nothing by way of their Complaint;

2. That the Complaint be dismissed with prejudice and judgment entered in favor of Allstate;

3. That Allstate be awarded costs and attorneys' fees incurred in this action; and

4. For such other and further relief as this Court deems just and proper.

Dated: January 31, 2007

SONNENSCHEIN NATH & ROSENTHAL LLP

By _____
SONIA MARTIN

Attorneys for Defendant
ALLSTATE INSURANCE COMPANY

27257785

ALLSTATE INSURANCE COMPANY'S ANSWER TO PLAINTIFFS' COMPLAINT

<u>PROOF OF SERVICE</u>

I, Cynthia Lakes, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Sonnenschein Nath & Rosenthal LLP, 525 Market Street, 26th Floor, San Francisco, California 94105.

On February 1, 2007, I caused to be served on the interested parties in this action the following document(s):

## ANSWER TO COMPLAINT

by placing a true copy(ies) thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

> William Green, Esq.
> Delfino Green & Green
> 1010 B Street, Suite 320
> San Rafael, CA 94901
>
> Telephone: 442-4646
> Fax: 442-4802

☒    U.S. MAIL: I am personally and readily familiar with the business practice of Sonnenschein Nath & Rosenthal LLP for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

☐    FACSIMILE TRANSMISSION: I caused such document to be sent by facsimile transmission at the above-listed fax number for the party.

☐    HAND DELIVERY: I caused such document to be served by hand delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on February 1, 2007, at San Francisco, California.

Cynthia Lakes

4.30.07

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William Green   SBN#129816<br>DELFINO GREEN & GREEN<br>1010 B Street, Suite #320<br>San Rafael, Ca 94903<br>TELEPHONE NO.: 415-442-4646      FAX NO. (Optional): 415-442-4802<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs, Iraj Safapour and Mahvash Safapour | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF   Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael, CA  94903
BRANCH NAME: County of Marin

PLAINTIFF/PETITIONER:  Iraj Safapour and Mahvash Safapour

DEFENDANT/RESPONDENT:  Allstate Insurance Company

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):   [✓] UNLIMITED CASE<br>(Amount demanded exceeds $25,000)    [ ] LIMITED CASE<br>(Amount demanded is $25,000 or less) | CV 065466 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: May 14, 2007          Time: 9:00 a.m.     Dept.: B          Div.:          Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** (answer one):
   a. [✓] This statement is submitted by party (name): Plaintiffs
   b. [ ] This statement is submitted **jointly** by parties (names):

2. **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
   a. The complaint was filed on (date): December 20, 2006
   b. [ ] The cross-complaint, if any, was filed on (date):

3. **Service** (to be answered by plaintiffs and cross-complainants only)
   a. [✓] All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. [ ] The following parties named in the complaint or cross-complaint
      (1) [ ] have not been served (specify names and explain why not):
      (2) [ ] have been served but have not appeared and have not been dismissed (specify names):
      (3) [ ] have had a default entered against them (specify names):
   c. [ ] The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4. **Description of case**
   a. Type of case in [✓] complaint    [ ] cross-complaint     (describe, including causes of action):
      Damages for Breach of Contract and Breach of the Implied Covenant of Good and Faith and Fair Dealing.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720-3.730<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER:  Iraj Safapour and Mahvash Safapour | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:  Allstate Insurance Company | CV 065466 |

4. b.   Provide a brief statement of the case, including any damages. *(If personal injury  damages are sought, specify  the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

While the Policy was in full force and effect, PLAINTIFFS's home was damaged by a rain storm on or about December 29, 2005.  The said rain storm was so extreme that the federal government proclaimed Marin County a national disaster area.  PLAINTIFFS's personal property and real property were either damaged or destroyed.  Said damage included but was not limited to damage to the exterior of the structure, damage to the interior of the structure, and damage to PLAINTIFFS furniture and antique/ luxury carpets.  PLAINTIFF'S submitted a claim for benefits under the Policy. DEFENDANTS failed and refused to provide  PLAINTIFFs with the benefits to which they were/are entitled under the Policy.

☐   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   ☑ a jury trial   ☐ a nonjury trial      *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   ☐   The trial has been set for *(date):*
b.   ☑   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   ☑ days *(specify number):*  3-5 days
b.   ☐ hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   ☑ by the attorney or party listed in the caption   ☐ by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
☐   Additional representation is described in Attachment 8.

9.   **Preference**
☐   This case is entitled to preference *(specify code section):*

10.  **Alternative Dispute Resolution (ADR)**
a.   Counsel   ☑ has   ☐ has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   ☐   The case has gone to an ADR process *(indicate status):*

**CASE MANAGEMENT STATEMENT**

CM-110

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour | CV 065466 |
| DEFENDANT/RESPONDENT: Allstate Insurance Company | |

10. d.   The party or parties are willing to participate in *(check all that apply)*:

   (1) [✓] Mediation
   (2) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
   (3) [ ] Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
   (4) [ ] Binding judicial arbitration
   (5) [ ] Binding private arbitration
   (6) [ ] Neutral case evaluation
   (7) [ ] Other *(specify)*:

   e. [ ] This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
   f. [ ] Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
   g. [ ] This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption)*:

11. **Settlement conference**
   [✓] The party or parties are willing to participate in an early settlement conference *(specify when)*:

12. **Insurance**
   a. [ ] Insurance carrier, if any, for party filing this statement *(name)*:
   b. Reservation of rights: [ ] Yes   [ ] No
   c. [ ] Coverage issues will significantly affect resolution of this case *(explain)*:

13. **Jurisdiction**
   Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
   [ ] Bankruptcy   [ ] Other *(specify)*:
   Status:

14. **Related cases, consolidation, and coordination**
   a. [ ] There are companion, underlying, or related cases.
      (1) Name of case:
      (2) Name of court:
      (3) Case number:
      (4) Status:
      [ ] Additional cases are described in Attachment 14a.
   b. [ ] A motion to   [ ] consolidate   [ ] coordinate   will be filed by *(name party)*:

15. **Bifurcation**
   [ ] The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons)*:

16. **Other motions**
   [ ] The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues)*:

CM-110 [Rev. January 1, 2007]                **CASE MANAGEMENT STATEMENT**                Page 3 of 4

CM-110

| PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance Company | CV 065466 |

17. **Discovery**
   a. ☐ The party or parties have completed all discovery.
   b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Plaintiff | Interrogatories | 7/1/07 |
| Plaintiff | Request for Production of Documents | 7/1/07 |
| Plaintiff | Depositions | 10/1/07 |

   c. ☐ The following discovery issues are anticipated *(specify)*:

18. **Economic Litigation**
   a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

19. **Other issues**
   ☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

20. **Meet and confer**
   a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b. ☐ After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

21. **Case management orders**
   Previous case management orders in this case are *(check one)*:  ☑ none  ☐ attached as Attachment 21.

22. Total number of pages attached *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: April 30, 2007

| William Green | |
|---|---|
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |
| (TYPE OR PRINT NAME) | (SIGNATURE OF PARTY OR ATTORNEY) |

☐ Additional signatures are attached

1

2                                    **PROOF OF SERVICE**

3          I, Elissa Ruiz, declare that:

4          I am employed in the County of San Rafael, State of California; I am over the age of eighteen years and not
   a party to the within cause; my business address is 1010 B Street, Suite 320, San Rafael, Ca 94901.

5
           On April 30, 2007, I served the following document(s):
6
                                 **CASE MANAGEMENT STATEMENT**
7
   in said cause, on the following interested parties:
8
9  Michael Barnes, Esq.
   Sonia Martin, Esq.
10 SONNENSCHEIN NATH & ROSENTHAL LLP
   525 Market Street, 26th Floor
11 San Francisco, Ca  94105

12

13

14

15
   Said service was performed in the following manner:
16
   [x]    **BY U.S. POSTAL SERVICE (Mail):** I placed such document(s) in a sealed envelope addressed as
17 noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at San Rafael,
   California, on this date.
18
   []     **BY EXPRESS MAIL SERVICE (UPS or Federal Express):** I placed such document(s) in a sealed
19 envelope addressed as noted above, for collection and mailing by express mail service at San Rafael, California,
   on this date.
20
   []     **BY U.S. POSTAL SERVICE CERTIFIED (Mail):** I placed such document(s) in a sealed envelope
21 addressed as noted above, with first-class mail postage and certified mail fees, plus the appropriate U.S.
   Certified Mail card thereon fully prepaid, for collection and mailing at San Rafael, California, on this date.
22
   []     **BY PERSONAL SERVICE:**  I hand delivered such envelope to the address[es] listed above on this
23 date.

24 []     **BY FACSIMILE:**   I transmitted said document(s) by a facsimile machine to the parties at the
   number(s) indicated above on this date.
25
           I declare under penalty of perjury under the laws of the State of California and the United States that the
26 foregoing is true and correct.

27         Executed April 30, 2007, at San Rafael, California.

28
                                                        _Elissa Ruiz_
                                                        Elissa Ruiz



   Proof of Service

05.'01/07 04:27PM   ONELE851 CR-AS SONNENSCHEIN, NATH E 4158820300 Pg 3/3

5-1-07

MAY. 1. 2007  3:24PM    SONNENSCHEIN NATH                      NO. 1601   P. 2

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address)*: | FOR COURT USE ONLY |
|---|---|

Michael Barnes (SBN 121314)
Sonia Martin (SBN 191148)
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Flr., San Francisco, CA 94105
TELEPHONE NO.: 415-882-5000      FAX NO. *(Optional)*: 415-882-0300
E-MAIL ADDRESS *(Optional)*: smartin@sonnenschein.cm
ATTORNEY FOR *(Name)*: Defendant Allstate Insurance Company

**FILED**

MAY - 1 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
*By: B. Jones, Deputy*

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael, CA 94903
BRANCH NAME:

PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour

DEFENDANT/RESPONDENT: Allstate Insurance Company

| CASE MANAGEMENT STATEMENT | | | CASE NUMBER: |
|---|---|---|---|
| (Check one): | ☒ UNLIMITED CASE *(Amount demanded exceeds $25,000)* | ☐ LIMITED CASE *(Amount demanded is $25,000 or less)* | CV 065466 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: May 14, 2007        Time: 9:00 a.m.      Dept.: B      Div.:        Room:
Address of court *(if different from the address above)*:

INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.

1. **Party or parties** *(answer one)*:
   a. ☒  This statement is submitted by party *(name)*: Allstate Insurance Company
   b. ☐  This statement is submitted jointly by parties *(names)*:

**BY FAX**

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.      The complaint was filed on *(date)*:
   b. ☐  The cross-complaint, if any, was filed on *(date)*:

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐  All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐  The following parties named in the complaint or cross-complaint
      (1) ☐  have not been served *(specify names and explain why not)*:
      (2) ☐  have been served but have not appeared and have not been dismissed *(specify names)*:
      (3) ☐  have had a default entered against them *(specify names)*:
   c. ☐  The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served)*:

4. **Description of case**
   a. Type of case in ☒ complaint  ☐ cross-complaint   *(describe, including causes of action)*:
      Plaintiffs assert causes of action for breach of contract and bad faith.

Form Adopted for Mandatory Use
Judicial Council of California
CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,
rules 3.720-3.730
www.courtinfo.ca.gov

American LegalNet, Inc.
www.FormsWorkflow.com

PAGE 3/3 * RCVD AT 5/1/2007 6:25:51 PM [Central Daylight Time] * SVR:CHI2KRF01/21 * DNIS:4781 * CSID:ONELE851 * DURATION (mm-ss):00-54

CM-110

| | |
|---|---|
| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*<br>Michael Barnes (SBN 121314)<br>Sonia Martin (SBN 191148)<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>525 Market Street, 26th Flr., San Francisco, CA  94105<br>TELEPHONE NO.: 415-882-5000    FAX NO. *(Optional):*  415-882-0300<br>E-MAIL ADDRESS *(Optional):*  smartin@sonnenschein.cm<br>ATTORNEY FOR *(Name):*  Defendant Allstate Insurance Company | FOR COURT USE ONLY |

| |
|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Marin**<br>STREET ADDRESS:    3501 Civic Center Drive<br>MAILING ADDRESS:<br>CITY AND ZIP CODE:    San Rafael, CA  94903<br>BRANCH NAME: |

| |
|---|
| PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour<br>DEFENDANT/RESPONDENT: Allstate Insurance Company |

| | | |
|---|---|---|
| **CASE MANAGEMENT STATEMENT**<br>**(Check one):**   ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)   ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | CASE NUMBER:<br>CV 065466 |

| |
|---|
| A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:<br>Date: May 14, 2007    Time: 9:00 a.m.    Dept.: B    Div.:    Room:<br>Address of court *(if different from the address above):* |

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒   This statement is submitted by party *(name):* Allstate Insurance Company
   b. ☐   This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.   The complaint was filed on *(date):*
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties *named* in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐   The following *parties* named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not):*

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐   have had a default entered against them *(specify names):*

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a.   Type of case in   ☒   complaint    ☐   cross-complaint    *(describe, including causes of action):*
      Plaintiffs assert causes of action for breach of contract and bad faith.

Page 1 of 4

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

Cal. Rules of Court,<br>rules 3.720-3.730<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

**CM-110**

| PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance Company | CV 065466 |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs sue Allstate over its handling of their first-party claim for damage to their home and personal property. Allstate denied coverage for a portion of plaintiffs' claim on the ground it fell within exclusions for (among other things) wear and tear, faulty construction, and weather conditions.  Allstate contends it properly adjusted plaintiffs' claim and paid all benefits owed.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request ☐ a jury trial ☒ a nonjury trial *(if more than one party, provide the name of each party requesting a jury trial)*:

6. **Trial date**
a. ☐ The trial has been set for *(date)*:
b. ☒ No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain)*: The parties have deferred discovery to permit the claim process to conclude.

c. Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability)*:

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one)*:
a. ☒ days *(specify number)*: 3-5
b. ☐ hours (short causes) *(specify)*:

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial ☒ by the attorney or party listed in the caption ☐ by the following:
a. Attorney:
b. Firm:
c. Address:
d. Telephone number:
e. Fax number:
f. E-mail address:
g. Party represented:
☐ Additional representation is described in Attachment 8.

9. **Preference**
☐ This case is entitled to preference *(specify code section)*:

10. **Alternative Dispute Resolution (ADR)**
a. Counsel ☒ has ☐ has not provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b. ☐ All parties have agreed to a form of ADR. ADR will be completed by *(date)*:
c. ☐ The case has gone to an ADR process *(indicate status)*:

CM-110 [Rev. January 1, 2007]                **CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance Company | CV 065466 |

10. d.    The party or parties are willing to participate in *(check all that apply)*:
    (1)  ☐  Mediation
    (2)  ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)
    (3)  ☐  Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)
    (4)  ☐  Binding judicial arbitration
    (5)  ☐  Binding private arbitration
    (6)  ☒  Neutral case evaluation
    (7)  ☐  Other *(specify):*

    e.  ☐  This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.
    f.  ☐  Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.
    g.  ☒  This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):* Arbitration would not reduce the probable time and expense necessary to resolve the litigation. Also, there are multiple causes of action.

11. **Settlement conference**
    ☒  The party or parties are willing to participate in an early settlement conference *(specify when):* After some discovery has been completed.

12. **Insurance**
    a.  ☐  Insurance carrier, if any, for party filing this statement *(name):*
    b.  Reservation of rights:  ☐  Yes  ☐  No
    c.  ☐  Coverage issues will significantly affect resolution of this case *(explain):*

13. **Jurisdiction**
Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.
☐  Bankruptcy  ☐  Other *(specify):*
Status:

14. **Related cases, consolidation, and coordination**
    a.  ☐  There are companion, underlying, or related cases.
        (1) Name of case:
        (2) Name of court:
        (3) Case number:
        (4) Status:
        ☐  Additional cases are described in Attachment 14a
    b.  ☐  A motion to  ☐  consolidate  ☐  coordinate  will be filed by *(name party):*

15. **Bifurcation**
    ☒  The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):* Allstate will move to bifurcate any trial as to punitive damages.

16. **Other motions**
    ☒  The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* Allstate will move for summary judgment and/or adjudication.

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance Company | CV 065466 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☒ The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Allstate | Written Discovery | July 2007 |
| Allstate | Plaintiffs' Depositions | August 2007 |
| Allstate | Third Party Depositions | October 2007 |
| Allstate | Property Inspection | October 2007 |

c. ☐ The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**

a. ☒ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**

Previous case management orders in this case are *(check one)*: ☒ none ☐ attached as Attachment 21.

**22. Total number of pages attached *(if any)*: _____**

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: May 1, 2007

Sonia Martin, Attorney for Allstate Insurance Company
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

Page 4 of 4

CM-110 [Rev. January 1, 2007]    **CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

<u>PROOF OF SERVICE</u>

I, Cynthia Lakes, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Sonnenschein Nath & Rosenthal LLP, 525 Market Street, 26th Floor, San Francisco, California 94105.

On May 1, 2007, I caused to be served on the interested parties in this action the following document(s):

**CASE MANAGEMENT STATEMENT**

by placing a true copy(ies) thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

William Green, Esq.
Delfino Green & Green
1010 B Street, Suite 320
San Rafael, CA 94901

Telephone: 442-4646
Fax: 442-4802

☒    U.S. MAIL: I am personally and readily familiar with the business practice of Sonnenschein Nath & Rosenthal LLP for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

☐    FACSIMILE TRANSMISSION: I caused such document to be sent by facsimile transmission at the above-listed fax number for the party.

☐    HAND DELIVERY: I caused such document to be served by hand delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on May 1, 2007, at San Francisco, California.

Cynthia Lakes

-1-
PROOF OF SERVICE

5-14-07

## SUPERIOR COURT OF CALIFORNIA
### County of Marin

DATE: _5/14/07_                TIME: _9_ AM / PM        DEPT. NO. _B_
HON. _James Ritchie for Terence Boren_, JUDGE; _L.V. Johnson_ CLERK; _M. Collins_ REPORTER

| TITLE: | COUNSEL: |
|---|---|
| _Ira Sofapour et al_ Plaintiff(s) | APATT — _Bill Green — π_ |
| vs. | |
| _allstate Insurance Co_ Defendant(s) | _Sonia Martin — Δ_ |

**NATURE OF PROCEEDINGS:**                    CASE NO. _065466_

ARRTA ____ Parties stipulate/are ordered to Non-Binding Private/Judicial Arbitration, to be completed by: _____
CSTXT ____ Report to Room 113 forthwith for selection of arbitrator.
         ____ Parties agree to Mediation and must also agree on a Mediator within _____ calendar days from this date.
         If parties cannot agree on a mediator:
         ____ Counsel are each to submit two names within _____ calendar days for the Court's selection.
         ____ Plaintiff's counsel shall so advise the Court in writing and the Court will select a Mediator for them.
         Discovery cutoff date: _____ with the exception of expert witnesses. MAY 14 2007
ARRTM ____ Mediation to be completed by: _____
AREXT ____ Arbitration completion date extended through _____

~~FILED~~

MAY 1 4 2007

KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: L. Johnson, Deputy

**THE COURT MAKES THE FOLLOWING ORDERS:**

FNSMS ____ **SANCTIONS:** Sanctions are to be paid by _____ to Marin County Superior Court in the sum of
         $_____ no later than _____ for the following reason: _____
         ✓ **FUTURE CASE MANAGEMENT CONFERENCE** Date: _8/13/07_ Time: 9:00 A.M. — Dept B.
         ____ No appearance necessary by _____ if (Conditions) _____ Initial discovery to be completed
         ____ Submit updated case management statement by _____
         ____ **MANDATORY SETTLEMENT CONFERENCE** Date: _____ Time: _____
         Ten (10) court days before the Settlement Conference, counsel/party shall lodge an original and two (2) copies
         of the Settlement Conference Statement in the Calendar Department, Room 113. Failure to do so will result in
         a daily sanction of $149.00, payable at the time of lodging statement.
         **ISSUE CONFERENCE** is same date as trial. Issue Conference on _____
         Note: Any In-Limine Motions are to be filed with the Issue Conference Statement.
         ____ **TRIAL** Date: _____ Time: _____ Jury: _____ Court: _____ Estimate: _____ Days.
         All parties waive notice of trial.
CSORD    **OSC ORDERED** Date: _____ Time: _____ . For the following reasons:
         _____
         _____
CSDXF ____ Matter is ordered transferred to _____ Court; _____ to pay transfer fees.
CSDOT ____ Matter is ordered DISMISSED for (Reason); _____ Clerk to notify parties.
CSNPN ____ Counsel _____ must provide notice of this order to _____
CSORD ✓ **OTHER ORDERS:** _Parties are exchanging information_
         _regarding claim. Counsel request time to_
         _exchange discovery._
CSDSP ____ Case disposed in its entirety. ✓

Approved as to form:

_____          _____
Counsel for Plaintiff                              Counsel for Defendant

_____
JUDGE OF THE SUPERIOR COURT

_Dist: Original - File; Yellow - Counsel; Pink - Counsel_

CV012            **CASE MANAGEMENT/ADR CONFERENCE MINUTE ORDER**            Rev. 11/06

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Barnes (SBN 121314) Sonia Martin (SBN 191148) SONNENSCHEIN NATH & ROSENTHAL LLP 525 Market Street, 26th Flr., San Francisco, CA 94105 TELEPHONE NO.: 415-882-5000    FAX NO. *(Optional):* 415-882-0300 E-MAIL ADDRESS *(Optional):* smartin@sonnenschein.cm ATTORNEY FOR *(Name):* Defendant Allstate Insurance Company | **FILED** JUL 26 2007 KIM TURNER, Court Executive Officer MARIN COUNTY SUPERIOR COURT *By: J. Dale, Deputy* |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF Marin | |
|---|---|
| STREET ADDRESS: 3501 Civic Center Drive | |
| MAILING ADDRESS: | |
| CITY AND ZIP CODE: San Rafael, CA 94903 | |
| BRANCH NAME: | |

PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour

DEFENDANT/RESPONDENT: Allstate Insurance Company

| CASE MANAGEMENT STATEMENT | | CASE NUMBER: |
|---|---|---|
| (Check one):  ☒ UNLIMITED CASE (Amount demanded exceeds $25,000) | ☐ LIMITED CASE (Amount demanded is $25,000 or less) | CV 065466 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: August 13, 2007    Time: 9:00 a.m.    Dept.: B    Div.:    Room:
Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒    This statement is submitted by party *(name):* Allstate Insurance Company
   b. ☐    This statement is submitted jointly by parties *(names):*

**BY FAX**

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.    The complaint was filed on *(date):*
   b. ☐    The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐    All parties *named* in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐    The following *parties* named in the complaint or cross-complaint
       (1) ☐    have not been served *(specify names and explain why not):*
       (2) ☐    have been served but have not appeared and have not been dismissed *(specify names):*
       (3) ☐    have had a default entered against them *(specify names):*
   c. ☐    The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a.    Type of case in ☒    complaint    ☐    cross-complaint    *(describe, including causes of action):*
   Plaintiffs assert causes of action for breach of contract and bad faith.

| Form Adopted for Mandatory Use Judicial Council of California CM-110 [Rev. January 1, 2007] | **CASE MANAGEMENT STATEMENT** | Cal. Rules of Court, rules 3.720-3.730 www.courtinfo.ca.gov |
|---|---|---|
| | | American LegalNet, Inc. www.FormsWorkflow.com |

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Michael Barnes (SBN 121314)<br>Sonia Martin (SBN 191148)<br>SONNENSCHEIN NATH & ROSENTHAL LLP<br>525 Market Street, 26th Flr., San Francisco, CA  94105<br>TELEPHONE NO.: 415-882-5000    FAX NO. *(Optional)*: 415-882-0300<br>E-MAIL ADDRESS *(Optional)*: smartin@sonnenschein.cm<br>ATTORNEY FOR *(Name)*: Defendant Allstate Insurance Company | |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF **Marin** |
|---|
| STREET ADDRESS:    3501 Civic Center Drive |
| MAILING ADDRESS: |
| CITY AND ZIP CODE:    San Rafael, CA  94903 |
| BRANCH NAME: |

PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour

DEFENDANT/RESPONDENT: Allstate Insurance Company

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| **(Check one):**  ☒ **UNLIMITED CASE**<br>(Amount demanded<br>exceeds $25,000)    ☐ **LIMITED CASE**<br>(Amount demanded is $25,000<br>or less) | CV 065466 |

A **CASE MANAGEMENT CONFERENCE** is scheduled as follows:

Date: August 13, 2007          Time: 9:00 a.m.        Dept.: B          Div.:          Room:

Address of court *(if different from the address above):*

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1. **Party or parties** *(answer one):*
   a. ☒   This statement is submitted by party *(name):* Allstate Insurance Company
   b. ☐   This statement is submitted **jointly** by parties *(names):*

2. **Complaint and cross-complaint** *(to be answered by plaintiffs and cross-complainants only)*
   a.      The complaint was filed on *(date):*
   b. ☐   The cross-complaint, if any, was filed on *(date):*

3. **Service** *(to be answered by plaintiffs and cross-complainants only)*
   a. ☐   All parties *named* in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
   b. ☐   The following *parties* named in the complaint or cross-complaint
      (1) ☐   have not been served *(specify names and explain why not):*

      (2) ☐   have been served but have not appeared and have not been dismissed *(specify names):*

      (3) ☐   have had a default entered against them *(specify names):*

   c. ☐   The following additional parties may be added *(specify names, nature of involvement in case, and the date by which they may be served):*

4. **Description of case**
   a.   Type of case in  ☒   complaint      ☐   cross-complaint      *(describe, including causes of action):*
        Plaintiffs assert causes of action for breach of contract and bad faith.

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-110 [Rev. January 1, 2007]      **CASE MANAGEMENT STATEMENT**      Cal. Rules of Court,<br>rules 3.720-3.730<br>www.courtinfo.ca.gov

American LegalNet, Inc.<br>www.FormsWorkflow.com

**CM-110**

| | CASE NUMBER: |
|---|---|
| PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour | CV 065466 |
| DEFENDANT/RESPONDENT: Allstate Insurance Company | |

4. b. Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*
Plaintiffs sue Allstate over its handling of their first-party claim for damage to their home and personal property. Allstate denied coverage for a portion of plaintiffs' claim on the ground it fell within exclusions for (among other things) wear and tear, faulty construction, and weather conditions. Allstate contends it properly adjusted plaintiffs' claim and paid all benefits owed.

☐ *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5. **Jury or nonjury trial**
The party or parties request    ☐  a jury trial    ☒  a nonjury trial    *(if more than one party, provide the name of each party requesting a jury trial):*

6. **Trial date**
   a.  ☐   The trial has been set for *(date):*
   b.  ☒   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):* The parties have deferred discovery to permit the claim process to conclude.

   c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*
       8/2007 (15 days); 11/8/2007 (15 days); 1/13/2008 (5 days); 3/3/2008 (10 days); 4/11/2008 (5 days)

7. **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
   a.  ☒   days *(specify number):* 3-5
   b.  ☐   hours (short causes) *(specify):*

8. **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial    ☒   by the attorney or party listed in the caption    ☐   by the following:
   a.   Attorney:
   b.   Firm:
   c.   Address:
   d.   Telephone number:
   e.   Fax number:
   f.   E-mail address:
   g.   Party represented:
       ☐   Additional representation is described in Attachment 8.

9. **Preference**
   ☐   This case is entitled to preference *(specify code section):*

10. **Alternative Dispute Resolution (ADR)**
   a.   Counsel  ☒   has  ☐   has not   provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
   b.  ☐   All parties have agreed to a form of ADR. ADR will be completed by *(date):*
   c.  ☐   The case has gone to an ADR process *(indicate status):*

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance Company | CV 065466 |

**10. d.** The party or parties are willing to participate in *(check all that apply):*

    (1) ☐ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☒ Neutral case evaluation

    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☒ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):* Arbitration would not reduce the probable time and expense necessary to resolve the litigation. Also, there are multiple causes of action.

**11. Settlement conference**

    ☒ The party or parties are willing to participate in an early settlement conference *(specify when):* After some discovery has been completed.

**12. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

       (1) Name of case:

       (2) Name of court:

       (3) Case number:

       (4) Status:

       ☐ Additional cases are described in Attachment 14a

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

    ☒ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):* Allstate will move to bifurcate any trial as to punitive damages.

**16. Other motions**

    ☒ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):* Allstate will move for summary judgment and/or adjudication.

CM-110 [Rev. January 1, 2007]

**CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance Company | CV 065466 |

**17. Discovery**
   a. ☐  The party or parties have completed all discovery.
   b. ☒  The following discovery will be completed by the date specified *(describe all anticipated discovery)*:

| Party | Description | Date |
|---|---|---|
| Allstate | Written Discovery | September 2007 |
| Allstate | Plaintiffs' Depositions | October 2007 |
| Allstate | Third Party Depositions | December 2007 |
| Allstate | Property Inspection | December 2007 |

   c. ☐  The following discovery issues are anticipated *(specify)*:

**18. Economic Litigation**
   a. ☐  This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.
   b. ☐  This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case)*:

**19. Other issues**
   ☐  The party or parties request that the following additional matters be considered or determined at the case management conference *(specify)*:

**20. Meet and confer**
   a. ☒  The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain)*:

   b.  After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify)*:

**21. Case management orders**
   Previous case management orders in this case are *(check one)*:    ☒ none    ☐ attached as Attachment 21.

**22. Total number of pages attached** *(if any)*: _____

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 25, 2007

Sonia Martin, Attorney for Allstate Insurance Company
_____
(TYPE OR PRINT NAME)

►  _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

►  _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐  Additional signatures are attached

CM-110 [Rev. January 1, 2007]           **CASE MANAGEMENT STATEMENT**

American LegalNet, Inc.
www.FormsWorkflow.com

PROOF OF SERVICE

I, Cynthia Lakes, hereby declare:

I am employed in the City and County of San Francisco, California in the office of a member of the bar of this court at whose direction the following service was made. I am over the age of eighteen years and not a party to the within action. My business address is Sonnenschein Nath & Rosenthal LLP, 525 Market Street, 26th Floor, San Francisco, California 94105.

On July 26, 2007, I caused to be served on the interested parties in this action the following document(s):

**CASE MANAGEMENT STATEMENT**

by placing a true copy(ies) thereof, on the above date, enclosed in a sealed envelope, following the ordinary business practice of Sonnenschein Nath & Rosenthal LLP, as follows:

> William Green, Esq.
> Delfino Green & Green
> 1010 B Street, Suite 320
> San Rafael, CA 94901
>
> Telephone: 442-4646
> Fax: 442-4802

☒ U.S. MAIL: I am personally and readily familiar with the business practice of Sonnenschein Nath & Rosenthal LLP for collection and processing of correspondence for mailing with the United States Postal Service, pursuant to which mail placed for collection at designated stations in the ordinary course of business is deposited the same day, proper postage prepaid, with the United States Postal Service.

☐ FACSIMILE TRANSMISSION: I caused such document to be sent by facsimile transmission at the above-listed fax number for the party.

☐ HAND DELIVERY: I caused such document to be served by hand delivery.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, and that this declaration was executed on July 26, 2007, at San Francisco, California.

_____
Cynthia Lakes

7.26.07

**Received**
JUL 27 2007
**SNR**

CM-110

| ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address): | FOR COURT USE ONLY |
|---|---|
| William Green   SBN#129816<br>DELFINO GREEN & GREEN<br>1010 B Street, Suite #320<br>San Rafael, Ca 94903<br>TELEPHONE NO.: 415-442-4646     FAX NO. (Optional): 415-442-4802<br>E-MAIL ADDRESS (Optional):<br>ATTORNEY FOR (Name): Plaintiffs, Iraj Safapour and Mahvash Safapour | |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF  Marin
STREET ADDRESS: 3501 Civic Center Drive
MAILING ADDRESS:
CITY AND ZIP CODE: San Rafael, CA  94903
BRANCH NAME: County of Marin

PLAINTIFF/PETITIONER:  Iraj Safapour and Mahvash Safapour

DEFENDANT/RESPONDENT:  Allstate Insurance Company

| CASE MANAGEMENT STATEMENT | CASE NUMBER: |
|---|---|
| (Check one):   [✓] UNLIMITED CASE<br>(Amount demanded exceeds $25,000)   [ ] LIMITED CASE<br>(Amount demanded is $25,000 or less) | CV 065466 |

A CASE MANAGEMENT CONFERENCE is scheduled as follows:

Date: August 13, 2007     Time: 9:00 a.m.     Dept.: B     Div.:     Room:

Address of court (if different from the address above):

**INSTRUCTIONS: All applicable boxes must be checked, and the specified information must be provided.**

1.  **Party or parties** (answer one):
    a.  [✓]   This statement is submitted by party (name):  Plaintiffs
    b.  [ ]   This statement is submitted jointly by parties (names):

2.  **Complaint and cross-complaint** (to be answered by plaintiffs and cross-complainants only)
    a.  The complaint was filed on (date):  December 20, 2006
    b.  [ ]   The cross-complaint, if any, was filed on (date):

3.  **Service** (to be answered by plaintiffs and cross-complainants only)
    a.  [✓]   All parties named in the complaint and cross-complaint have been served, or have appeared, or have been dismissed.
    b.  [ ]   The following parties named in the complaint or cross-complaint
        (1)  [ ]   have not been served (specify names and explain why not):
        (2)  [ ]   have been served but have not appeared and have not been dismissed (specify names):
        (3)  [ ]   have had a default entered against them (specify names):
    c.  [ ]   The following additional parties may be added (specify names, nature of involvement in case, and the date by which they may be served):

4.  **Description of case**
    a.  Type of case in   [✓] complaint     [ ] cross-complaint     (describe, including causes of action):
        Damages for Breach of Contract and Breach of the Implied Covenant of Good and Faith and Fair Dealing.

American LegalNet, Inc.
www.FormsWorkflow.com

CM-110

| PLAINTIFF/PETITIONER:   Iraj Safapour and Mahvash Safapour | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT:   Allstate Insurance Company | CV 065466 |

4.  b.   Provide a brief statement of the case, including any damages. *(If personal injury damages are sought, specify the injury and damages claimed, including medical expenses to date [indicate source and amount], estimated future medical expenses, lost earnings to date, and estimated future lost earnings. If equitable relief is sought, describe the nature of the relief.)*

While the Policy was in full force and effect, PLAINTIFFS's home was damaged by a rain storm on or about December 29, 2005.  The said rain storm was so extreme that the federal government proclaimed Marin County a national disaster area.  PLAINTIFFS's personal property and real property were either damaged or destroyed.  Said damage included but was not limited to damage to the exterior of the structure, damage to the interior of the structure, and damage to PLAINTIFFS furniture and antique/ luxury carpets.  PLAINTIFF'S submitted a claim for benefits under the Policy. DEFENDANTS failed and refused to provide  PLAINTIFFs with the benefits to which they were/are entitled under the Policy.

[ ]   *(If more space is needed, check this box and attach a page designated as Attachment 4b.)*

5.   **Jury or nonjury trial**
The party or parties request   [✓] a jury trial   [ ] a nonjury trial      *(if more than one party, provide the name of each party requesting a jury trial):*

6.   **Trial date**
a.   [ ]   The trial has been set for *(date):*
b.   [✓]   No trial date has been set. This case will be ready for trial within 12 months of the date of the filing of the complaint *(if not, explain):*

c.   Dates on which parties or attorneys will not be available for trial *(specify dates and explain reasons for unavailability):*

7.   **Estimated length of trial**
The party or parties estimate that the trial will take *(check one):*
a.   [✓] days *(specify number):*  3-5 days
b.   [ ] hours (short causes) *(specify):*

8.   **Trial representation** *(to be answered for each party)*
The party or parties will be represented at trial   [✓]   by the attorney or party listed in the caption   [ ] by the following:
a.   Attorney:
b.   Firm:
c.   Address:
d.   Telephone number:
e.   Fax number:
f.   E-mail address:
g.   Party represented:
[ ]   Additional representation is described in Attachment 8.

9.   **Preference**
[ ]   This case is entitled to preference *(specify code section):*

10.   **Alternative Dispute Resolution (ADR)**
a.   Counsel   [✓] has   [ ] has not    provided the ADR information package identified in rule 3.221 to the client and has reviewed ADR options with the client.
b.   [ ] All parties have agreed to a form of ADR. ADR will be completed by *(date):*
c.   [ ] The case has gone to an ADR process *(indicate status):*

CM-110

| PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance Company | CV 065466 |

10. d.   The party or parties are willing to participate in *(check all that apply):*

    (1) ☑ Mediation

    (2) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to close 15 days before arbitration under Cal. Rules of Court, rule 3.822)

    (3) ☐ Nonbinding judicial arbitration under Code of Civil Procedure section 1141.12 (discovery to remain open until 30 days before trial; order required under Cal. Rules of Court, rule 3.822)

    (4) ☐ Binding judicial arbitration

    (5) ☐ Binding private arbitration

    (6) ☐ Neutral case evaluation

    (7) ☐ Other *(specify):*

    e. ☐ This matter is subject to mandatory judicial arbitration because the amount in controversy does not exceed the statutory limit.

    f. ☐ Plaintiff elects to refer this case to judicial arbitration and agrees to limit recovery to the amount specified in Code of Civil Procedure section 1141.11.

    g. ☐ This case is exempt from judicial arbitration under rule 3.811 of the California Rules of Court *(specify exemption):*

**11. Settlement conference**

    ☑ The party or parties are willing to participate in an early settlement conference *(specify when):*

**12. Insurance**

    a. ☐ Insurance carrier, if any, for party filing this statement *(name):*

    b. Reservation of rights: ☐ Yes ☐ No

    c. ☐ Coverage issues will significantly affect resolution of this case *(explain):*

**13. Jurisdiction**

Indicate any matters that may affect the court's jurisdiction or processing of this case, and describe the status.

    ☐ Bankruptcy ☐ Other *(specify):*

Status:

**14. Related cases, consolidation, and coordination**

    a. ☐ There are companion, underlying, or related cases.

        (1) Name of case:

        (2) Name of court:

        (3) Case number:

        (4) Status:

        ☐ Additional cases are described in Attachment 14a.

    b. ☐ A motion to ☐ consolidate ☐ coordinate will be filed by *(name party):*

**15. Bifurcation**

    ☐ The party or parties intend to file a motion for an order bifurcating, severing, or coordinating the following issues or causes of action *(specify moving party, type of motion, and reasons):*

**16. Other motions**

    ☐ The party or parties expect to file the following motions before trial *(specify moving party, type of motion, and issues):*

CM-110

| PLAINTIFF/PETITIONER: Iraj Safapour and Mahvash Safapour | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: Allstate Insurance Company | CV 065466 |

**17. Discovery**

a. ☐ The party or parties have completed all discovery.

b. ☑ The following discovery will be completed by the date specified *(describe all anticipated discovery):*

| Party | Description | Date |
|---|---|---|
| Plaintiff | Interrogatories | 11/1/07 |
| Plaintiff | Request for Production of Documents | 11/1/07 |
| Plaintiff | Depositions | 2/1/08 |

c. ☐ The following discovery issues are anticipated *(specify):*

**18. Economic Litigation**

a. ☐ This is a limited civil case (i.e., the amount demanded is $25,000 or less) and the economic litigation procedures in Code of Civil Procedure sections 90 through 98 will apply to this case.

b. ☐ This is a limited civil case and a motion to withdraw the case from the economic litigation procedures or for additional discovery will be filed *(if checked, explain specifically why economic litigation procedures relating to discovery or trial should not apply to this case):*

**19. Other issues**

☐ The party or parties request that the following additional matters be considered or determined at the case management conference *(specify):*

**20. Meet and confer**

a. ☑ The party or parties have met and conferred with all parties on all subjects required by rule 3.724 of the California Rules of Court *(if not, explain):*

b. After meeting and conferring as required by rule 3.724 of the California Rules of Court, the parties agree on the following *(specify):*

**21. Case management orders**
Previous case management orders in this case are *(check one):* ☐ none ☑ attached as Attachment 21.

**22. Total number of pages attached *(if any):*** __1__

I am completely familiar with this case and will be fully prepared to discuss the status of discovery and ADR, as well as other issues raised by this statement, and will possess the authority to enter into stipulations on these issues at the time of the case management conference, including the written authority of the party where required.

Date: July 26, 2007

William Green
_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

_____
(TYPE OR PRINT NAME)

▶ _____
(SIGNATURE OF PARTY OR ATTORNEY)

☐ Additional signatures are attached

ATTACHMENT 21

# SUPERIOR COURT OF CALIFORNIA
## County of Marin

DATE: 5/14/07          TIME: 9 AM / PM          DEPT. NO. B

HON. Terence Boren          JUDGE: L.V. Johnson          CLERK: M. Collins          REPORTER

TITLE:

Ira Sofapour et al
                                    Plaintiff(s)

vs.

Allstate Insurance Co
                                    Defendant(s)

COUNSEL:
APATT — Bill Green — π

Sonia Martin — δ

## NATURE OF PROCEEDINGS:                          CASE NO. 065466

ARRTA ____ Parties stipulate/are ordered to Non-Binding Private/Judicial Arbitration, to be completed by _____
CSTXT ____ Report to Room 113 forthwith for selection of arbitrator.
____ Parties agree to Mediation and must also agree on a Mediator within _____ calendar days from this date.
If parties cannot agree on a mediator:
____ Counsel are each to submit two names within _____ calendar days for the Court's selection.
____ Plaintiffs' counsel shall so advise the Court in writing and the Court will select a Mediator for them.
Discovery cutoff date: _____ with the exception of expert witnesses.
ARRTM ____ Mediation to be completed by: _____
AREXT ____ Arbitration completion date extended through _____

FILED
MAY 14 2007
KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR CO
By: ____ Deputy

## THE COURT MAKES THE FOLLOWING ORDERS:

FNSMS ____ SANCTIONS: Sanctions are to be paid by _____ to Marin County Superior Court in the sum of
$ _____ no later than _____ for the following reason: _____
✗ FUTURE CASE MANAGEMENT CONFERENCE  Date: 8/15/07          Time: 9:00 A.M.
____ No appearance necessary by _____ if (Conditions) _____
____ Submit updated case management statement by _____
____ MANDATORY SETTLEMENT CONFERENCE  Date: _____          Time: _____
Ten (10) court days before the Settlement Conference, counsel/party shall lodge an original and two (2) copies
of the Settlement Conference Statement in the Calendar Department, Room 113. Failure to do so will result in
a daily sanction of $149.00, payable at the time of lodging statement.
____ ISSUE CONFERENCE is same date as trial. Issue Conference on _____
Note: Any In-Limine Motions are to be filed with the Issue Conference Statement.
____ TRIAL Date: _____  Time: _____  Jury: _____  Court: _____  Estimate: _____ Days.
All parties waive notice of trial.
CSORD ____ OSC ORDERED Date: _____          Time: _____  For the following reasons: _____

CSDXF ____ Matter is ordered transferred to _____ Court; _____ to pay transfer fees.
CSDOT ____ Matter is ordered DISMISSED for (Reason): _____ Clerk to notify parties.
CSNPN ____ Counsel _____ must provide notice of this order to _____
CSORD ✗ OTHER ORDERS: Parties are exchanging information
according claim. Counsel request time to
exchange discovery.
CSDSP ____ Case disposed in its entirety.

Approved as to form:

_____                          _____
**Counsel for Plaintiff**                          **Counsel for Defendant**

_____
*JUDGE OF THE SUPERIOR COURT*

Dist: Original - File;  Yellow - Counsel;  Pink - Counsel

CV012                    **CASE MANAGEMENT/ADR CONFERENCE MINUTE ORDER**                    Rev. 11/06

1

2                           **PROOF OF SERVICE**

3          I, Elissa Ruiz, declare that:

4          I am employed in the County of San Rafael, State of California; I am over the age of eighteen years and not
  a party to the within cause; my business address is 1010 B Street, Suite 320, San Rafael, Ca 94901.
5
           On July 26, 2007, I served the following document(s):
6
7                        **CASE MANAGEMENT STATEMENT**

8  in said cause, on the following interested parties:

9  Michael Barnes, Esq.
   Sonia Martin, Esq.
10 SONNENSCHEIN NATH & ROSENTHAL LLP
   525 Market Street, 26th Floor
11 San Francisco, Ca  94105

12

13

14

15
   Said service was performed in the following manner:
16
   [x]      **BY U.S. POSTAL SERVICE (Mail):**  I placed such document(s) in a sealed envelope addressed as
17 noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at San Rafael,
   California, on this date.
18
   []       **BY EXPRESS MAIL SERVICE (UPS or Federal Express):** I placed such document(s) in a sealed
19 envelope addressed as noted above, for collection and mailing by express mail service at San Rafael, California,
   on this date.
20
   []       **BY U.S. POSTAL SERVICE CERTIFIED (Mail):** I placed such document(s) in a sealed envelope
21 addressed as noted above, with first-class mail postage and certified mail fees, plus the appropriate U.S.
   Certified Mail card thereon fully prepaid, for collection and mailing at San Rafael, California, on this date.
22
   []       **BY PERSONAL SERVICE:**  I hand delivered such envelope to the address[es] listed above on this
23 date.

24 []       **BY FACSIMILE:**   I transmitted said document(s) by a facsimile machine to the parties at the
   number(s) indicated above on this date.
25
           I declare under penalty of perjury under the laws of the State of California and the United States that the
26 foregoing is true and correct.

27         Executed July 26, 2007, at San Rafael, California.

28
                                                    _Elissa Ruiz_
                                                    Elissa Ruiz


Proof of Service

*8.13.07*                                                    *5*

# SUPERIOR COURT OF CALIFORNIA
## County of Marin

DATE: *8-13-07*          TIME: *9:00* (AM)/PM      DEPT. NO. *B*

HON. *Chernus for Loren*, JUDGE: *L. Morris*, CLERK: *S Klotz*, REPORTER

| TITLE: *Iraj Safapour, et al.* | COUNSEL: APATT ___ |
|---|---|
| Plaintiff(s) | *William Green for plaintiff* |
| vs. | *Sara Martin on court call for* |
| *Allstate Insurance Co.* | *allstate* |
| Defendant(s) | |

**NATURE OF PROCEEDINGS:**          CASE NO. *065466*

ARRTA ____  Parties stipulate/are ordered to Non-Binding Private/Judicial Arbitration, to be completed by: _____

CSTXT ____  Report to Room 113 forthwith for selection of arbitrator.
Parties agree to Mediation and must also agree on a Mediator within _____ calendar days from this date.
If parties cannot agree on a mediator:
____ Counsel are each to submit two names within _____ calendar days for the Court's selection.
____ Plaintiff's counsel shall so advise the Court in writing and the Court will select a Mediator for them.
Discovery cutoff date: _____ with the exception of expert witnesses.

ARRTM ____  Mediation to be completed by: _____

AREXT ____  Arbitration completion date extended through _____.

**THE COURT MAKES THE FOLLOWING ORDERS:**

FNSMS ____  **SANCTIONS:** Sanctions are to be paid by _____ to Marin County Superior Court in the sum of $_____ no later than _____ for the following reason:

*✓* ____  **FUTURE CASE MANAGEMENT CONFERENCE** Date: *10/15/07* Time: 9:00 A.M. *Dept B*

____  No appearance necessary by _____ if (Conditions)

____  Submit updated case management statement by _____

____  **MANDATORY SETTLEMENT CONFERENCE** Date: _____ Time: _____
Ten (10) court days before the Settlement Conference, counsel/party shall lodge an original and two (2) copies of the Settlement Conference Statement in the Calendar Department, Room 113. Failure to do so will result in a daily sanction of $149.00, payable at the time of lodging statement.

____  **ISSUE CONFERENCE** is same date as trial. Issue Conference on _____.
Note: Any In-Limine Motions are to be filed with the Issue Conference Statement.

____  **TRIAL** Date: _____ Time: _____ Jury: _____ Court: _____ Estimate: _____ Days.
All parties waive notice of trial.

CSORD ____  **OSC ORDERED** Date: _____ Time: _____. For the following reasons:

CSDXF ____  Matter is ordered transferred to _____ Court; _____ to pay transfer fees.
CSDOT ____  Matter is ordered DISMISSED for (Reason): _____ Clerk to notify parties.
CSNPN ____  Counsel *Green* must provide notice of this order to *Counsel Martin*
CSORD ____  **OTHER ORDERS:** *A Commissioner advisement given. No objection made to Commission Chernus.*

CSDSP ____  Case disposed in its entirety.

Approved as to form: *[signature]*
_____
Counsel for Plaintiff

*[signature] Roy C. Chernus*
_____
JUDGE OF THE SUPERIOR COURT

Counsel for Defendant

**FILED**

AUG 1 3 2007
KIM TURNER
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: L. Morris, Deputy

*Dist: Original - File; Yellow - Counsel; Pink - Counsel*

CV012          **CASE MANAGEMENT/ADR CONFERENCE MINUTE ORDER**          Rev. 11/06

**EXHIBIT B**

1  William Green – SBN 129816
   Sharon Delfino Green - SBN 133703
2  DELFINO GREEN & GREEN
   1010 B Street, Suite 320
3  San Rafael, CA 94901
   Telephone: (415) 442-4646
4  Facsimile: (415) 442-4802

5
   Attorneys for Plaintiffs,
6  IRAJ SAFAPOUR and MAHVASH SAFAPOUR

7            **SUPERIOR COURT OF THE STATE OF CALIFORNIA**

8              **IN AND FOR THE COUNTY OF MARIN**

9

10  IRAJ SAFAPOUR AND MAHVASH               Case No.: CV 065466
    SAFAPOUR
11
                                            **PLAINTIFFS' RESPONSES TO**
12          Plaintiffs,                     **ALLSTATE INSURANCE**
                                            **COMPANY'S FIRST SET OF**
13          vs.                             **SPECIAL INTERROGATORIES TO**
                                            **PLAINTIFFS**
14

15  ALLSTATE INSURANCE COMPANY,
    and DOES 1-50, inclusive
16

17          Defendants.

18

19

20      PROPOUNDING PARTY:    Defendant, ALLSTATE INSURANCE COMPANY

21      RESPONDING PARTIES:   Plaintiffs IRAJ SAFAPOUR and MAHVASH SAFAPOUR

22      SET NUMBER:           One

23      Plaintiffs provide the following responses to ALLSTATE INSURANCE COMPANY

24  ("ALLSTATE") FIRST SET OF SPECIAL INTERROGATORIES pursuant to California Code

25  of Civil Procedure §2031.

26

27                                    1

28

## PRELIMINARY STATEMENT AND GENERAL OBJECTIONS

1

2      The following responses are made solely for the purpose of this action. Each response is

3   subject to any and all objections to the Interrogatory, including without limitation competence,

4   relevance, materiality, propriety and admissibility, and any and all objections on grounds that

5   would require the exclusion of any response if witnesses present and testifying in court made it.

6   All such objections and grounds for objections are reserved, whether asserted in a specific

7   response or generally asserted, and may be interposed at the time of trial.

8      Specific objections, are in addition to general or reserved objections, and shall not be

9   deemed to waive or moot any general or reserved objection, or limit Plaintiffs' ability to raise any

10  objections at trial.

11     Plaintiffs have not completed their own investigation and discovery continues.

12  Accordingly, the following responses are based upon the Plaintiffs' knowledge, information and

13  belief as of the date hereof. Plaintiffs reserve the right to make any further responses or amend

14  these responses if it appears that any omission or errors have been made in connection with them,

15  if further and more accurate information is available, or if subsequent decisions or developments

16  warrant such amendments. These responses are made without prejudice to Plaintiffs' right to

17  present at trial such additional documentary evidence as may be hereafter discovered, produced

18  or obtained.

19     Discovery will continue as long as permitted by statute or stipulation by the parties, and

20  the investigation by Plaintiffs' attorneys and agents will continue to and through trial of this

21  action. Plaintiffs specifically reserve the right at the time of trial to introduce any evidence from

22  any source that may hereafter be discovered or developed, and testimony from any witness whose

23  identity may hereafter be discovered, or whose testimony may hereafter become relevant.

24     Plaintiffs generally object that the interrogatories seek disclosure of attorney-client

25  communications and disclosure of the mental impressions and legal conclusions of opposing

26  counsel that are protected from disclosure by the attorney work product doctrine.

27

2

28

1    Plaintiffs further object to these interrogatories on the grounds that they are propounded
2  to more than one plaintiff.
3    These introductory comments and general objections shall apply to each and every
4  response given herein, and shall be incorporated by reference as though fully set forth in all the
5  responses herein.

6                    **RESPONSES TO SPECIAL INTERROGATORIES**

7  SPECIAL INTERROGATORY NO. 1:
8    State all facts on which you base the contention in your complaint that Allstate breached
9  the insurance policy at issue in this action

10  **RESPONSE TO SPECIAL INTERROGATORY NO. 1:**
11    Allstate failed and refused to pay for covered property damage, damage to personal
12  property and Alternative Living Expenses. Said damage is described in the correspondence and
13  spreadsheets produced with these interrogatory responses.

14  SPECIAL INTERROGATORY NO. 2:
15    State all facts on which you base the contention in your complaint that Allstate breached
16  the implied covenant of good faith and fair dealing.

17  **RESPONSE TO SPECIAL INTERROGATORY NO. 2:**
18    Plaintiffs object to this interrogatory on the grounds that is premature in that discovery
19  has not yet been performed. Subject to and without waiving said objections, Plaintiffs respond
20  as follows:
21    Allstate failed to conduct a reasonable and timely investigation of Plaintiffs' claims;
22    Allstate failed to promptly process or pay Plaintiffs' claim;
23    Allstate interpreted its insurance policy in the most restrictive manner;
24    Allstate failed to acknowledge and act reasonably in response to Plaintiffs'
25  communications;
26    Allstate failed to affirm or deny coverage within a reasonable time;

27                                    3
28

1    Allstate attempted to settle claims for an amount less than what a reasonable person

2  would believe that the Plaintiffs are entitled to under the Policy;

3    Allstate misrepresented insurance laws of the State of California to the Plaintiffs;

4    Allstate failed to settle claims promptly even though requests for certain payments were

5  formally made in writing, which action by defendants was to influence settlement with Plaintiffs

6  under other portions of the Policy coverage at reduced values;

7    Allstate failed to provide any explanation of the basis relied on in the Policy in relation to

8  the facts or applicable law for the refusal to pay Plaintiffs' claims;

9    Allstate failed to abide by the laws and regulation of the State of California;

10    Allstate took the unreasonable position that this loss was caused by construction defect

11  when it knew that there had been no prior damage to the house for 15 years and through many

12  serious storms;

13    Allstate hired consultants that did not make a fair or unbiased assessment of the cause of

14  loss. Allstate and its consultants drew their conclusions that the cause of the loss was a

15  construction defect without making a proper investigation. Allstate's consultant's also grossly

16  misrepresented the statements of Plaintiffs' consultant – falsely claiming that plaintiffs'

17  consultant had stated that the original flashing was not properly installed, when no such

18  statement had ever been made;

19    Allstate and its consultants ignored the fact that the storm that caused the loss was a

20  severe storm that caused losses throughout the Bay Area and that Marin County was declared a

21  disaster area as a result of said storm;

22    Allstate improperly limited the scope of the work necessary to repair a portion of the

23  damage to the property;

24    Allstate failed to include or pay the cost of ALE, pack-out, or pack-in in its assessment of

25  the claim; and

26    Allstate and its consultants failed to consider Plaintiffs' consultant's report explaining

27                                          4

28

1  why Allstate's conclusion that the loss was caused by a construction defect was wrong. (See

2  June 27, 2007 letter from Shams Mahallati, P.E.

3       Plaintiffs are informed and believe and will perform discovery to establish that Plaintiffs'

4  claim was not an isolated incident and that Allstate has wrongfully denied many similar claims in

5  California.

6  SPECIAL INTERROGATORY NO. 3:

7       Identify every insurance policy benefit that you contend Allstate wrongfully failed to pay

8  you in connection with the claim(s) at issue in your complaint in this action.

9  **RESPONSE TO SPECIAL INTERROGATORY NO. 3:**

10       The policy benefits that Plaintiffs are entitled to are described in the correspondence and

11  spreadsheets produced with these interrogatory responses pursuant to CCP §2031. Additionally,

12  the insurance policy benefits due to Plaintiffs are described in Plaintiffs' response to Special

13  Interrogatory No. 2, above, as well as in Plaintiffs' response to Special Interrogatory No. 8,

14  below.

15  SPECIAL INTERROGATORY NO 4:

16       State all facts on which you base the contention in your complaint that Allstate treated

17  you with malice, fraud or oppression.

18  **RESPONSE TO SPECIAL INTERROGATORY NO. 4:**

19       The facts stated in response to Special Interrogatory No. 2, above, demonstrate that

20  Allstate treated Plaintiffs with malice, fraud and oppression. Additional facts will be provided as

21  discovery is performed.

22  SPECIAL INTERROGATORY NO. 5:

23       If you contend that an officer, director or managing agent of Allstate is personally guilty

24  or oppression, fraud or malice, state all facts on which you base that contention.

25  **RESPONSE TO SPECIAL INTERROGATORY NO. 5:**

26       Plaintiffs object to this interrogatory as premature. Plaintiffs have not yet performed

27                                              5

28

1  discovery regarding this issue.  This interrogatory will be supplemented after discovery regarding
2  this issue is performed.

3  SPECIAL INTERROGATORY NO. 6:

4      If you contend that an officer, director or managing agent of Allstate authorized or ratified
5  an Allstate employee's oppressive, fraudulent or malicious acts, state all facts on which you base
6  that contention.

7  **RESPONSE TO SPECIAL INTERROGATORY NO. 6:**

8      Plaintiffs object to this Special Interrogatory as premature.  Plaintiffs have not yet
9      performed
10  discovery regarding this issue.  This interrogatory will be supplemented after discovery
11  regarding this issue is performed.

12  .SPECIAL INTERROGATORY NO. 7:

13      If you contend an officer, director or managing agent of Allstate had advance knowledge
14  of the unfitness of an employee and employed him or her with a conscious disregard for the
15  rights or safety of others, state all facts on which you base that contention.

16  **RESPONSE TO SPECIAL INTERROGATORY NO. 7:**

17      Plaintiffs object to this Special Interrogatory as premature.  Plaintiffs have not yet
18  performed discovery regarding this issue.  This interrogatory will be supplemented after
19  discovery regarding this issue is performed.

20  SPECIAL INTERROGATORY NO. 8:

21      Describe all injuries, losses or damages you claim to have suffered as a result of Allstate's
22  conduct at issue in your complaint in this action.

23  **RESPONSE TO SPECIAL INTERROGATORY NO. 8:**

24      The damages are as follows:

25      1.    Costs for fixing outside windows: $26,393.05 (already paid).

26      2.    Cost for fixing the ceilings and priming of the same:  $4,625 (already paid).

27                                6

28  Plaintiffs' Responses to Allstate Insurance Company's First Set of Special Interrogatories    Case # CV 065466

1    3.    Cost for fixing floor and final painting: $25,300 (estimate by Allen Engineering).

2    4.    ALE – $4,300

3    5.    Pack-out/pack-in: $2,400

4    6.    Outside pressure washing: $800

5    7.    Damage to two (2) persian rugs $5,000 (reduced value)

6    8.    Loss of opportunity to sell and/or rent residence (value to be determined, though

7          estimated loss because of inability to sell is approximately $1,000,000)

8    9.    Attorney fees of approximately $7,000 to date in attempting to obtain policy

9          benefits (expected to vastly increase by time of trial).

10   10.   Emotional distress damages in the amount of $100,000 per Plaintiff.

11   11.   Punitive damages of $500,000 per Plaintiff.

12   See documentation provided with this interrogatory response.

13   SPECIAL INTERROGATORY NO. 9:

14        What is the dollar value of the insurance policy benefits that you claim Allstate

15   wrongfully withheld from you?

16   **RESPONSE TO SPECIAL INTERROGATORY NO. 9:**

17        See response to Special Interrogatory No. 8, above for values claimed.

18   SPECIAL INTERROGATORY NO. 10:

19        State the name, address and telephone number of each person with knowledge of any fact

20   set forth in your responses to Allstate's First Set of Special Interrogatories (numbers 1 through

21   9).

22   **RESPONSE TO SPECIAL INTERROGATORY NO. 10:**

23        Iraj Safapour

24        Mahvash Safapour

25        Shams Mahallati, P.E.

26        Allen Dadafarin

27                                          7

28

1    Robert D. U'Ren

2    Linda Nunziati

3    Carl D. Bolton

4    Brad A. Mokri

5    Nima Safapour

6    Mahmoud Eravani

7

8    DATED:  9/27/07                    DELFINO GREEN & GREEN

9

10

11                                      BY:

12                                      William Green,
                                        Attorney for PLAINTIFFS, IRAJ SAFAPOUR
                                        AND MAHVASH SAFAPOUR

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27                                           8

28
―――――――――――――――――――――――――――――――――――――――――――――――――――――――――――
Plaintiffs' Responses to Allstate Insurance Company's First Set of Special Interrogatories    Case # CV 065466

**PROOF OF SERVICE**

I, Elissa Ruiz, declare that:

I am employed in the County of San Rafael, State of California; I am over the age of eighteen years and not a party to the within cause; my business address is 1010 B Street, Suite 320, San Rafael, Ca 94901.

On September 27, 2007, I served the following document(s):

**PLAINTIFFS' RESPONSES TO ALLSTATE INSURANCE COMPANY'S FIRST SET OF SPECIAL INTERROGATORIES TO PLAINTIFFS**

in said cause, on the following interested parties:

Michael Barnes, Esq.
Sonia Martin, Esq.
SONNENSCHEIN NATH & ROSENTHAL LLP
525 Market Street, 26th Floor
San Francisco, Ca  94105

Said service was performed in the following manner:

[x]     **BY U.S. POSTAL SERVICE (Mail):** I placed such document(s) in a sealed envelope addressed as noted above, with first-class mail postage thereon fully prepaid, for collection and mailing at San Rafael, California, on this date.

[]     **BY EXPRESS MAIL SERVICE (UPS or Federal Express):** I placed such document(s) in a sealed envelope addressed as noted above, for collection and mailing by express mail service at San Rafael, California, on this date.

[]     **BY U.S. POSTAL SERVICE CERTIFIED (Mail):** I placed such document(s) in a sealed envelope addressed as noted above, with first-class mail postage and certified mail fees, plus the appropriate U.S. Certified Mail card thereon fully prepaid, for collection and mailing at San Rafael, California, on this date.

[]     **BY PERSONAL SERVICE:** I hand delivered such envelope to the address[es] listed above on this date.

[]     **BY FACSIMILE:** I transmitted said document(s) by a facsimile machine to the parties at the number(s) indicated above on this date.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct.

Executed September 27, 2007, at San Rafael, California.

Elissa Ruiz

9

Plaintiffs' Responses to Allstate Insurance Company's First Set of Special Interrogatories        Case # CV 065466

## VERIFICATION

I, the undersigned , hereby declare as follows:

I am a Plaintiff in this action.  I have read the foregoing PLAINTIFFS' RESPONSES TO

ALLSTATE INSURANCE COMPANY'S FIRST SET OF SPECIAL INTERROGATORIES

and know the contents thereof.  I am informed and believe that the matters therein are true.

I declare under penalty of perjury, under the laws of the State of California, that the

foregoing is true and correct.

Dated:                                   _M. GKF_____
                                         MAHVASH SAFAPOUR

## VERIFICATION

I, the undersigned , hereby declare as follows:

I am a Plaintiff in this action. I have read the foregoing PLAINTIFFS' RESPONSES TO

ALLSTATE INSURANCE COMPANY'S FIRST SET OF SPECIAL INTERROGATORIES

and know the contents thereof. I am informed and believe that the matters therein are true.

I declare under penalty of perjury, under the laws of the State of California, that the

foregoing is true and correct.

Dated:

_IRAJ SAFAPOUR_